# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GABRIEL LUC HADDON,               CASE NO.: 8:23-cv-00709-WFJ-SPF

     Plaintiff,

v.

FS INVESTMENTS OF AMERICA,
INC.
d/b/a POWERHOUSE
AUTOMOTIVE, a
Florida Corporation, and WESTLAKE
SERVICES, LLC d/b/a WESTLAKE
FINANCIAL SERVICES, a Foreign
Corporation,

     Defendants.

_____/

## DEFENDANT WESTLAKE SERVICES, LLC DBA WESTLAKE FINANCIAL SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT [DE 1]

Defendant Westlake Services, LLC dba Westlake Financial Services ("Westlake"), by and through its undersigned attorneys, and pursuant to FED. R. CIV. P. 8 and 12, files its Answer and Affirmative Defenses to Plaintiff Gabriel Luc Haddon's ("Plaintiff") Complaint [DE 1], and states:

### General Denial

Consistent With FED. R. CIV. P. 8(b)(3) and any other applicable rule(s) of procedure, Westlake denies all of Plaintiff's allegations in each count of the

CASE NO 8:23-cv-00709

Complaint (including, but not limited to, a denial of the averments in all paragraphs, sub-paragraphs, and the requested relief in each *ad damnum* clause), other than those allegations specifically admitted herein.

## Jurisdiction and Venue[1]

1.      The allegations in paragraph 1 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, denies the allegations and demands strict proof.

## GENERAL ALLEGATIONS

### *SYNOPSIS OF PROCEEDING*

2.      The allegations in paragraph 2 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, denies the allegations and demands strict proof.

3.      The allegations in paragraph 3 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this

---

[1] Westlake's inclusion of the Complaint's headings is strictly for ease of reference by the Court and parties.  Westlake does not admit the truth of any allegation contained within any headings or sub-headings.

CASE NO 8:23-cv-00709

Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, denies the allegations and demands strict proof.

### *ALLEGATIONS AS TO PARTIES*

4.      Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, denies the allegations and demands strict proof.

5.      The allegations in paragraph 5 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, denies the allegations and demands strict proof.

6.      Westlake lacks knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 6, denies the allegations and demands strict proof.

7.      The allegations in paragraph 7 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, denies the allegations and demands strict proof.

CASE NO 8:23-cv-00709

8.      Westlake lacks knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 8, denies the allegations and demands strict proof.

9.      The allegations in paragraph 9 set forth legal conclusions to which no response is required.   Westlake respectfully refers all conclusions of law to this Honorable Court.   To the extent a response is required, Westlake denies the allegations in paragraph 9 and demands strict proof.

### FACTUAL ALLEGATIONS
#### 1.      Purchase of Vehicle

10.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, denies the allegations and demands strict proof.

11.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, denies the allegations and demands strict proof.

12.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, denies the allegations and demands strict proof.

CASE NO 8:23-cv-00709

13.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, denies the allegations and demands strict proof.

14.     Westlake denies the allegations in paragraph 14 and demands strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "A" and demands strict proof.

15.     Westlake denies the allegations in paragraph 15 and demands strict proof.

16.     Westlake admits Plaintiff executed a Retail Installment Sales Contract ("RISC") as alleged in paragraph 16.  Westlake lacks knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in paragraph 16, denies the allegations and demands strict proof.

17.     Westlake denies the allegations in paragraph 17 and demands strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "B" and demands strict proof.

18.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, denies the allegations and demands strict proof.

19.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, denies the allegations and demands

CASE NO 8:23-cv-00709

strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "A" and demands strict proof.

20.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, denies the allegations and demands strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "B" and demands strict proof.

21.     Westlake admits it is the assignee of the RISC as alleged in paragraph 21.  Westlake denies the remaining allegations in paragraph 21 and demands strict proof.

## 2.     *Discovery of Mileage Rollback*

22.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, denies the allegations and demands strict proof.

23.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, denies the allegations and demands strict proof.

24.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, denies the allegations and demands strict proof.

CASE NO 8:23-cv-00709

25.    In response to the allegations in paragraph 25, Westlake states the document speaks for itself.

26.    In response to the allegations in paragraph 26, Westlake states the document speaks for itself.

27.    In response to the allegations in paragraph 27, Westlake states the document speaks for itself.

28.    In response to the allegations in paragraph 28, Westlake states the document speaks for itself.

29.    In response to the allegations in paragraph 29, Westlake states the document speaks for itself.

30.    In response to the allegations in paragraph 30, Westlake states the document speaks for itself.

31.    Westlake denies the allegations in paragraph 31 and demands strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "C" and demands strict proof.

32.    In response to the allegations in paragraph 32, Westlake states the document speaks for itself.  Westlake further denies the authenticity of the document attached as Exhibit "D" and demands strict proof.

