UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-00709

GABRIEL LUC HADDON,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
Corporation, and WESTLAKE SERVICES, LLC.
d/b/a WESTLAKE FINANCIAL SERVICES,
a Foreign Corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,

    Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a
MCCOMBS FORD WEST, a Foreign
Corporation,

    Third-Party Defendant.
_____/

**MCCOMBS WEST FORD, LLC.'S, MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT AND ALTERNATIVELY MOTION TO TRANSFER VENUE**

    COMES NOW, the Third-Party Defendant, MCCOMBS WEST FORD, LLC. d/b/a MCCOMBS FORD WEST ("McCombs Ford"), by and through its

1

undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1404 moves to dismiss the Third-Party Plaintiff's Third-Party Complaint [D.E. 35] or alternatively to transfer venue to the Western District of Texas, and in support states as follows:

## PROCEDURAL POSTURE

1.　On March 30, 2023, Plaintiff, Gabriel Luc Haddon, filed suit against Third-Party Plaintiff, FS Investments of America, Inc. ("FS Investments") for alleged violation of the Federal Odometer Act, fraud, fraudulent inducement, and breach of express warranty. [D.E. 1]

2.　On January 19, 2024, FS Investments amended their Affirmative Defenses and brought this third-party action alleging common law indemnity and negligent representation against McComb Ford. [D.E. 35]

## FACTUAL BACKGROUND

Sometime in early 2020 McCombs Ford posted an online advertisement for the sale of a 2012 Ford F-150. [CITE]. On or about April 11, 2020, FS Investments purchased the vehicle from McComb Ford and put it for sale on their Hillsborough County, Florida lot. [CITE]. The Plaintiff, Mr. Haddon, purchased the vehicle from FS Investments on or about Mary 25, 2020, under the impression that the truck had approximately 131,636 miles on the odometer. [CITE]. Sometime after Mr. Haddon purchased the vehicle, he began questioning the veracity of the odometer and now claims that the odometer was rolled back without the proper notification of such rollback based on odometer disclosures listed on CARFAX and the vehicle's own

2

Texas certificate of title. [CITE]. FS Investments claims that they did not have any knowledge or information about the possible rollback when they sold the vehicle to Mr. Haddon. [CITE]. According to FS Investments, all they did was pass along McCombs' allegedly negligent milage representation to Mr. Haddon, and as such they should not be directly liable to Mr. Haddon. [CITE].

## ARGUMENT

As shown more fully below, the venue selected by the Third-Party Plaintiff is inappropriate and this matter should be dismissed. As an alternative to dismissal, this matter to should be transferred to the Western District of Texas.

1. **FS Investments Failed to Establish Proper Venue Under 28 U.S.C. 1391**

On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper. *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004). "The court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff". *Id* (citations omitted). At the same time, however, "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695

3

F.3d at 1239.

For purposes of the venue statue, the analysis focuses on relevant activities of the defendants. *Hemipherx Biopharma, Inc. v. Midsouth Capital, Inc.,* 669 F.Supp.2d 1353, 1356 (S.D.Fla. 2009) (quoting *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371-72 (11th Cir.2003)). In fact, the activities of the Defendant that the Court needs to examine are those which closely relate to the alleged wrongdoing claimed by the Third-Party Plaintiff. See *Watson v. Community Educ. Centers, Inc.*, 2011 WL 3516150 (M.D. Fla. 2011) ("Defendants' contacts may be relevant to a personal jurisdiction analysis, they are irrelevant to a venue analysis under § 1391(a)(2)"). *Id.*

In the instant action, FS Investments does not allege that McCombs Ford performed any actions in the Middle District of Florida ("Middle District"), or anywhere in Florida for that matter, relative to the claims in this case. Nor does the Plaintiff allege that McCombs had any contact with the Middle District relative to the claims in this case. According to FS Investments, and Mr. Haddon himself, the alleged milage misrepresentation and the possible milage rollback happened before the vehicle at issue even got to Florida. Whatever negligent misrepresentation is alleged to have been made by McCombs Ford, it was done in Texas when they originally listed the vehicle for sale with the wrong milage on it.

### 2. THE WESTERN DISTRICT OF TEXAS IS AN APPROPRIATE VENUE

If proper venue is established, a defendant may move to transfer the location of the venue for convenience of the parties and witnesses and in the interest of justice. 28

U.S.C. § 1404(a); *see Robinson v. Giarmarco & Bill, P. C.,* 74 F.3d 253, 260 (11th Cir.1996). The party seeking a transfer of venue has the burden to establish that the transfer is warranted. *American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.,* 55 F.Supp.2d 1347, 1351 (M.D.Fla.1999). Plaintiff's choice of forum is given substantial weight and can only be overcome when the movant shows that the interests of convenience are "strongly in favor" of the transfer. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 s. Ct. 839, 843, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, 1062 (1947); *American Aircraft Sales Int'l, Inc.,* 55 F.Supp.2d at 1351. However, courts are given broad discretion in matters of transfer to avoid unnecessary inconvenience to parties, their witnesses and the public, and to promote judicial economy. *Tampa Bay Storm v. Arena Football League,* 932 F.Supp. 281, 282 (M.D.Fla.1996).

The Eleventh Circuit has identified factors the Court should apply when considering a § 1404 motion to transfer. These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir.2005).

In the instant case all relevant witnesses and evidence of any alleged manipulation of the relevant vehicle's odometer are located in Texas. The subject

vehicle was not transferred to Florida until after it was purchased by FS Investments, and all relevant maintenance and title history exists in Texas. Additionally, FS Investments claims that they simply transmitted McCombs Ford's allegedly negligent representation to Mr. Haddon, but fail to highlight that such representation was allegedly made by McCombs Ford *in* Texas. As such, Texas law should apply and the Western District of Texas is best positioned to interpret Texas law. Under the totality of the circumstances, the Western District of Texas is the most convenient forum without causing any prejudice to the other parties.

## CONCLUSION

Based on the above record, the Middle District of Florida is a completely improper venue for this action. McCombs Ford has affirmatively established that the Western District of Texas is the most appropriate venue for this matter based on the *Manuel v. Convergys Corp.* standard set forth supra. Even if this Court finds that the Western District of Texas is not the best venue for this matter, the matter must be dismissed from the Middle District of Florida because the Middle District is undeniably the wrong venue for this case.

Dated: February 16, 2024.

By: */s/ Edward R. Nicklaus, Esq.*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**NICOLAS TORRES, ESQ.**
Florida Bar No.: 1003242
nicolast@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Third-Party Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF this 16th day of February, 2024.

                                        **NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Backer*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
edwardn@nicklauslaw.com
nicolast@nicklauslaw.com

By: */s/ Edward R. Nicklaus, Esq.*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**NICOLAS TORRES, ESQ.**
Florida Bar No.: 1003242
nicolast@nicklauslaw.com