UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| GABRIEL LUC HADDON, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation,<br><br>    Defendants.<br>_____/<br><br>**GABRIEL LUC HADDON**, an individual,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>**MCCOMBS WEST FORD, LLC**, d/b/a MCCOMBS FORD WEST, a foreign corporation,<br><br>    Third-Party Defendant.<br>_____/ | Case No. 8:23-cv-00709 |

**THIRD-PARTY PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS AND ALTERNATIVELY MOTION TO TRANSFER VENUE OF THIRD-PARTY DEFENDANT**

Third-party plaintiff, FS Investments of America, Inc. ("FS Investments"), by and through the undersigned counsel, hereby responds to the *Motion to Dismiss Third-*

*Party Plaintiff's Third-Party Complaint and Alternatively Motion to Transfer Venue* [D.E. 42] (the "Motion to Transfer") filed by third-party defendant, McCombs West Ford, LLC ("McCombs"), stating the following:

## A. INTRODUCTION

First, as a third-party defendant impleaded by a third-party complaint that is ancillary to the original action, and because venue in this Court is proper for the original action, McCombs does not have standing to argue improper venue under 28 U.S. Code § 1391. Second, McCombs failed to address five of the nine required factors for a transfer of this action under 28 U.S.C. § 1404(a), and as to the factors that it did cover, its arguments are deficient or misplaced. Third, McCombs failed to comply with the conferral and certification requirements of Local Rule 3.01(g). Accordingly, as covered in more detail below, this Court should deny the Motion to Transfer.

## B. LEGAL STANDARD

### I. Appropriateness of Venue

Once venue is proper in the original action, a third-party defendant who is impleaded into the action may not assert a defense of improper venue under 28 U.S. Code § 1391. The inability to assert the defense exists even though the third-party claim would require a different venue if filed independently. *See Givens v. Banner Bank*, 2018 WL 11471567, at *2 (N.D. Cal. Aug. 14, 2018) ("[W]hen a third-party defendant is brought into an existing lawsuit, the resulting action is ancillary to the primary action, and the requirements of § 1391 apply only to the primary action."); *Thornapple*

Page **2** of **15**

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  T. 786.822.3700  F. 305.448.4155  **ArmstrongTeasdale.com**

*Associates, Inc. v. Izadpanah*, 2014 WL 4925838, at *7 (E.D. Va. Sept. 30, 2014) ("[I]f venue is proper for the original action, an independent basis of venue for third-party claims is not required. . . . Accordingly, third-party defendants have no standing to raise a defense that venue is improper."); *Odette v. Shearson, Hammill & Co., Inc.*, 394 F. Supp. 946, 951–52 (S.D.N.Y. 1975) ("There is a line of authorities holding that if venue is properly laid in the principal action, a third-party defendant impleaded under Rule 14(a) may not successfully raise the defense that venue would be improper in an original action by the third-party plaintiff against the third-party defendant."); *Gore v. United States*, 171 F. Supp. 136, 138 (D. Mass. 1959) ("A third-party proceeding under Rule 14. . . is ancillary to the main proceeding and venue may depend on the venue in the main proceeding, even though the venue would not be proper if the third-party claim were being asserted in an original proceeding.").

If 28 U.S. Code § 1391 were available to third-party defendants, it would substantially undermine the purpose of the Rules of Civil Procedure. The purpose of the Rules is to "simplify and expedite procedure[,]" and the purpose of Rule 14 is "to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy." *Odette*, 394 F. Supp. 952. Litigating ancillary cases in two separate courts undoubtedly defeats these purposes. *See id.*; *Thornapple Associates, Inc.*, 2014 WL 4925838, at *7.

