UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-00709

GABRIEL LUC HADDON,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida Corporation, and WESTLAKE SERVICES, LLC. d/b/a WESTLAKE FINANCIAL SERVICES, a Foreign Corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,

    Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a MCCOMBS FORD WEST, a Foreign Corporation,

    Third-Party Defendant.
_____/

**MCCOMBS WEST FORD, LLC.'S, MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT AND ALTERNATIVELY MOTION TO TRANSFER VENUE**

COMES NOW, the Third-Party Defendant, MCCOMBS WEST FORD, LLC. d/b/a MCCOMBS FORD WEST ("McCombs Ford"), by and through its

undersigned counsel, and pursuant to the Court's Endorsed Order [D.E. 45] files this Reply to Third-Party Plaintiff's Response as follows:

In their Response to McCombs Ford's Motion, FS Investments claims that third-party defendants lack standing to challenge venue in underlying cases, which is only partially correct. While courts in this Circuit have held that venue statutes are inapplicable to third-party proceedings, they have done so because those third-party proceedings were ancillary to the main action. See *Middlesworth v. Kansas City Athletics Div. of Chas. O. Finley*, 293 F. Supp. 296 (S.D. Fla. 1968) ("Moreover, venue statutes have been held to be inapplicable to third party proceedings since they are ancillary to the main action").

Unlike FS Investments contention that all venue related defenses are automatically closed off to third-party defendants simply for being third-party defendants, the Court's decision to exercise ancillary, or 'pendent', venue is discretionary. See *Vivant Pharm., LLC v. Clinical Formula*, LLC, 10-21537-CIV, 2011 WL 1303218 (S.D. Fla. Mar. 31, 2011) ("The decision to exercise pendent venue is a matter of judicial discretion that only follows the court's consideration of factors such as judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants").

Furthermore, in deciding whether to invoke pendent venue, a district court must consider the same factors that bear on economy and convenience as in deciding whether to exercise pendent jurisdiction: whether the pendent and principal claims arise out of a common nucleus of operative fact, whether they present common issues

of proof, and whether they involve the same witnesses. *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144 (D.D.C. 2008).

Here, while there is clear and obvious overlap between the underlying complaint and the third-party action, each case constitutes distinct causes of actions and not just different theories of recovery for a since cause of action. In the underlying complaint, the Plaintiff has to satisfy the Federal Odometer Act's intent element as to FS Investments. This is a distinct element that is not present in any of FS Investments two causes of action against McCombs Ford. While both cases relate to a single vehicle, the transaction between McCombs Ford and FS Investment is distinct from that between the Plaintiff and FS Investments.

While McCombs Ford was unable to find any cases that are fully on point, there are examples where the court refuses to exercise supplemental jurisdiction where movants ask the court to extend it over state claims even where venue and jurisdiction are otherwise proper. *Cochran v. Marlton Auto Credit*, 933 F. Supp. 2d 697 (E.D. Pa. 2013) (Court lacked supplemental jurisdiction to hear debtor's state law claims against non-diverse repossession services provider for violations of Pennsylvania's Uniform Commercial Code (UCC), and Pennsylvania Motor Vehicles Sales Finance Act, even though debtor alleged federal claims against another repossession services provider based on an extension of credit from the same entity with the same vehicle used as collateral, where the providers were not identical, and the claims arose out of two separate instances of repossession that occurred over a year and half apart).

Dated: March 13, 2024

By: /s/ Edward R. Nicklaus, Esq.
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**NICOLAS TORRES, ESQ.**
Florida Bar No.: 1003242
nicolast@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Third-Party Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF this 16th day of February, 2024.

**NICKLAUS & ASSOCIATES, P.A.**

*Attorneys for Backer*

4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
edwardn@nicklauslaw.com
nicolast@nicklauslaw.com

By: /s/ Edward R. Nicklaus, Esq.
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**NICOLAS TORRES, ESQ.**
Florida Bar No.: 1003242
nicolast@nicklauslaw.com