## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| GABRIEL LUC HADDON, an individual, | Case No. 8:23-cv-00709 |
| Plaintiff, | |
| vs. | |
| FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation, | |
| Defendants. _____/ | |
| **GABRIEL LUC HADDON**, an individual, | |
| Third-Party Plaintiff, | |
| vs. | |
| **MCCOMBS WEST FORD, LLC**, d/b/a MCCOMBS FORD WEST, a foreign corporation, | |
| Third-Party Defendant. _____/ | |

### THIRD-PARTY PLAINTIFF'S MOTION TO STRIKE THIRD-PARTY DEFENDANT'S AFFIRMATIVE DEFENSES

Third-party plaintiff, FS Investments of America, Inc. ("FS Investments"), by and through the undersigned counsel, hereby moves to strike the Affirmative Defenses

to the Third-Party Complaint of third-party defendant, McCombs West Ford, LLC ("McCombs"), stating the following:

### A. **INTRODUCTION**

McCombs filed nine (9) Affirmative Defenses in response to Powerhouse's Third-Party Complaint. However, defenses 1, 3, 4, and 7 are merely denials, and defense number 6 is impermissibly conclusory. Accordingly, this Court should strike these Affirmative Defenses. (A copy of McCombs' Affirmative Defenses [DE 48] is annexed hereto as **Exhibit A**.)

### B. **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient as a matter of law if, "on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Gomez v. Bird Auto, LLC*, 411 F. Supp. 3d 1332, 1334–35 (S.D. Fla. 2019). "Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints." *Id*. In other words, a defendant must allege some additional facts supporting the affirmative defense—bare-bones

Page **2** of **5**

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  **T.** 786.822.3700 **F.** 305.675.3605  **ArmstrongTeasdale.com**

conclusory allegations are insufficient. *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010).

## C. ARGUMENTS

### I. This Court Should Strike McCombs' Affirmative Defenses 1, 3, 4, 6. and 7 Because They are Insufficiently Pled

McCombs' Affirmative Defenses 1, 3, 4, 6, and 7 are as follows:

> **1. No Special Relationship:** There is no special relationship between McCombs Ford and FS Investments that can be characterized as conferring vicarious, constrictive, derivative, or technical liability onto McCombs Ford.
>
> **3. No Duty or Breach:** McCombs Ford owed no duty to FS Investments, or if a duty existed McCombs Ford never breach said duty.
>
> **4. No Intent to Defraud:** Any all representations made by McCombs Ford were made to the best of their knowledge and not with any intend to defraud, mislead, confuse, or otherwise entice FS Investments.
>
> **6. Estoppel:** FS Investments is estopped from bringing this cause of action against McCombs Ford as its own conduct resulted in the alleged damages claimed.
>
> **7. Laches:** FS Investments' claims are barred by the doctrine of laches.

**_First_**, it is not clear the count in the Third-Party Complaint to which these defenses are directed. *See Cano*, 2010 WL 326052, at *1 (striking affirmative defenses because they "fail[] to identify which count of the two-count complaint it is being asserted against, leaving Plaintiffs unable to determine which of the affirmative defenses are being asserted as to which count."). **_Second_**, these Affirmative Defenses are bare-bones conclusory allegations and thus deficient. And **_third_**, Affirmative Defenses 1, 3, and 4 are merely denials of the allegations in Counts I and II of the

Third-Party Complaint. Accordingly, this Court should strike McCombs' Affirmative Defenses 1, 3, 4, 6, and 7.

### D. CONCLUSION

Wherefore, third-party plaintiff, FS Investments of America, Inc., respectfully requests that the Court enter an order striking Affirmative Defenses 1, 3, 4, 6, and 7 of third-party defendant, McCombs West Ford, LLC, and granting any other relief as this Court deems just and proper.

Dated April 24, 2024.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 675-3605

By: /s/ *Jose A. Peralta, Esq.*
Keith D. Silverstein, Esq.
Fla. Bar No. 086820
ksilverstein@atllp.com
Jose A. Peralta, Esq.
Fla. Bar No. 1028554
jperalta@atllp.com
**FOR SERVICE:**
miamiefiling@atllp.com

### LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g)(1), the undersign hereby certifies that he attempted to confer with McCombs' counsel in good faith via e-mail on April 24, 2024, but counsel stated that he needed more time to consider FS Investments' objections.

Therefore, for the next three days, the undersigned will attempt to contact Plaintiff's counsel after the filing of this Motion in an effort to resolve the same without this Court's intervention, and afterward, supplement this Motion with the result of this attempt as required by Local Rule 3.1(g)(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to every counsel of record via transmission of notices of electronic filing generated by CM/ECF on April 24, 2024.

/s/ *Jose A. Peralta*
Jose A. Peralta, Esq.