# Exhibit A
*McCombs' Answer and Affirmative Defenses*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-00709

GABRIEL LUC HADDON,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
Corporation, and WESTLAKE SERVICES, LLC.
d/b/a WESTLAKE FINANCIAL SERVICES,
a Foreign Corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,

    Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a
MCCOMBS FORD WEST, a Foreign
Corporation,

    Third-Party Defendant.
_____/

**MCCOMBS WEST FORD, LLC.'S, ANSWER AND AFFIRMATIVE**
**DEFENSES TO THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT**

COMES NOW, the Third-Party Defendant, MCCOMBS WEST FORD, LLC. d/b/a MCCOMBS FORD WEST ("McCombs Ford"), by and through its

undersigned counsel, and hereby files its Answer and Affirmative Defenses to Third-Party Plaintiff's Third-Party Complaint [D.E. 35], and in support states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Without knowledge, therefore, denied.

2. Without knowledge, therefore, denied.

3. Admit.

4. Admit.

5. The Court has determined Venue is proper.

6. Admit.

7. Admit.

8. Without knowledge, therefore, denied.

9. Admit that McCombs Ford reviewed the vehicle's Certificate of Title, but denied to all other allegations.

10. Without knowledge, therefore, denied.

11. Without knowledge, therefore, denied.

12. Without knowledge, therefore, denied.

13. Without knowledge, therefore, denied.

## CONDITIONS PRECEDENT AND ATTORNEYS' FEES

14. Denied.

15. Admit to the extent that said firm has entered an appearance on behalf of FS Investments. Without knowledge as to any financial agreement between the firm and FS Investments, therefore, denied.

## COUNT I: COMMON LAW INDEMNITY

16. McCombs Ford re-alleges its responses in paragraphs 1 through 15 as if fully stated herein.

17. Denied.

18. Without knowledge, therefore, denied.

19. Admit that Haddon is suing FS Investments for damages related to FS Investments' milage representation to Haddon.

20. Denied.

21. Denied.

22. Denied.

## COUNT II: NEGLIGENT MISREPRESENTATION

23. McCombs Ford re-alleges its responses in paragraphs 1 through 15 as if fully stated herein.

24. Denied.

25. Without knowledge, therefore, denied.

26. Denied.

27. Denied.

28. Denied.

## MCCOMBS FORD'S AFFIRMATIVE DEFENSES

1. **No Special Relationship:** There is no special relationship between McCombs Ford and FS Investments that can be characterized as conferring vicarious, constrictive, derivative, or technical liability onto McCombs Ford.

2. **Statute of Limitations:** This third-party action is barred by the timing limitations imposed by 49 U.S. Code § 32710.

3. **No Duty or Breach:** McCombs Ford owed no duty to FS Investments, or if a duty existed McCombs Ford never breach said duty.

4. **No Intent to Defraud:** Any all representations made by McCombs Ford were made to the best of their knowledge and not with any intend to defraud, mislead, confuse, or otherwise entice FS Investments.

5. **Independent Tort Doctrine:** Count II of the relevant Third-Party Complaint against McCombs Ford fails under the Independent Tort Doctrine.

6. **Estoppel:** FS Investments is estopped from bringing this cause of action against McCombs Ford as its own conduct resulted in the alleged damages claimed.

7. **Laches:** FS Investments' claims are barred by the doctrine of laches.

8. **Comparative Negligence:** FS Investments conduct contributed, in whole or in part, to the alleged damages claimed and must be reduced in proportion to FS Investments own percentage of fault.

9. **Set Off:** FS Investments' damages, if any, must be reduced, in whole or in part, based on the doctrine of set off.

10. **Failure to Mitigate:** FS Investments was in a position to verify the vehicle's milage prior to advertising and selling the vehicle with the same allegedly false representations they bought it under.

11. **Unclean Hands:** FS Investments knew or should have known that the representations it made to Gabriel Luc Haddon were false and still communicated those same allegedly false representations in an effort to mislead Gabriel Luc Haddon.

## RESERVATION OF RIGHTS

McCombs Ford reserves the right to plead additional affirmative defenses and to amend their answer as more information becomes known as this case develops.

## DEMAND FOR JURY TRIAL

McCombs Ford demands a trial by jury on all issues triable by jury.

Dated: April 2, 2024.

    Respectfully submitted by,

**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for McCombs Ford*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889

By: */s/ Nicolas Torres, Esq.*
**NICOLAS TORRES, ESQ.**
Florida Bar No.: 1004232
nicolast@nicklauslaw.com
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF this 2nd day of April, 2024.

Respectfully submitted by,

**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for McCombs Ford*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889

By: */s/ Nicolas Torres, Esq.*
**NICOLAS TORRES, ESQ.**
Florida Bar No.: 1004232
nicolast@nicklauslaw.com
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com