# EXHIBIT A

 **Gmail**

Joshua Feygin <josh@jfeyginesq.com>

---

## Haddon v Powerhouse, et. al. - Plaintiff's Service of Initial Discovery

**Joshua Feygin** <josh@jfeyginesq.com>                                        Tue, Jun 6, 2023 at 6:33 PM
To: "Keith D. Silverstein" <ksilverstein@atllp.com>, "James R. Liebler" <JRLII@lgplaw.com>
Cc: Nancy Torres-Curiel <NTorres-Curiel@atllp.com>, "Ira S. Silverstein" <iss@lgplaw.com>, Ira Silver <silver-silver@msn.com>, "Jose A. Peralta" <JPeralta@atllp.com>

### TO:  COUNSEL OF RECORD:


### RE:  SERVICE OF COURT DOCUMENT(S):

| | |
|---|---|
| **TO:** | **Keith Silverstein, Esq.** |
| **COURT:** | **United States District Court, Middle District of Florida** |
| **CASE #:** | **8:23-cv-00709-WFJ-SPF** |
| **CASE STYLE:** | **Haddon v. FS Investments of America, Inc. et. al** |
| **FILER:** | **Joshua Feygin, Esq., 954-228-5674** |
| **DOCUMENT TITLE:** | 1. **Plaintiff's First Set of Requests for Production (Powerhouse);** <br> 2. **Plaintiff's First Set of Interrogatory Requests (Powerhouse); and,** <br> 3. **Plaintiff's First Set of Requests for Admissions (Powerhouse).** |


**NOTE: As a result of the Covid-19 pandemic, we are currently working remotely which presents certain challenges to our efficiency.  We will reply to you as soon as possible.  As always, e-mail continues to be the quickest way of reaching our Firm.  We appreciate your patience and understanding in these troublesome times.**


## Joshua Feygin, Esq.
Attorney At Law*

**Joshua Feygin, PLLC**
P: 954.228.5674
F: 954.697.0357
A: 1930 Harrison Street
   Suite 208F

Hollywood, FL 33020
(**NOTE**: By appointment only)

W: www.jfeyginesq.com

E: josh@jfeyginesq.com

*Admitted to practice in Florida, Vermont and Washington D.C.*





**NO CLIENT RELATIONSHIP**: *Communication with an attorney or staff member at Joshua Feygin, PLLC does not by itself create an attorney-client relationship or constitute the provision or receipt of legal advice. Any communication from this law firm should be considered informational only, and should not be relied or acted upon until a formal attorney-client relationship is established by formal written agreement.*

**3 attachments**

 **Request for Production #1 - Haddon.pdf**
137K

📄 **Rog 1 Haddon finrev.pdf**
496K

📄 **RFA 1 Haddon finrev.pdf**
491K

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

      Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

      Defendants.
_____/


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FS INVESTMENTS OF AMERICA, INC
### (Vehicle Purchase and Sale Documents)

TO:   FS INVESTMENTS OF AMERICA, INC
       c/o Keith D. Silverstein, Esq.
       ksilverstein@atllp.com
       Armstrong Teasdale LLP
       355 Alhambra Circle, Suite 1250
       Coral Gables, FL 33134

      Plaintiff, Gabriel Luc Haddon, an individual ("Mr. Haddon"), pursuant to

Rule 33, Federal Rules of Civil Procedure, requests Defendant, FS

INVESTMENTS OF AMERICA, INC., a Florida corporation, to produce at the

Law Office of SUE YOUR DEALER – A LAW FIRM, Esquire, 1930 Harrison

Street, Hollywood, Florida 33020, within the time period provided in said Rule

for inspection, examination, and copying of the following described documents:

## I.   **DEFINITIONS**

As used herein, the term "document" means a printed, typed, or other

graphic matter of any kind or nature however produced or reproduced, whether

sent or received, including drafts and copies bearing notations and marks not found

on the original, including, but not necessarily limited to, all memoranda, reports,

financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex

messages, telephonic messages, reports, notes, notations, memoranda of or relating

to telephone conversations and conferences, tabulations, studies, analyses,

evaluations, projections, work papers, statements, summaries, opinions, journals,

statistical reports, desk calendars, appointment books, diaries, lists, comparisons,

questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all

meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer

disks, diskettes and all other computer data storage formats or other recordings or

mechanical reproductions for which information can be obtained and or translated

if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations,

partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition.

