# EXHIBIT B

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**,
an individual,

      Plaintiff,                             CASE NO. 8:23-cv-00709

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
corporation, and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
a foreign corporation,

      Defendants.

_____/

## DEFENDANT FS INVESTMENTS OF AMERICA, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

      Defendant, **FS INVESTMENTS OF AMERICA, INC.** ("Defendant"), by and through its counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby answers the First Set of Interrogatories of plaintiff, **GABRIEL LUC HADDON** ("Plaintiff"), as follows:

## GENERAL OBJECTIONS

      1.    Defendant objects to the Interrogatories' instructions to the extent that they place, or seek to place, burdens or requirements that are unreasonable or inconsistent with the Federal Rules of Civil Procedure.

2.      Defendant objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or disproportionate to the needs of the case.

3.      Defendant objects to the Interrogatories to the extent that they require production or identification of data, documents, or information that is subject to the attorney/client privilege, the attorney work product privilege, or any other statutory or common law privilege or protection.

4.      Defendant objects to the Interrogatories to the extent that they are vague and ambiguous or contain undefined terms.

5.      Defendant objects to each Interrogatory to the extent that it is cumulative and/or duplicative of another Interrogatory.

6.      Defendant objects to the Interrogatories to the extent they seek data and/or information that is confidential, privileged, sensitive, or proprietary to Defendant.

All of these General Objections apply to each answer below where appropriate as set forth therein in full.

**SPECIFIC ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

1.      **Affiant.** Please identify the person(s) who participated in the preparation of the answers to these Interrogatories. As to any such person, identify which Interrogatory such assistance was provided as well as the source of information for such assistance.

**ANSWER**: Mr. Franklyn Strusberg with the assistance of counsel, Keith D. Silverstein, Esq., Armstrong Teasdale LLP, 355 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134.

2.   **Potential Witness(es).** Please identify all persons who are believed or known by Defendant, its agents or attorneys, to have any knowledge concerning any of the issues or matters raised in the pleadings herein and specify the subject matter about which the witness has knowledge.

| | |
|---|---|
| **Franklyn Strusberg, Director**<br>FS Investments of America, Inc.<br>c/o Keith D. Silverstein, Esq.<br>Armstrong Teasdale LLP<br><u>Knowledge</u>: Defendant's purchase of the Vehicle, as well as Plaintiff's purchase and financing of this vehicle. | **Gabriel Luc Haddon, Buyer**<br>c/o Joshua E. Feygin, Esq.<br>Joshua Feygin, PLLC<br><u>Knowledge</u>: Purchase and financing of the Vehicle. |
| **Alex Reyes, Salesperson**<br>FS Investments of America, Inc.<br>c/o Keith D. Silverstein, Esq.<br>Armstrong Teasdale LLP<br><u>Knowledge</u>: Plaintiff's purchase and financing of this vehicle. | **Maria Haddon, Co-Buyer**<br>c/o Joshua E. Feygin, Esq.<br>Joshua Feygin, PLLC<br><u>Knowledge</u>: Purchase and financing of the Vehicle. |

Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.

3.   **Expert Witness(es) - Trial.** In regard to any expert witness(es) that Defendant intends to call at the trial of this case, please set forth the following:

(a) Identify each such witness;

(b) Describe his or her qualifications as an expert;

(c) State the subject matter upon which he or she is expected to testify;

(d) State the substance of the facts and opinions to which he or she is expected to testify; and

(e) Provide a summary of the grounds of each such opinion.

**ANSWER: Defendant will disclose any experts that it intends to introduce at trial within the time set by the Amended Case Management and Scheduling Order.**

4.      **Expert witness(es) - Consultation.** Identify any and all experts with whom Defendant has consulted in regard to this case.

**ANSWER: Defendant objects to this Interrogatory as it seeks information protected by the work product doctrine. Subject to this objection, Defendant will disclose any experts that it intends to introduce at trial within the time set by the Amended Case Management and Scheduling Order.**

5.      **Statements by Plaintiff.** Identify each and every person believed or known by Defendant, its agents and/or attorneys, to have heard Plaintiff, his employees, agents, or representatives, make any statement, remark, or comment concerning any matters or issues raised in the pleadings herein, and state the substance of any such statement, remark, or comment.

**ANSWER: Mr. Reyes (see answer to Interrogatory 2 above). The substance includes Plaintiff's purchase and financing of the Vehicle. Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.**

6.    **Witness Statement(s).** State whether Defendant, its agents, attorneys, or anyone acting on Defendant's behalf, have obtained statements in any form from any person(s) regarding any issue raised in this lawsuit. If so, state the following:

(a) Identify the person(s) giving the statement(s);

(b) The date when such statement(s) was taken;

(c) The name and address of the person(s) taking the statement; and

(d) Whether a copy of such statement(s) was given to the person(s) from whom it was taken.

