UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,
vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

### PLAINTIFF'S TIME SENSITIVE UNNOPOSED MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Rule 3.01 of the Local Rules of the United States District Court for the Middle District of Florida, Plaintiff GABRIEL LUC HADDON, an individual ("Plaintiff"), hereby moves this Court for an Order extending the dispositive motion deadline of May 16, 2024 as set forth in the Amended Case Management and Scheduling Order ("CMO") [DE 24] and this Court's Order amending same [DE 39]. The Plaintiff make this request in furtherance of his efforts to resolve discovery disputes; to engage in additional discovery and to complete remaining discovery tasks in an

orderly and efficient manner such that the Plaintiff will have sufficient evidence to support his dispositive motion.

## I.   Pertinent Factual and Procedural Background

Pursuant to this Court's Order amending the Amended CMO, Discovery cut-off is June 21, 2024; Dispositive Motion filing deadline is May 16, 2024; and the joint Pretrial Statement is due September 5, 2024. [DE 39].

On June 06, 2023, Plaintiff served written discovery upon Defendant FS INVESTMENTS OF AMERICA INC., d/b/a POWERHOUSE AUTOMOTIVE ("Dealership") consisting of Requests for Production; Requests for Admission; and, Interrogatory Requests. Having failed to timely receive the Dealership's responses, Plaintiff conferred via email regarding the status of the same on July 10, 2023 and once more on July 12, 2023. On July 12, 2023, Dealership requested an extension of time up to and through July 22, 2023. Plaintiff granted the extension. Once more, Dealership failed to timely respond necessitating a second conferral attempt via email on July 24, 2023. Ultimately, on July 27, 2023, Dealership served its Responses and Objections to Plaintiff's First Request for Production; Answers and Objections to Plaintiff's First Set of Interrogatories; Responses and Objections to Plaintiff's First Request for Admissions. On March 13, 2024, Dealership served supplemental production.

Plaintiff took the deposition of the Dealership's corporate representative on April 23, 2024. During the deposition, Dealership's corporate representative and

owner, Franklyn Strusberg, provided testimony that revealed many of the prior written discovery responses were inaccurate and that responsive records were withheld from production.

On May 03, 2024, Plaintiff attempted to confer with the Dealership to obtain amended responses to the written discovery and provided the Dealership up to and through May 08, 2024 to provide amended responses and withheld records. Having received no response, on May 08, 2024 Plaintiff once more attempted to confer with the Dealership. In response, counsel for Dealership advised that it would respond by May 13, 2024. Dealership once more failed to respond. As a result, on May 14, 2024, Plaintiff filed his Motion to Compel which remains pending. [DE 52].

## II.   Memorandum of Law

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If a party, like the Plaintiff here, diligently and timely pursues it rights but for reasons other than its own negligence is unable to comply with a scheduling deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997). Plaintiff's Motion sets forth a good cause basis for granting this modification. Plaintiff is not engaging in any type of delay tactic that would warrant denial of this Motion. Defendants will not be prejudiced

by the granting of this Motion. However, Plaintiff will be prejudiced if the Motion is not granted as he will be precluded from obtaining discoverable evidence that could be used in support of his dispositive briefing.

The Plaintiff is also mindful of Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D) as well as Paragraph 4 of the CMO, which makes plain that motions to continue are distinctly disfavored after entry of the CMO. However, based on the factual and procedural circumstances of this action, the Plaintiff respectfully submits that good cause exists to grant this Motion. Pursuant to Local Rule 3.09(b), this Motion is being filed more than 60 days before trial of this case, which is currently on the July 2024 trial calendar, and the requested modifications are not due to any lack of diligence. Rather, the requested modifications are in furtherance of the Plaintiff's desire to resolve discovery disputes, to complete remaining discovery tasks and initiate new discovery in an orderly and efficient manner, and to accommodate further settlement negotiations should the circumstances lend themselves to the same.

Therefore, Plaintiff respectfully request that the Court exercise its discretion and permit the below requested modification of the Case Management and Scheduling Order for the good cause stated herein.

### III.   Requested Modification to the CMO

Based on the foregoing, the Plaintiff hereby respectfully request the court modify the Amended CMO to reflect a dispositive motion filing deadline of July 05, 2024.[1]

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g) the undersigned conferred with opposing counsel in a good faith effort to resolve the issues raised by this Motion. No party to this action opposed the requested relief.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this Motion and modify the Case Management and Scheduling Order as stated hereinabove.

Respectfully submitted,

Dated: May 14, 2024

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

---

[1] Cross-defendant McCombs West Ford, LLC has indicated that it intends to move separately to extend the dispositive deadline, trial date and other pre-trial deadlines. Plaintiff will likely join in this motion, however, given the rapidly approaching dispositive motion filing deadline of May 16, 2024, Plaintiff files this instant motion out of an abundance of caution.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 14, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Middle District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

<u>/s/ Joshua E. Feygin</u>
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685