## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

      Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

      Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,
d/b/a POWERHOUSE
AUTOMOTIVE,
a Florida Corporation
Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC,
d/b/a as McCombs Ford West,
a Texas limited liability company,

Third-Party Defendant,
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>MOTION FOR EXTENSION OF TIME</u>**

Mere days before the discovery deadline and after two previous modification of pre-trial deadlines, Defendant, FS INVESTMENTS OF AMERICA INC., D/B/A POWERHOUSE AUTOMOTIVE, a Florida limited liability company ("Defendant"), seeks leave to extend the discovery deadline through a thread-bare motion lacking a sufficient showing of good cause. [DE 57].

As the Defendant has failed to act diligently and given the real prejudice to the Plaintiff that will result, the Motion ought to be denied as more particularly set forth below.

## BACKGROUND

This action was filed on March 30, 2023. [DE 1]. The Defendant was served on April 18, 2023. [DE 11]. On June 29, 2023, this Court entered its initial Case Management and Scheduling Order. [DE 24]. Thereafter, the Court granted Defendant's Motion for Leave to File a Third-Party Complaint on January 18, 2024. [DE 32]. Defendant filed its Third-Party Complaint on January 19, 2024 [DE 35], and served the Third-Party Complaint on Defendant MCCOMBS WEST FORD, LLC, d/b/a as McCombs Ford West ("McCombs") on January 26, 2024.

As a result of the filing of the Third-Party Complaint, the Defendant moved this Court for a modification of the Case Management and Scheduling Order on February 06, 2024. [DE 38]. The Court granted the Defendant's request on February 07, 2024, and modified the pre-trial deadlines in accordance with the proposed deadlines set forth by the Defendant. [DE 39]. Pursuant to the Court's order, the discovery deadline

was set for June 21, 2024 and a dispositive briefing deadline was set for May 16, 2024. *Id*.

Thereafter, Plaintiff diligently coordinated and took the deposition of the Defendant's Corporate Representative on April 23, 2024. *See* Notice of Taking Deposition, attached hereto as Exhibit "A." Defendant made no effort to take the deposition of the Plaintiff notwithstanding the entry of the Court's Order setting a discovery deadline of June 21, 2024 and a dispositive briefing deadline of May 16, 2024.

Despite the Plaintiff's best efforts to meet the deadlines set forth in the Court's February 07, 2024 Order, a discovery dispute transpired preventing the Plaintiff from meeting the dispositive briefing deadline. As a result, Plaintiff moved the court for a second modification of the pre-trial deadlines on May 14, 2024. [DE 53]. On May 15, 2024, the Court granted the Plaintiff's request and amended the Case Management and Scheduling Order for a second time and reset the dispositive briefing deadline to July 05, 2024. [DE 55]. No other deadlines were impacted. *Id*.

On May 09, 2024, Defendant for the first time attempted to schedule the deposition of McCombs. *See* Exhibit "B." Aside from sending follow-up emails between May 09, 2024 through June 07, 2024, Defendant took no affirmative action to advance its efforts to take the deposition of McCombs, such as filing a motion to compel or unilaterally setting the same. *See* Docket, *generally.*

More recently, on June 07, 2024- 455 days after the filing of this action- Defendant for the first-time requested dates for the Plaintiff's deposition. *See*

Composite Exhibit "C." Despite the unreasonably short notice, Plaintiff immediately responded on Sunday June 09, 2024 advising he was available on June 12th to appear for his deposition. *Id*. Defendant, however, responded that it was unavailable. *Id*. Thereafter, Plaintiff and Defendant conferred regarding Plaintiff's availability to sit for his deposition. *Id*. Among the dates provided, Defendant offered June 17, 2024. *Id*. In order to accommodate the Defendant's request, Plaintiff requested leave from his employer. Immediately upon receiving confirmation from his employer of the approval for his request for leave, Plaintiff conveyed his availability to appear for his deposition on June 17, 2024 to the Defendant on June 14, 2024. *See* Exhibit "D." Despite having providing June 17, 2024 as a potential date for the deposition, Defendant advised that it would not be able to take the deposition as Attorney Keith Silverstein was unavailable despite Attorney Jose Peralta having assumed the entire defense of the case. *See* Exhibit "E."