CASE NO 8:23-cv-00709

33.    Westlake admits the subject vehicle was sold to Plaintiff as alleged in paragraph 33.  However, Westlake denies the remaining allegations in paragraph 33 and demands strict proof.

34.    In response to the allegations in paragraph 34, Westlake states the document speaks for itself.

35.    Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, denies the allegations and demands strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "E" and demands strict proof.

36.    Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, denies the allegations and demands strict proof.

37.    Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, denies the allegations and demands strict proof.  Westlake further denies the authenticity of the document attached as Exhibit "D" and demands strict proof thereof.

38.    Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, denies the allegations and demands strict proof.

CASE NO 8:23-cv-00709

39.     Westlake denies the allegations in paragraph 39 and demands strict proof.

40.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, denies the allegations and demands strict proof.

41.     Westlake denies the allegations in paragraph 41 and demands strict proof.

### *Finance Company Liability*

42.     The allegations in paragraph 42 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, denies the allegations and demands strict proof.

43.     In response to paragraph 43, Westlake states the document speaks for itself.

44.     The allegations in paragraph 44 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake states the statute speaks for itself.

CASE NO 8:23-cv-00709

45.     The allegations in paragraph 45 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this Honorable Court.  To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, denies the allegations and demands strict proof.

46.     Westlake lacks knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 46, denies the allegations and demands strict proof.

47.     Westlake denies the allegations in paragraph 47 and demands strict proof.

**COUNT I**
**<u>VIOLATION OF THE FEDERAL ODOMETER ACT</u>**

48.     Westlake admits Plaintiff attempts to assert a claim for violations of the Federal Odometer Act as alleged in paragraph 48, but denies that Plaintiff has alleged any such cause of action, denies that Westlake is liable to the Plaintiff, and denies Plaintiff is entitled to any relief.

49.     Westlake readopts and realleges its responses to paragraph 1 through 47 as if fully set forth herein.

50.     The allegations in paragraph 50 set forth legal conclusions to which no response is required.  Westlake respectfully refers all conclusions of law to this

CASE NO 8:23-cv-00709

Honorable Court. To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, denies the allegations and demands strict proof.

51. The allegations in paragraph 51 set forth legal conclusions to which no response is required. Westlake respectfully refers all conclusions of law to this Honorable Court. To the extent a response is required, Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, denies the allegations and demands strict proof.

52. Westlake denies the allegations in paragraph 52 and demands strict proof.

53. Westlake denies the allegations in paragraph 53 and demands strict proof.

54. Westlake denies the allegations in paragraph 54 and demands strict proof.

55. Westlake denies the allegations in paragraph 55 and demands strict proof.

56. Westlake denies the allegations in paragraph 56 and demands strict proof.

CASE NO 8:23-cv-00709

57.     Westlake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, denies the allegations and demands strict proof.

58.     The allegations in paragraph 58 do not set forth factual allegations that require a response.   To the extent a response is required, Westlake denies the allegations and demands strict proof.

Westlake denies Plaintiff is entitled to any of the relief stated in his *ad damnum* clause and demands strict proof.

**COUNT II**
**ACTION FOR FRAUD**

59.     Westlake readopts and realleges its responses to paragraphs 1 through 47 as if fully set forth herein.

60.     Westlake denies the allegations in paragraph 60 and demands strict proof.

61.     Westlake denies the allegations in paragraph 61 and demands strict proof.

62.     Westlake denies the allegations in paragraph 62 and demands strict proof.

63.     Westlake denies the allegations in paragraph 63 and demands strict proof.

CASE NO 8:23-cv-00709

64.    Westlake denies the allegations in paragraph 64 and demands strict proof.

65.    Westlake denies the allegations in paragraph 65 and demands strict proof.

Westlake denies Plaintiff is entitled to any of the relief requested in his *ad damnum* clause and demands strict proof.

## COUNT III
## ACTION FOR FRAUDULENT INDUCEMENT

66.    Westlake readopts and realleges its responses to paragraphs 1 through 47 as if fully set forth herein.

67.    Westlake denies the allegations in paragraph 67 and demands strict proof.

68.    Westlake denies the allegations in paragraph 68 and demands strict proof.

69.    Westlake denies the allegations in paragraph 69 and demands strict proof.

70.    Westlake denies the allegations in paragraph 70 and demands strict proof.

Westlake denies Plaintiff is entitled to any of the relief requested in his *ad damnum* clause and demands strict proof.