## II. <u>Transfers of Venue</u>

For a case to be transferred pursuant to 28 U.S.C. § 1404(a), the movant must establish that, (1), the action could have been brought in the transferee court, (2), a

transfer is in the convenience of the witnesses and parties, and (3), a transfer serves the interest of justice. To satisfy the second element, the movant must show that the "balance of the conveniences is *strongly* in favor of the transfer." *Operating Sys. Sols., LLC v. Apple Inc.*, 2012 WL 12906518, at *1 (M.D. Fla. Jan. 30, 2012) ("In other words, [plaintiff's] choice of forum should not be disturbed unless [defendant] can demonstrate that [plaintiff's] choice of forum is clearly outweighed by other considerations.") (original emphasis).

When considering whether the balance of the conveniences of the witnesses and parties is "strongly" in favor of the transfer, courts consider the following nine factors:

1. the convenience of the witnesses;
2. the availability of compulsory process for witnesses;
3. the convenience of the parties;
4. the location of relevant documents and the relative ease of access to sources of proof;
5. the relative means of the parties;
6. a forum's familiarity with the governing law;
7. the locus of operative facts;
8. plaintiff's initial choice of forum; and
9. trial efficiency and the interest of justice.

*See Operating Sys. Sols., LLC*, 2012 WL 12906518, at *2; *Combs v. Florida Dep't of Corr.*, 461 F. Supp. 3d 1203, 1207 (N.D. Fla. 2020).

"The decision to transfer venue is within the discretion of the trial court, and each case should be decided on the particular facts." *Anthony Sterling, M.D. v. Provident Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1195, 1204 (M.D. Fla. 2007).

C. **ARGUMENTS**

    I. **McCombs Has No Standing to Challenge Venue Under 28 U.S.C. § 1391**

McCombs does not dispute, nor can it do so, that it is a third-party defendant impleaded by a third-party complaint that is ancillary to the original action, or that the Middle District of Florida is a proper venue for the original action. (Mot. to Transfer [D.E. 42].) The Third-Party Complaint, which FS Investments filed in accordance with Rule 14, alleges common law indemnity and negligent misrepresentation against McCombs. (*See* Mot. for Leave to File [D.E. 32]; Third-Party Compl. [D.E. 35].). These claims are so related to the claims in the original action that they form part of the same case or controversy therein. (*Compare* Complaint [D.E. 1] *with* Third-Party Complaint [D.E. 35]). Moreover, FS Investments' place of business, where plaintiff Gabriel Haddon purchased the vehicle at issue (the "Vehicle"), is located in Tampa, Florida, and Haddon is a Florida resident. Venue for the Complaint is therefore proper in the Middle District of Florida. *See* 28 U.S. Code §§ 1391(b)(1)(2).

Based on the foregoing, McCombs has no standing to argue improper venue under 28 U.S. Code § 1391(b)(2). Therefore, its claims that McCombs listed the Vehicle for sale in Texas, and that FS Investments does not allege that McCombs committed any act in Florida, should not be considered by the Court. (*See* § D.I. *supra*.)[1]

---

[1] Notably, McCombs alleges that FS Investments does not identity any contacts of McCombs to Florida, but it does not contest personal jurisdiction. To the extent that MCombs at oral argument claims that it is contesting personal jurisdiction (which it clearly does not), and this Court entertains

## II. The Interest of Justice and Conveniences of the Witnesses and Parties Weigh Against Transferring This Action to the Western District of Texas

Although contrary to the principals of judicial economy, FS Investments does not dispute that its claims against McCombs could have been filed in the Western District of Texas. (McCombs' place of business is located in San Antonio, Texas, which is located within the Western District of Texas.) However, as covered below, the interest of justice and balancing the conveniences of the witnesses and parties demonstrate that this case should not be transferred to the Western District of Texas.

### i. *The Convenience of Witnesses Weighs Against Transfer*

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *See Combs*, 461 F. Supp. 3d 1208 (citing *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010)). "[I]t is not so much the convenience of the witnesses but the possibility of having their testimony at trial that is important." *Dale v. United States*, 846 F. Supp. 2d 1256, 1257–58 (M.D. Fla. 2012).