As used herein, the term "**Vehicle**" shall refer to that certain 2012 Ford F150 SuperCrew Cab which is the subject matter of the instant Complaint.

As used herein, the term "**POWERHOUSE**" shall refer to Defendant, FS INVESTMENTS OF AMERICA, INC.

As used herein, the term "**Transferee Party**" shall refer to any person with whom POWERHOUSE did business with to sell, transfer, assign, or dispose of the Vehicle.

## II.   DIRECTIONS

A.   Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(1).   The date of the document;

(2).   The identity of all persons having knowledge of the contents of the document; and

(3).   The basis on which the privilege is claimed.

B.   Applicable Time Period.

The instant request shall address the time period extending from January 1, 2019 to the present, unless the request indicates otherwise.

## PLEASE NOTE WORDS IN BOLDFACE ARE DEFINED TERMS ABOVE

## III.   DOCUMENTS

A.     All documents received from or sent to the **POWERHOUSE** in connection with the **Vehicle** at any time.

B.     All documents which refer or pertain to Plaintiff's purchase of the **Vehicle** or the sale or transfer of the **Vehicle** by **POWERHOUSE,** or to the **Vehicl**e including the following:

(1).     each purchase order and sales invoice;

(2).     each odometer statement;

(3).     each document which constitutes or refers to title to the **Vehicle** at any time, including but without limitation to each application for a Certificate of Title and related documents;

(4).     each "deal jacket" (both interior and exterior) for the sale of **Vehicle**;

(5).     the stock and inventory cards or like records for the **Vehicle**, including electronically stored records that describe the Vehicle as inventory or equipment of **POWERHOUSE**;

(6).     the daily cash receipts journal and/or ledger which reflects any payments by Plaintiff or other person, including any **Transferee Party**, on its behalf in connection with the purchase and sale of the **Vehicle**;

(7).  all internal worksheets or other drafts or documents used by **POWERHOUSE** in connection with the **Vehicle**;

(8). each inspection sticker or stickers for the **Vehicle** and any other documents referring to the **Vehicle** as being inspected by, passed or failed by any inspection station;

(9). all documents which record or refer to changes made or work done to the **Vehicle** by **POWERHOUSE** prior to the sale to Plaintiff, at the time of sale or after its sale to Plaintiff, including modifications, tampering or alterations to any odometer;

(10). all notes, memoranda, or other documents which record or reflect other documents which record or reflect conversations or other communications related to the **Vehicle**, the **Transferee Party**, Plaintiff, whether before, during or after the sale, transfer or purchase of the **Vehicle**;

(11). all documents prepared for, sent to, or received from any insurance company concerning any theft, vandalism, accidents or damage involving the Vehicle at any time;

(12). each photograph, videotape, or other visual embodiment of the **Vehicle** taken or prepared at any time;

(13). all printed advertisements, sales brochures, or other promotional materials which refer to the **Vehicle** at any time, including but not limited to the complete Manheim Condition Report;

(14). the warranty as to the Vehicle and all documents submitted by or received by **POWERHOUSE** in connection with any warranty claims on the **Vehicle**;

(15). all handwritten or typewritten notes and a print-out of all computer entries which refer to the **Transferee Party**, the purchase and sale of the **Vehicle**, or the **Vehicle**;

(16). all correspondence and other documents which **POWERHOUSE** sent to, or received from, any person or entity from whom **POWERHOUSE** acquired the **Vehicle** which referred to the **Vehicle** in any way at any time, including but not necessarily limited to any Buyer's order, bill of sale, pre-delivery inspection checklist, disclosure of prior use or prior accident damage;

(17).  all documents which contain an explanation of any accounting codes or other documents needed to understanding abbreviations or codes contained in the documents and things produced in response to any request herein;

C.      All communications to and from **POWERHOUSE** concerning the purchase of the **Vehicle** by **POWERHOUSE**, including but not limited to any post-acquisition disputes waged by POWERHOUSE with Manheim.

D.    All communications to and from the **POWERHOUSE** concerning the

purchase of the **Vehicle** by Mr. Haddon, including tape recording of

phone calls.