**ANSWER: None.**

7.    **Identification of Actors as to Vehicle.** Identify each person (including the Transferee Party) who performed any activity with respect to the repair, servicing, marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of whether the person is an employee or agent of POWERHOUSE). As to any such person, identify:

(a) The activity performed.

(b) Whether the person knew the actual mileage of the Vehicle;

(c) Whether the person knew the odometer of the Vehicle had been altered; and

(d) All communications (both written and oral) between POWERHOUSE and the person concerning the instant action.

**ANSWER: Defendant purchased the Vehicle from Auto Deal Corp. Mr. Reyes (see answer to Interrogatory 2) marketed the Vehicle on behalf of Defendant by posting it on the websites identified in Interrogatory 8, performed a routine inspection of the Vehicle as described in Interrogatory 8, and processed Plaintiff's purchase and financing of the Vehicle.**

Before and after Plaintiff's purchase of the Vehicle, neither Mr. Reyes nor any other employee, agent, or representative of Defendant have any independent recollection of the Vehicle's odometer, or any information in connection with the "actual" reading and/or alteration as alleged by Plaintiff.

As to the Interrogatory 7(c), Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.

Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.

8.   **Completion of Transfer Title**. Describe the step-by-step process by which POWERHOUSE marketed, sold, transferred, assigned, or disposed of the Vehicle. With respect to the Transfer Title, identify the person who signed the Transfer Title on behalf of POWERHOUSE, the date of signing, the information placed on the Transfer Title by that person, and whether the person inspected the Vehicle before signing.

**ANSWER:** The Vehicle was purchased by Auto Deal Corp. from Manheim. (See Bill of Sale produced along with these answers).  Thereafter, Auto Deal Corp. sold the Vehicle to Defendant. Defendant, through Mr. Reyes, inspected the Vehicle as described below and posted the Vehicle for sale on Defendant's website,

Facebook Marketplace, and Craigslist. Plaintiff visited Defendant's place of business and purchased the Vehicle the same day.

As to the Transfer Title attached to these Interrogatories as Exhibit A, Defendant states that this document speaks for itself. Defendant believes that the Transfer of Title was signed approximately two weeks after Plaintiff purchased the Vehicle. Defendant performed a routine inspection of the Vehicle (e.g., check the Vehicle's oil level, tire condition, and drivability) before signing the Transfer Title. Mr. Strusberg (see answer to Interrogatory 2) was aware of this inspection at the time of the transfer of title.

Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.

9. **Litigation Preservation Hold- Electronic Records.** Did POWERHOUSE provide a cell phone, computer, or email account to any person who performed any activity with respect to the marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of whether the person is an employee or agent of POWERHOUSE). As to any such person, identify:

> (a) the cell phone, computer, or email account;
> (b) what actions were taken to preserve the device, email and text messages to prevent loss or spoliation; and
> (c) whether the device, email and text messages were preserved.

**ANSWER:** Defendant provided an e-mail to Mr. Strusberg (frank@powerhouseautomotive.us) and Mr. Reyes

(alex@powerhouseautomotive.us.). Defendant has preserved the e-mails as well as has any communications therein by not taking actions that would delete the same.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant FS Investments*
*of America, Inc.*
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Telecopier: (305) 448-4155

By: */s/ Keith D. Silverstein*
Keith D. Silverstein, Esq.
Fla. Bar No. 086820
ksilverstein@atllp.com
Jose A. Peralta, Esq.
Fla. Bar No. 1028554
jperalta@atllp.com
**FOR SERVICE:**
miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on July 27, 2023, with a copy of this document via email.

*/s/ Keith D. Silverstein*
Keith D. Silverstein, Esq.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**,
an individual,

      Plaintiff,                        CASE NO. 8:23-cv-00709

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
corporation, and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
a foreign corporation,

      Defendants.

_____/

## DEFENDANT FS INVESTMENTS OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

      Defendant, **FS INVESTMENTS OF AMERICA, INC.** ("Defendant"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 36, hereby responds to the First Request for Admissions of plaintiff, **GABRIEL LUC HADDON** ("Plaintiff"), as follows:

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

      1.    The Transfer Title was created as part of the regularly conducted business activity of POWERHOUSE as required by law.

      **RESPONSE:** **Admitted**

2.      The Transfer Title was made in the course and scope of the business of POWERHOUSE as required by law.

**RESPONSE: Admitted**

3.      The person who recorded the information on the Transfer Title had knowledge of the information contained therein.

**RESPONSE: Objection. Defendant is unable to admit or deny as Defendant is unable to determine the scope, use, and/or intent of the word "knowledge."**

4.      The person who recorded the information on the Transfer Title inspected the Vehicle prior to completing the Transfer Title.