Now, nearing the close of discovery, Defendant seeks to amend the Case Management and Scheduling Order yet again to extend the discovery cut-off period even further and push back dispositive briefing once more. *Motion*, pgs. 3-4.

As set forth below, the Defendant's failure to diligently pursue discovery in this matter precludes this Court from finding good cause sufficient to grant the Motion.

## LEGAL ARGUMENT

i. **Legal Standard**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also Fed. R. Civ. P. 6(b)(1) ("When an act may or must

be done within a specified time, the court may, for good cause, extend the time[.]"). The 11th Circuit has consistently held that a scheduling order should only be modified upon a showing of good cause, as established in *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998). The Case Management and Scheduling Order entered in this action specifically addresses the filing of motion for continuance as follows: "Parties will please note that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order are disfavored." [DE 24, para. 4].

    Here, Defendant has all but failed to meet its burden to warrant the requested relief as it has not been diligent in pursuing discovery and granting a third modification of the Case Management and Scheduling Order would cause Plaintiff prejudice by further delaying his day in court.

    ii.   Analysis

        **a.  Defendant has failed to make a showing of good cause.**

    There has been a complete lack of diligence on behalf of the Defendant in completing discovery and its Motion warrants denial as a result.

    Pursuant to Rule 16(b)(4), Fed. R. Civ. Pro., the moving party has the burden to show "good cause," and this entails showing that the party exercised diligence. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (finding that the failure to comply with the court's scheduling order was due to Plaintiff's lack of diligence in pursuing the claim). Rule 16's "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"

*Id.*(quoting Fed. R. Civ. P. 16 advisory committee's note). If the court finds that the party seeking leave to amend lacked due diligence, then the good cause inquiry ends with a denial of the motion. *Id.*

Despite the Defendant's thread-bare assertion without any factual analysis that "[t]he requested modifications are also not due to any lack of diligence," the record makes plain that the Defendant's failure to comply with the Court's discovery deadline is the express byproduct of a lack of diligence in this action. This action has been pending for over 455 days. Defendant served cross-defendant McCombs on January 26, 2024. As of the filing of the instant Motion, the Defendant has had in excess of 350 days to depose the Plaintiff and over 140 days to coordinate the deposition of McCombs yet failed to take diligent action to complete this discovery. By any objective standard, Defendant cannot demonstrate diligence in pursuing discovery. *See Grayson v. No Labels, Inc.*, No. 6:20-cv-1824-PGB-LRH, 2021 U.S. Dist. LEXIS 257265, at *8 (M.D. Fla. Dec. 17, 2021)(denying a movant's motion to extend discovery cutoff deadline for failing to show the requisite diligence having only attempted to set the deposition of a party one week prior to the deadline); *Perry v. Schumacher Grp. of Louisiana,* No. 2:13-cv-36-FtM-29DNF, 2014 U.S. Dist. LEXIS 201620, 2014 WL 12905736, at *3 (M.D. Fla. Aug. 19, 2014) (finding that movant failed to establish good cause to extend discovery where it should have been apparent to movant months before the discovery deadline that witnesses it sought to depose possessed testimony relevant to the case). Defendant's lack of diligence should not be rewarded by this Court as the indolent Defendant should bear the risk of its inaction.

In the interest of justice and pursuant to the Federal Rules and the binding case law cited above, Defendants' Motion must be denied.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Plaintiff, GABRIEL LUC HADDON, an individual, respectfully requests that this Court deny the Defendant's untimely and improper Motion [DE 57] in its entirety, with prejudice.

Respectfully submitted,

Dated: June 17, 2024

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 17, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Middle District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685