CASE NO 8:23-cv-00709

## COUNT IV
## <u>ACTION FOR BREACH OF EXPRESS WARRANTY</u>

71.     Westlake readopts and realleges its responses to paragraphs 1 through 47 as if fully set forth herein.

72.     Westlake denies the allegations in paragraph 72 and demands strict proof.

73.     Westlake denies the allegations in paragraph 73 and demands strict proof.

74.     Westlake denies the allegations in paragraph 74 and demands strict proof.

75.     Westlake denies the allegations in paragraph 75 and demands strict proof.

Westlake denies Plaintiff is entitled to any of the relief requested in his *ad damnum* clause and demands strict proof.

Westlake denies Plaintiff is entitled to a trial by jury.

## <u>AFFIRMATIVE DEFENSES</u>

1.     **Arbitration**. The Court lacks subject matter jurisdiction due to the arbitration agreement in the RISC between the parties. Westlake reserves the right to compel arbitration in this matter.

CASE NO 8:23-cv-00709

2.      **No False Representation**. Plaintiff cannot sustain a claim for fraud because Westlake did not know, nor could it have known, the Vehicle's odometer had been rolled back.  .

3.      **Failure to State a Cause of Action**. Plaintiff fails to state a claim upon which relief can be granted against Westlake.

4.      **No FTC Holder Liability.** FTC Holder Rule does not provide the Plaintiff with a basis to assert an affirmative claim against it under the facts pled. Under the circumstances Plaintiff has alleged, the FTC Holder Rule can only bar any affirmative action Westlake may take against Plaintiff.

5.      **FTC Holder Damages.** Pursuant to the FTC Holder Rule, Westlake is only liable to Plaintiff for the amounts he actually paid in the transaction.

6.      **No Article III Standing**. Plaintiff lacks Article III standing to assert the alleged claims because he did not suffer any concrete, particularized injury.

7.      **Failure to Mitigate Damages.** Plaintiff's claims are barred to the extent he failed to mitigate damages, and thus any judgment for Plaintiff must be reduced accordingly.

8.      **Barred by the United States Constitution.** The United States Constitution bars or limits the relief requested by the Plaintiff to the extent the relief unfairly subjects Westlake to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or if the relief requested

CASE NO 8:23-cv-00709

would amount to a taking, or the relief requested would be out of proportion to the alleged conduct, or if the remedy requested is unrestricted by sensible standards, or the relief requested would have an unfair economic impact on Westlake.

9. **Set Off**. Plaintiff's damages are barred in whole or in part by the doctrine of set off.

10. **Estoppel**. Plaintiff is estopped from bringing this action as the Plaintiff's own conduct and/or the conduct of third parties outside the control of Westlake resulted in his purported damages.

11. **Waiver.** Plaintiff waived the right to bring this action by virtue of his own conduct and/or the conduct of third parties outside the control of Westlake.

12. **Ratification.** Either through conduct or agreement, Plaintiff ratified Westlake's action and are barred from recovery herein.

13. **Public Policy.** Some or all of Plaintiff's claims are barred by the public policies of the United States and/or the State of Florida.

14. **Failure to Satisfy Conditions Precedent.** Plaintiff's claims are barred in whole or in part by failing to satisfy all contractual and statutory conditions precedent.

15. **Statute of Limitations.** Plaintiff's causes of action are barred by the applicable statute of limitations.

16. **Laches.** Plaintiff's causes of action are barred by the doctrine of laches.

CASE NO 8:23-cv-00709

17.     **Failure to Plead Fraud with Particularity.** Plaintiff fails to allege his claims for fraud and fraudulent inducement with specificity as required by Fed. R. Civ. P. 9(b).

18.     **Alteration of Vehicle.** Plaintiff's cause of action for breach of express warranty is barred by his alteration of the Vehicle while in his possession.

19.     **Misuse of Vehicle.** Plaintiff's cause of action for breach of express warranty is barred by his misuse of the Vehicle while in his possession.

Westlake may rely upon other defenses that become available or appear during ongoing discovery proceedings and investigation in this case and reserves the right to amend its Response to assert any such defenses.

**WHEREFORE**, Westlake prays for entry of an Order providing relief for reasonable expenses, including attorney's fees and costs, and any contractual right to attorney's fees and ordering such other relief as the Court deems just and equitable.

DATED: May 12, 2023.                    Respectfully submitted,

                                        By:     _/s/ James R. Liebler, II_____
                                                JAMES R. LIEBLER II
                                                Florida Bar No. 115348
                                                jrlii@lgplaw.com
                                                IRA SCOT SILVERSTEIN
                                                Florida Bar No. 0009636
                                                iss@lgplaw.com
                                                **Liebler, Gonzalez & Portuondo**
                                                Courthouse Tower - 25th Floor

**CASE NO 8:23-cv-00709**

44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of May, 2023, I electronically

caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I

also certify that the foregoing document is being served this day on all counsel of

record in the manner specified via transmission of Notices of Electronic Filing

generated by CM/ECF.

*/s/ James R. Liebler, II*
JAMES R. LIEBLER, II