A party seeking to transfer venue on this factor must provide, (1), a list of the key witnesses, where they reside, a summary of their testimony, and the reason their testimony is material; (2), the specific nature and extent of the inconvenience faced by the respective witnesses, and how the transfer would ameliorate this inconvenience;

---

this position (which it should not), that contention would be futile. *See, e.g.*, *Cincinnati Specialty Underwriters Ins. Co. v. Code 3 Sec. & Prot. Services, Inc*, 2016 WL 2759152, at *1 (M.D. Fla. May 12, 2016) (In dismissing third-party defendant's lack of personal jurisdiction argument, the court stated, "[a]ccording to binding precedent interpreting the Federal Rules of Civil Procedure, a third-party cause of action falls within a court's ancillary jurisdiction and thus does not require independent jurisdictional grounds to be heard in federal court.").

Page **6** of **15**

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  **T.** 786.822.3700 **F.** 305.448.4155  **ArmstrongTeasdale.com**

(3), whether the witnesses can be compelled to testify in the current and preferred forums; (4), whether some other mechanism—such as videotaped deposition testimony—could be utilized instead; and (5), whether a transfer to the movant's preferred district or division would create substantial inconvenience for other key witnesses. *See Combs*, 461 F. Supp. 3d 1208. Therefore, "vague statements about the convenience of unknown and unnamed witnesses [are] insufficient to convince a court to transfer venue." *Combs*, 461 F. Supp. 3d 1209 (citing *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996)).

McCombs merely makes the following vague statement with regard to the convenience of witnesses factor: "all relevant witnesses. . . of any alleged manipulation of the relevant vehicle's odometer are located in Texas."[2] This statement fails to demonstrate that the convenience of the witnesses factors requires the transfer of this case.

On the other hand, transferring the case to the Western District of Texas would create a substantial inconvenience for Haddon and Frank Strusberg, the principal of FS Investments. Haddon and Strusberg reside in Florida and are key witnesses in this case. For example, Strusberg is the person who purchased the Vehicle from McCombs and sold the Vehicle to Haddon. Haddon's and Strusberg's testimony will concern the information on the mileage of the Vehicle that they knew and shared during their

---

[2] The testimony of any witnesses of McCombs should not focus on the manipulation of the Vehicle's odometer. The Third-Party Complaint alleges that McCombs had knowledge of the Vehicle's inaccurate odometer and omitted the same from FS Investments, not that McCombs manipulated this odometer. (Third-Party Complaint [D.E. 35].)

Page **7** of **15**

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  T. 786.822.3700 F. 305.448.4155  **ArmstrongTeasdale.com**

respective interactions regarding this Vehicle, which lies at the core of their respective claims and defenses. Additionally, unlike McCombs who operates a major Ford authorized dealership, Strusberg operates a small used car dealership through FS Investments, and, upon information and believe, Haddon does not have the financial means to travel to Texas. Therefore, traveling to Texas would impose a significant financial hardship upon Haddon and Strusberg. The convenience of witnesses factor clearly weighs against transferring this case.

### ii. The Availability of Compulsory Process for Witnesses Does Not Support Transferring this Case

McCombs has not identified any unwilling witnesses who could be compelled to attend trial in Texas, but who otherwise could not be compelled to attend trial in Florida. This factor, therefore, offers McCombs no support for its Motion to Transfer.

### iii. The Convenience of the Parties Weighs Against Transfer

The convenience of the parties concerns, "among other things, the appearance of employees at court, and, to some extent, the appearance of counsel." *Combs*, 461 F. Supp. 3d 1211 (citing *Trinity Christian Ctr. of Santa Ana, Inc.*, 761 F. Supp. 2d at 1328.) McCombs does not address this factor in the Motion to Transfer. [Mot. to Transfer [D.E. 42].) McCombs therefore fails to demonstrate that the convenience of the parties requires transferring this case.