E.     All documents which evidence the purchase and sale of the **Vehicle**

by the **POWERHOUSE** from any third-party.

F.     All documents pertaining to any estimates of value of the **Vehicle**.

G.    All emails and text messages of any sort that mention, pertain to or

discuss in any way:

(1).  the **Vehicle;**

(2).  the instant lawsuit; or

(3).  Mr. Haddon or the attorneys for Mr. Haddon.

I.    All documents pertaining to any audit of the **POWERHOUSE** with

respect to the **Vehicle** by any state agency.

J.    All documents which refer to any **Transferee Party**.

K.    All text messages or emails to and from the **Transferee Party.**

L.    All phone records that reflect calls by or to any employee, agent, or

representative of **POWERHOUSE** and the **Transferee Party**.

M.     A copy (front and back) of any title to the **Vehicle** and any transfer

documents for the **Vehicle**.

P.  Any receipt or other document showing monies received by

**POWERHOUSE** as a result of the transfer or sale of the **Vehicle**.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:
Josh@sueyourdealer.com
SUE  YOUR  DEALER  –  A
LAW FIRM
1930 Harrison Street Suite
208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 22, 2023, I served the foregoing

Request for Production of Documents via e-mail to the following counsel of

record:

Keith Silverstein, Esq.
FL Bar No.: 86820
Email: keith@silversteinpa.com
KEITH SILVERSTEIN P.A.
355 Alhambra Circle
Suite 1250
Coral Gables, FL 33134
*Counsel for Defendant,*
*FS INVESTMENTS OF AMERICA, INC.*

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

      Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

      Defendants.
_____/

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT FS INVESTMENTS OF AMERICA, INC.

TO:  FS INVESTMENTS OF AMERICA, INC
     c/o Keith D. Silverstein, Esq.
     ksilverstein@atllp.com
     Armstrong Teasdale LLP
     355 Alhambra Circle, Suite 1250
     Coral Gables, FL 33134

Pursuant to Rule 36, Federal Rules of Civil Procedure, the above-named

party is required, within the time period prescribed by said Rule, to admit or deny

the following requests:

# I. DEFINITIONS

As used herein, the term "document" means a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business

affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition. In lieu of identifying the document, a true and correct copy thereof may be incorporated into the answers to these Interrogatories.

As used herein, the term "**Vehicle**" shall refer to that certain that certain 2012 Ford F150 SuperCrew Cab which is the subject matter of the instant Complaint.

As used herein, the term "**POWERHOUSE**" shall refer to Defendant, FS INVESTMENTS OF AMERICA, INC.

As used herein, the term "**Transferee Party**" shall refer to any person with whom POWERHOUSE did business with to sell, transfer, assign, or dispose of the Vehicle.

As used herein, the term "**Transfer Title**" shall refer to Exhibit "A" attached hereto.

As used herein, the term "**BO**" shall refer to the buyer's order form attached as Exhibit "A" to the COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF filed herein.

As used herein, the term "**RISC**" shall refer to the retail installment sales contract attached as Exhibit "B" to the COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF filed herein.

## II. DIRECTIONS

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(a). The date of the document;

(b). The identity of all persons having knowledge of the contents of the document; and

(c). The basis on which the privilege is claimed.

B.      Applicable Time Period.

The instant request shall address the time period extending from January 1, 2016 to the present, unless the request indicates otherwise.

## <u>PLEASE NOTE WORDS IN BOLDFACE ARE DEFINED TERMS ABOVE</u>

## <u>III. REQUESTS</u>

1.      The **Transfer Title** was created as part of the regularly conducted business activity of **POWERHOUSE** as required by law.

2.      The **Transfer Title** was made in the course and scope of the business of **POWERHOUSE** as required by law.

3.      The person who recorded the information on the **Transfer Title** had knowledge of the information contained therein.

4.      The person who recorded the information on the **Transfer Title** inspected the **Vehicle** prior to completing the **Transfer Title**.

5.      The person who recorded the information on the **Transfer Title** certified that the odometer reading disclosed therein was accurate.

6.      The person who recorded the information on the **Transfer Title** certified that the odometer reading disclosed therein was in excess of the mechanical limits.

7.      The person who recorded the information on the **Transfer Title** certified that the odometer reading disclosed therein was not the actual mileage.