**RESPONSE: Objection. Defendant is unable to admit or deny as Defendant is unable to determine the scope, use, and/or intent of the word "inspected."**

5.      The person who recorded the information on the Transfer Title certified that the odometer reading disclosed therein was accurate.

**RESPONSE: Denied as phrased. The person who recorded the information on the Transfer Title had no knowledge that the odometer reading disclosed therein was inaccurate.**

6.      The person who recorded the information on the Transfer Title certified that the odometer reading disclosed therein was in excess of the mechanical limits.

**RESPONSE: Denied**

7.      The person who recorded the information on the Transfer Title certified that the odometer reading disclosed therein was not the actual mileage.

**RESPONSE: Denied**

8.      The person recording information in the Transfer Title was required by law to record the items of information contained therein correctly.

**RESPONSE: Denied as phrased. The person who recorded the information on the Transfer Title had no knowledge that the odometer reading disclosed therein was inaccurate.**

9.      The information recorded in the Transfer Title pertaining to the transfer of title to the GABRIEL LUC HADDON was provided contemporaneously with the transfer of the Vehicle to the GABRIEL LUC HADDON.

**RESPONSE: Admitted**

10.      POWERHOUSE transferred title to the Vehicle to GABRIEL LUC HADDON with 131,636 miles disclosed on the Transfer Title.

**RESPONSE: Admitted**

11.      Franklyn Strusberg signed the Transfer Title as the seller of the Vehicle when Defendant sold the Vehicle to GABRIEL LUC HADDON.

**RESPONSE: Admitted**

12.      Franklyn Strusberg is a corporate officer of POWERHOUSE.

**RESPONSE: Admitted**

13.      GABRIEL LUC HADDON did not sign the Transfer Title individually.

**RESPONSE: Admitted.**

14.    The Transfer Title was signed on behalf of GABRIEL LUC HADDON by an attorney-in-fact pursuant to a power of attorney.

**RESPONSE: Admitted**

15.    At the time of the transaction with GABRIEL LUC HADDON, POWERHOUSE was aware of the odometer disclosure requirements of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and the regulations promulgated thereunder.

**RESPONSE: Admitted that Defendant was subject to the odometer disclosure requirements of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and the regulations promulgated thereunder. Defendant is a corporate entity and cannot, itself, have any knowledge.**

16.    POWERHOUSE represented that the mileage was 131,636 in the RISC.

**RESPONSE: Admitted that Defendant prepared the "RISC" based upon the information provided to it at the time it purchased the Vehicle.**

17.    POWERHOUSE represented that the mileage as 131,636 in the BO.

**RESPONSE: Admitted that Defendant prepared the "BO" based upon the information provided to it at the time it purchased the Vehicle.**

Dated July 27, 2023

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant FS Investments*
*of America, Inc.*
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Telecopier: (305) 448-4155

By: /s/ *Keith D. Silverstein*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on July 27, 2023, with a copy of this document via email.

    /s/ *Keith D. Silverstein*
    Keith D. Silverstein, Esq.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**,
an individual,

  Plaintiff,        CASE NO. 8:23-cv-00709

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
corporation, and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
a foreign corporation,

  Defendants.

_____/

## DEFENDANT FS INVESTMENTS OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

  Defendant, **FS INVESTMENTS OF AMERICA, INC.** ("Defendant"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby responds to the First Request for Production of plaintiff, **GABRIEL LUC HADDON** ("Plaintiff"), as follows:

## GENERAL OJECTIONS

  1. Defendant objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.

  2. Defendant objects to the Requests to the extent they conflict with the Florida Rules of Civil Procedure or applicable case law, and to the extent they seek to

impose on Defendant obligations not specifically required of a party on whom discovery has been served under the Florida Rules of Civil Procedure or applicable case law.

3.      A response stating that Defendant will produce responsive documents is not an indication or representation that any such documents exist. Rather, it is a representation that such documents will be produced if they are located in the course of a reasonable, diligent, and good faith search for documents.

4.      Defendant's production of documents does not constitute an admission that such documents are relevant or admissible, and it is without prejudice to Defendant's rights to contest at any hearing, trial, or any stage of this proceeding, or any other proceeding, that the requested documents are inadmissible, irrelevant, immaterial, or otherwise objectionable.

5.      Defendant objects to the Requests to the extent that they contain no temporal limitations, or an unreasonable temporal limitation, considering the information requested and the allegations in the Complaint.

6.       Defendant objects to the Requests to the extent that are overbroad or unduly burdensome.

Each of these General Objections applies to each response below where appropriate as though set forth therein in full.

<u>**SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**</u>

A.      All documents received from or sent to the POWERHOUSE in

connection with the Vehicle at any time.