Haddon is a Florida resident, and FS Investments' business and employees are located in Florida. Forcing these parties to appear in Texas would cause them a substantial financial hardship. This burden not shared by McCombs as it operates a

major Ford authorized dealership. Therefore, the convenience of the parties factors weighs against transferring this case.

### iv. *The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Weigh Against Transfer*

Because most records and documents can be stored and transmitted electronically, courts provide little weight to the location of relevant documents and relative ease of access to sources of proof factors. *See Canatelo, LLC v. Bosch Sec. Sys., Inc.*, 959 F. Supp. 2d 220, 224 (D.P.R. 2013). To establish that this factor favor transferring the case, "the movant must establish the location of the documents or pieces of evidence, their importance to the resolution of the case, and the inability to move or copy them easily." *Combs*, 461 F. Supp. 3d 1210–11.

In the Motion to Transfer, McCombs merely states that "all relevant. . . evidence of any alleged manipulation of the relevant vehicle's odometer are located in Texas." (Mot. to Transfer at 5 [D.E. 42].) This statement fails to demonstrate that the location of relevant documents and relative ease of access to sources of proof require the transfer of this case.

As acknowledged by McCombs, the Vehicle is located in Florida. (Mot. to Transfer at 6 [D.E. 42].) McCombs also cannot claim that it is unable to electronically produce records as it produced its records on the Vehicle via e-mail to FS Investments in response to FS Investments' subpoena. Therefore, the location and access to the evidence factors weigh against transferring this case.

      *v.* <u>*The Relative Means of the Parties Weighs Against Transfer*</u>

  McCombs does not address the relative means of the parties in the Motion to Transfer. Nonetheless, this factor weighs against transferring this case. Strusberg operates a small used car dealership through FS Investments, while McCombs operates a certified Ford dealership in San Antonio, Texas. In its website, it states that it is the "No. 1 Certified Pre-Owned Ford dealer in the region for the past several years" and ranked "6th nationally for Certified Pre-Owned Ford sales." (McCombs Ford West, About Us, https://www.mccombsfordwest.com/aboutus.aspx. (last visited Mar. 3, 2024).) Accordingly, FS Investments does not have the financial means to litigate in Texas, but McCombs has the financial means to litigate in Florida. Therefore, the relative means of the parties weighs against transferring this case.

      *vi.* <u>*A Forum's Familiarity with the Governing Law Weights Against Transfer*</u>

  "The forum's familiarity with the governing law is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." *Trans Am Worldwide, LLC v. JP Superior Sols., LLC*, 2018 WL 3090394, at *10 (N.D. Fla. Apr. 30, 2018). A reason for the lack of importance is that district courts are competent to apply the laws of other districts or states. *See id.*; *Mirasco, Inc. v. Ghaly*, 2017 WL 4890540, at *4 (N.D. Ga. May 30, 2017).

  McCombs claims that the governing law supports transferring this case because McCombs alleged misrepresentation occurred in Texas and "[a]s such, Texas law should apply and the Western District of Texas is best positioned to interpret Texas

law." (Mot. to Transfer at 6 [D.E. 42].) First, this Court is equally competent as the Western District of Texas to interpret and apply Texas law. Second, only alleging that any misrepresentation of McCombs occurred in Texas is insufficient to establish that Texas law applies. McCombs first must identify a conflict between the laws of Florida and Texas, and then establish that Texas law applies pursuant to the "most significant relationship test." *See, e.g., Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1299 (S.D. Fla. 2017) (The most significant relationship test covers "four types of contacts to determine which state has the most significant relationship to the matter: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered.").

To the extent that there is a conflict between Texas and Florida law, Florida law applies to this action because, (1), Haddon is a Florida resident; (2), FS Investments is incorporated in Florida; (3), FS Investments' place of business is in Florida; and (4), FS Investments' damages occurred in Florida. *See id* at 1299-300 ("[T]he first contact [i.e., the place where the injury occurred] is generally the most important, as 'absent special circumstances, [t]he state where the injury occurred would. . . be the decisive consideration in determining the applicable choice of law.'"). Accordingly, the forum's familiarity with the governing law factor weighs against transferring this case.