8.      The person recording information in the **Transfer Title** was required by law to record the items of information contained therein correctly.

9.      The information recorded in the **Transfer Title** pertaining to the transfer of title to the GABRIEL LUC HADDON was provided contemporaneously with the transfer of the **Vehicle** to the GABRIEL LUC HADDON.

10.     **POWERHOUSE** transferred title to the **Vehicle** to GABRIEL LUC HADDON with 131,636 miles disclosed on the **Transfer Title**.

11.     Franklyn Strusberg signed the **Transfer Title** as the seller of the **Vehicle** when Defendant sold the **Vehicle** to GABRIEL LUC HADDON.

12.     Franklyn Strusberg is a corporate officer of **POWERHOUSE**.

13.     GABRIEL LUC HADDON did not sign the **Transfer Title** individually.

14.     The **Transfer Title** was signed on behalf of GABRIEL LUC HADDON by an attorney-in-fact pursuant to a power of attorney.

15.     At the time of the transaction with GABRIEL LUC HADDON, **POWERHOUSE** was aware of the odometer disclosure requirements of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and the regulations promulgated thereunder.

16.     **POWERHOUSE** represented that the mileage was 131,636 in the **RISC**.

17.     **POWERHOUSE** represented that the mileage as 131,636 in the **BO**.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:
Josh@sueyourdealer.com
SUE YOUR DEALER – A
LAW FIRM
1930 Harrison Street Suite
208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2023, I served the foregoing

Request for Admissions via e-mail to the following counsel of record:

Keith Silverstein, Esq.
FL Bar No.: 86820
Email: keith@silversteinpa.com
KEITH SILVERSTEIN P.A.
355 Alhambra Circle
Suite 1250
Coral Gables, FL 33134
*Counsel for Defendant,*
*FS INVESTMENTS OF AMERICA, INC.*

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

# EXHIBIT A

SCAN TRANSACTION NUMBER
539994086

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

FRANCISCO HERRERA ESCOBEDO
11119 ACUFF STATION
SAN ANTONIO, TX 78254

018976

99 10 531B

▼ DETACH HERE ▼

---

## TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE | 144973339 |
|---|---|---|---|---|
| 1FTFW1ET2CFA12718 | 2012 | FORD | PK | |

TITLE/DOCUMENT NUMBER  
01541843520093008   DATE TITLE ISSUED  03/06/2019

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| F-1 | | 5400 | JCV3889 |

PREVIOUS OWNER
CHER SHANE ULANDAY HUNT TX

ODOMETER READING
201150

OWNER
FRANCISCO HERRERA ESCOBEDO
11119 ACUFF STATION
SAN ANTONIO, TX 78254

REMARKS
ACTUAL MILEAGE

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | 1ST LIEN RELEASED _____ DATE |
|---|---|---|
| NONE | | |
| | | BY _____ AUTHORIZED AGENT |
| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED _____ DATE |
| | | BY _____ AUTHORIZED AGENT |
| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED _____ DATE |
| | | BY _____ AUTHORIZED AGENT |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE
SIGNATURE _____ DATE
SIGNATURE _____ DATE

FORM 30-C REV. 05/2016        DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

SCAN TRANSACTION NUMBER
539994087

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification** online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

144973339

**FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: 7111 N.W. LOOP 410
SAN ANTONIO, TX 78238

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 151021

Date of Sale: 3 31 20

Printed Name (same as signature): Francisco Ferrara Escobar / Sally Gomez

I am aware of the above odometer certification made by the seller/agent.

### FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Auto Deal Corp 7611 NW 7th Ave Unit 126 Miami FL 33150

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 131.620

Date of Sale: 04-14-2020

Dealer's Name: McCombs Ford West

Dealer No: 75775

Printed Name (same as signature): Juliana A.

I am aware of the above odometer certification made by the seller/agent.

### SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Powerhouse Automotive 10333 Woodberry Rd Tampa FL 33619

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 131,630

Date of Sale: 5-15-20

Dealer's Name: Auto Deal Corp

Dealer No: 5510 23688

Printed Name (same as signature): Juliana A. / Franklyn Strissberg

I am aware of the above odometer certification made by the seller/agent.

### THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Gabriel Luc Haddon and Maria Haddon 3532 Bozeman St Largo FL

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 131,636

Date of Sale: 5-25-20

Dealer's Name: Powerhouse Automotive

Dealer No: 16112809-1

Printed Name (same as signature): Franklyn Strissberg / Gabriel Luc Haddon and Maria Haddon By Lisa Dantzell

I am aware of the above odometer certification made by the seller/agent.

### LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

      Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

      Defendants.
_____/

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT FS INVESTMENTS OF AMERICA, INC.

TO:   FS INVESTMENTS OF AMERICA, INC
      c/o Keith D. Silverstein, Esq.
      ksilverstein@atllp.com
      Armstrong Teasdale LLP
      355 Alhambra Circle, Suite 1250
      Coral Gables, FL 33134

Pursuant to Rule 33, Federal Rules of Civil Procedure, the above-named

party is required, within the time period prescribed by said Rule, to answer under

oath and in writing the following Interrogatories:

# I. DEFINITIONS

As used herein, the term "document" means a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and

business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition. In lieu of identifying the document, a true and correct copy thereof may be incorporated into the answers to these Interrogatories.

As used herein, the term "**Vehicle**" shall refer to that certain that certain 2012 Ford F150 SuperCrew Cab which is the subject matter of the instant Complaint.

As used herein, the term "**POWERHOUSE**" shall refer to Defendant, FS INVESTMENTS OF AMERICA, INC.

As used herein, the term "**Transferee Party**" shall refer to any person with whom POWERHOUSE did business with to sell, transfer, assign, or dispose of the Vehicle.

As used herein, the term "**Transfer Title**" shall refer to Exhibit "A" attached hereto.

## II. DIRECTIONS

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(a). The date of the document;

(b). The identity of all persons having knowledge of the contents of the document; and

(c). The basis on which the privilege is claimed.

B.    Applicable Time Period.

The instant request shall address the time period extending from January 1, 2016 to the present, unless the request indicates otherwise.

**<u>PLEASE NOTE WORDS IN BOLDFACE ARE DEFINED TERMS ABOVE</u>**

**III.**                                 **<u>INTERROGATORIES</u>**

1.     **<u>Affiant.</u>** Please identify the person(s) who participated in the preparation of the answers to these Interrogatories. As to any such person, identify which Interrogatory such assistance was provided as well as the source of information for such assistance.

2.     **<u>Potential Witness(es).</u>** Please identify all persons who are believed or known by Defendant, its agents or attorneys, to have any knowledge concerning any of the issues or matters raised in the pleadings herein and specify the subject matter about which the witness has knowledge.

3.     **<u>Expert Witness(es) - Trial.</u>** In regard to any expert witness(es) that Defendant intends to call at the trial of this case, please set forth the following:

    (a). Identify each such witness;

    (b). Describe his or her qualifications as an expert;

    (c). State the subject matter upon which he or she is expected to testify;

    (d). State the substance of the facts and opinions to which he or she is expected to testify; and

    (e). Provide a summary of the grounds of each such opinion.

4.     **<u>Expert witness(es) - Consultation.</u>** Identify any and all experts with whom Defendant has consulted in regard to this case.

5.   **Statements by Plaintiff.** Identify each and every person believed or known by Defendant, its agents and/or attorneys, to have heard Plaintiff, his employees, agents, or representatives, make any statement, remark, or comment concerning any matters or issues raised in the pleadings herein, and state the substance of any such statement, remark, or comment.

8.   **Witness Statement(s).** State whether Defendant, its agents, attorneys, or anyone acting on Defendant's behalf, have obtained statements in any form from any person(s) regarding any issue raised in this lawsuit. If so, state the following:

   (a). Identify the person(s) giving the statement(s);

   (b). The date when such statement(s) was taken;

   (c). The name and address of the person(s) taking the statement; and

   (d). Whether a copy of such statement(s) was given to the person(s) from whom it was taken.

7.   **Identification of Actors as to Vehicle.** Identify each person (including the **Transferee Party**) who performed any activity with respect to the repair, servicing, marketing, sale, transfer, assignment, or disposition of the **Vehicle** (regardless of whether the person is an employee or agent of POWERHOUSE). As to any such person, identify:

   (a). The activity performed;

   (b). Whether the person knew the actual mileage of the **Vehicle**;

(c). Whether the person knew the odometer of the **Vehicle** had been altered; and

(d). All communications (both written and oral) between **POWERHOUSE** and the person concerning the instant action.