**RESPONSE:** **See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

B.     All documents which refer or pertain to Plaintiff's purchase of the Vehicle or the sale or transfer of the Vehicle by POWERHOUSE, or to the Vehicle including the following:

(1).    each purchase order and sales invoice;

**RESPONSE:** **See the non-privileged, responsive documents that Defendant produced along with these responses.**

(2).    each odometer statement;

**RESPONSE:** **See the non-privileged, responsive documents that Defendant produced along with these responses.**

(3).     each document which constitutes or refers to title to the Vehicle at any time, including but without limitation to each application for a Certificate of Title and related documents;

**RESPONSE:** **See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and**

**investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

(4).   each "deal jacket" (both interior and exterior) for the sale of Vehicle;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(5).   the stock and inventory cards or like records for the Vehicle, including electronically stored records that describe the Vehicle as inventory or equipment of POWERHOUSE;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(6).   the daily cash receipts journal and/or ledger which reflects any payments by Plaintiff or other person, including any Transferee Party, on its behalf in connection with the purchase and sale of the Vehicle;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(7).    all internal worksheets or other drafts or documents used by POWERHOUSE in connection with the Vehicle;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(8).    each inspection sticker or stickers for the Vehicle and any other documents referring to the Vehicle as being inspected by, passed or failed by any inspection station;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(9).    all documents which record or refer to changes made or work done to the Vehicle by POWERHOUSE prior to the sale to Plaintiff, at the time of sale or after its sale to Plaintiff, including modifications, tampering or alterations to any odometer;

**RESPONSE: Defendant is not in possession of documents related to modifications, tampering or alterations to the Vehicle's odometer. However, Defendant continues to search for other documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(10).   all notes, memoranda, or other documents which record or reflect other documents which record or reflect conversations or other communications related to the Vehicle, the Transferee Party, Plaintiff, whether before, during or after the sale, transfer or purchase of the Vehicle;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(11).  all documents prepared for, sent to, or received from any insurance company concerning any theft, vandalism, accidents or damage involving the Vehicle at any time;

**RESPONSE: Defendant is not in possession of the subject documents.**

(12).  each photograph, videotape, or other visual embodiment of the Vehicle taken or prepared at any time;

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses.**

(13).  all printed advertisements, sales brochures, or other promotional materials which refer to the Vehicle at any time, including but not limited to the complete Manheim Condition Report;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(14).  the warranty as to the Vehicle and all documents submitted by or received by POWERHOUSE in connection with any warranty claims on the Vehicle;

**RESPONSE: Defendant is not in possession of the subject documents.**

(15). all handwritten or typewritten notes and a print-out of all computer entries which refer to the Transferee Party, the purchase and sale of the Vehicle, or the Vehicle;

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

(16). all correspondence and other documents which POWERHOUSE sent to, or received from, any person or entity from whom POWERHOUSE acquired the Vehicle which referred to the Vehicle in any way at any time, including but not necessarily limited to any Buyer's order, bill of sale, pre-delivery inspection checklist, disclosure of prior use or prior accident damage;

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production**

(17).   all documents which contain an explanation of any accounting codes or other documents needed to understanding abbreviations or codes contained in the documents and things produced in response to any request herein;

**RESPONSE: Defendant is not in possession of the subject documents.**

C.   All communications to and from POWERHOUSE concerning the purchase of the Vehicle by POWERHOUSE, including but not limited to any post-acquisition disputes waged by POWERHOUSE with Manheim.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

D.   All communications to and from the POWERHOUSE concerning the purchase of the Vehicle by Mr. Haddon, including tape recording of phone calls.

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if**

**non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

E.     All documents which evidence the purchase and sale of the Vehicle by the POWERHOUSE from any third-party.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses.**

F.     All documents pertaining to any estimates of value of the Vehicle.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

G.     All emails and text messages of any sort that mention, pertain to or discuss in any way:

(1). the Vehicle**;**

(2). the instant lawsuit; or

(3). Mr. Haddon or the attorneys for Mr. Haddon.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

I.      All documents pertaining to any audit of the POWERHOUSE with respect to the Vehicle by any state agency.

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

J.      All documents which refer to any Transferee Party.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

K.      All text messages or emails to and from the Transferee Party.

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

L.      All phone records that reflect calls by or to any employee, agent, or representative of POWERHOUSE and the Transferee Party.

**RESPONSE: Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

M.    A copy (front and back) of any title to the Vehicle and any transfer documents for the Vehicle.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

P.    Any receipt or other document showing monies received by POWERHOUSE as a result of the transfer or sale of the Vehicle.

**RESPONSE: See the non-privileged, responsive documents that Defendant produced along with these responses. Discovery and investigations are ongoing, and therefore Defendant reserves the right to amend or supplement its response or production.**

Dated <u>July 27, 2023</u>

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant FS Investments*
*of America, Inc.*
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Telecopier: (305) 448-4155

By: */s/ Keith D. Silverstein*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on July 27, 2023, with a copy of this document via email.

    */s/ Keith D. Silverstein*
    Keith D. Silverstein, Esq.