### vii. *Locus of Operative Facts Weighs Against Transfer*

"To determine the locus of operative facts, courts look to where the events from which the claim arises occurred." *Combs*, 461 F. Supp. 3d 1211-12. However, "when there are multiple loci of operative facts and no single locus is primary in this respect, courts treat this factor neutral in the Section 1404(a) analysis." *Id*.

McCombs alleges that any misrepresentation committed by it occurred in Texas. (Mot. to Transfer at 6 [D.E. 42].) However, McCombs omits that FS Investments purchased the Vehicle in Florida, sold this vehicle to Haddon in Florida, and suffered damages due to McCombs' misrepresentations in Florida. Therefore, the locus operative facts factor weighs against transfer.

> ### viii.   FS Investments' Initial Choice of Forum Weighs Heavily Against Transfer

A basic principle under section 1404(a) is that the plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Operating Sys. Sols.*, 2012 WL 12906518, at *2 (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). Moreover, "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." *Trans Am Worldwide, LLC,* 2018 WL 3090394, at *10; *see also Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1096 (D. Or. 2016) ("The plaintiff's choice of forum is especially given deference where the plaintiff is a resident of the forum in which the action is brought.").

As demonstrated above, McCombs failed to provide any consideration that would permit this Court to deny FS Investments its choice of forum. Accordingly, FS Investments' initial choice of forum weighs heavily against transfer.

### ix. *Trial Efficiency and Interest of Justice Weigh Against Transfer*

In evaluating trial efficiency and the interest of justice, courts consider, among other things, (a), where the action is more likely to be expeditiously and efficiently litigated, (b), judicial economy and docket congestion in the competing districts or divisions, and (c), the relationship of each community to the controversy. *See Combs*, 461 F. Supp. 3d 1215.

The trial efficiency and the interest of justice weigh against transfer. First, the action is more likely to be expeditiously and efficiently litigated in the Middle District, and judicial economy favors this district. Haddon, FS Investments, and McCombs are all subject to this Court's Amended Case Management and Scheduling Order, for which deadlines are near and compels the parties to litigate expeditiously. Further, all of the parties appearing in a single action that involves ancillary claims promotes settlement and consistency of rulings. Finally, the claims of the parties concern allegations of fraud and misrepresentation in a used car transaction between automotive dealerships (one located in Florida) and a Florida resident. The public in Florida has a substantial interest in the resolution of this case, whereas Texas residents do not have any interest. McCombs did not address the trial efficiency and interest of justice in its Motion to Transfer. Therefore, trial efficiency and interest of justice weigh against transfer.

### III.  McCombs Failed to Comply with Local Rule 3.01(g)

Local Rule 3.01(g) requires that except for motions for injunctive relief, for judgment on the pleadings, and for summary judgment, all motions include a certification stating that the movant conferred with the opposing party and the result from that conferral. (Local Rule 3.01(g)(2).) The Motion to Transfer does not include this certification, and therefore should be denied because of its noncompliance. *See, e.g.*, *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2021 WL 1238405, at *1 (M.D. Fla. Apr. 3, 2021) ("The Court denies the Motion [to Dismiss] for failure to comply with Local Rule 3.01(g).").

### D. CONCLUSION

Wherefore, third-party plaintiff, FS Investments of America, Inc., respectfully requests that the Court deny the *Motion to Dismiss Third-Party Plaintiff's Third-Party Complaint and Alternatively Motion to Transfer Venue* filed by third-party defendant, McCombs West Ford, LLC, and grant any other relief that the Court deems just and proper.

Dated March 4, 2024.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 448-4155

By: /s/ *Jose A. Peralta, Esq.*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to every counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on March 4, 2024.

    /s/ *Jose A. Peralta*
    Jose A. Peralta, Esq.