8.    **Completion of Transfer Title**. Describe the step-by-step process by which **POWERHOUSE** marketed, sold, transferred, assigned, or disposed of the **Vehicle**. With respect to the **Transfer Title**, identify the person who signed the **Transfer Title** on behalf of **POWERHOUSE**, the date of signing, the information placed on the **Transfer Title** by that person, and whether the person inspected the **Vehicle** before signing.

9.    **Litigation Preservation Hold- Electronic Records.** Did **POWERHOUSE** provide a cell phone, computer, or email account to any person who performed any activity with respect to the marketing, sale, transfer, assignment, or disposition of the **Vehicle** (regardless of whether the person is an employee or agent of **POWERHOUSE**). As to any such person, identify:

(a).  the cell phone, computer, or email account;

(b). what actions were taken to preserve the device, email and text messages to prevent loss or spoliation; and

(c).  whether the device, email and text messages were preserved.

**FS INVESTMENTS OF AMERICA, INC.**


By:_____


STATE OF_____)
                                                :
COUNTY OF_____)


The foregoing answers to interrogatories were acknowledged before me (   ) in person (  ) remotely/electronically as true and correct this_____day of_____ _____, 2023, by_____on        behalf        of        **FS INVESTMENTS OF AMERICA**, INC. (  ) who is personally known to me or (  ) who has produced a valid driver's license as identification.


_____/
NOTARY PUBLIC

# EXHIBIT A

SCAN TRANSACTION NUMBER
539994086

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

FRANCISCO HERRERA ESCOBEDO
11119 ACUFF STATION
SAN ANTONIO, TX 78254

018976

9910 531B

▼ DETACH HERE ▼

---

## TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FTFW1ET2CFA12718 | 2012 | FORD | PK |

244973339

TITLE/DOCUMENT NUMBER          DATE TITLE ISSUED
01541843520093008    03/06/2019

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| F-1 | | 5400 | JCV3889 |

ODOMETER READING
201150

PREVIOUS OWNER
CHER SHANE ULANDAY HUNT TX

OWNER
FRANCISCO HERRERA ESCOBEDO
11119 ACUFF STATION
SAN ANTONIO, TX 78254

REMARKS
ACTUAL MILEAGE

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | 1ST LIEN RELEASED _____ DATE |
|---|---|---|
| NONE | | |
| | | BY _____ AUTHORIZED AGENT |
| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED _____ DATE |
| | | BY _____ AUTHORIZED AGENT |
| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED _____ DATE |
| | | BY _____ AUTHORIZED AGENT |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE
SIGNATURE _____ DATE
SIGNATURE _____ DATE

FORM 30-C REV. 05/2016          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

SCAN TRANSACTION NUMBER
539994087

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification** online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

144973339

**FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: 7111 N.W. LOOP 410
City/State/Zip: SAN ANTONIO, TX 78238

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 151027
Date of Sale: 3 31 20
Signature of Seller/Agent
Printed Name: Francisco Ferrara Escobar / Sally Gomez

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent
Printed Name (same as signature)

### FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Auto Deal Corp 1611 NW 7 Ave Unit 126 Miami FL 33150
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 131622
Date of Sale: 04-14-2020
Dealer's Name: McCombs Ford West 75775
Agent's Signature: Juliana B.
Printed Name: Juliana A.

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent
Printed Name (same as signature)

### SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Powerhouse Automotive 10333 Woodberry Rd Tampa FL 33619
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 131030
Date of Sale: 5-15-20
Dealer's Name: Auto Deal Corp 5102369
Agent's Signature
Printed Name: Juliana A.

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent
Printed Name: Franklyn Strisberg

### THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Gabriel Luc Haddon and Maria Haddon 3532 Bozeman St Laredo La TX
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 131030
Date of Sale: 5-25-20
Dealer's Name: Powerhouse Automotive 6112809-1
Agent's Signature
Printed Name: Franklyn Strisberg

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: Gabriel Luc Haddon and Maria Haddon By Lisa Dankfeltz
Printed Name: Gabriel Luc Haddon and Maria Haddon By Lisa Dankfeltz

### LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)