UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GABRIEL LUC HADDON, an individual,

        Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation,

        Defendants.
_____/

Case No. 8:23-cv-00709

**FS INVESTMENTS OF AMERICA, INC.**, a Florida corporation,

        Third-Party Plaintiff,

vs.

**MCCOMBS WEST FORD, LLC**, d/b/a MCCOMBS FORD WEST, a foreign corporation,

        Third-Party Defendant.
_____/

### THIRD-PARTY PLAINTIFF FS INVESTMENTS OF AMERICA, INC.'S RESPONSE TO THIRD-PARTY DEFENDANT MCCOMBS WEST FORD, LLC'S MOTION FOR SANCTIONS

Third-party plaintiff, FS Investments of America, Inc. ("FS Investments"), by and through the undersigned counsel, and pursuant to Local Rule 3.01(c), hereby

responds to the Motion for Sanctions field by third-party defendant, McCombs West Ford, LLC ("McCombs"), stating the following:

## A. INTRODUCTION

In its Motion for Sanctions, McCombs seeks its attorney's fees as sanctions against FS Investments under Section 57.105(1), Florida Statutes. However, as demonstrated below, the Motion is (a) premature under Section 57.105, Fed. R. Civ. P. 54(d)(2)), and Local Rule 7.1(b); (b) deficient because it fails to satisfy the standard for sanctions under Section 57.105(1); and (c) meritless because FS Investments claims are supported by law and facts.

## B. LEGAL STANDARD

The purpose of Section 57.105 is to "discourage baseless claims [and] stonewall defenses. . . ." *In re Mills*, 829 Fed. Appx. 938, 941 (11th Cir. 2020). Court's must provide any relief thereunder "with restraint to ensure that it serves its intended purpose. . . without casting a chilling effect on use of the courts." *See In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 2021 WL 5627999, at *2 (Bankr. M.D. Fla. Nov. 18, 2021) (citations omitted).

Section 57.105 provides for an award of attorney's fees to the prevailing party if the court finds that the losing party or its attorney knew or should have known that a claim or defense, when initially presented to the court or at any time before trial, (a) was not supported by the material facts necessary to establish the claim or defense, or (b) would not be supported by the application of then-existing law to those material facts. (§ 57.105(1), Fla. Stat.). Courts have construed Section 57.015 to authorize a

Page 2 of 9

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  T. 786.822.3700 F. 305.675.3605  ArmstrongTeasdale.com

grant of attorney's fees only where an action was "frivolous or so devoid of merit both on the facts and the law as to be *completely* untenable.'" *Pitts v. Geovera Specialty Ins. Co.*, 2023 WL 4669598, at *3 (M.D. Fla. July 5, 2023), *report and recommendation adopted*, 2023 WL 4661966 (M.D. Fla. July 20, 2023) (original emphasis) (citations omitted); *See Montefu Acosta v. Miami Dade Cnty.*, 2021 WL 5474143, at *2 (S.D. Fla. Nov. 23, 2021) ("[P]ursuant to Florida law, attorney's fees are awarded under section 57.105(1), Florida Statutes, where there is a *total or absolute* lack of justiciable issues of either law or fact.") (emphasis added). Legal claims are frivolous when "no reasonably competent attorney could conclude that it has any reasonable chance of success." *Montefu Acosta*, 2021 WL 5474143, at *2.

### C. ARGUMENTS

#### I. McCombs' Motion for Sanctions is Premature

Courts "must strictly construe Section 57.105." *Pitts*, 2023 WL 4669598, at *4 (M.D. Fla. July 5, 2023). Under Section 57.105, the party seeking fees must first establish that it is the prevailing party. *See* § 57.105(1), Fla. Stat.; *Gallaher v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1535501, at *2 (M.D. Fla. Mar. 29, 2018). Courts have recognized litigants as the "prevailing party" if they have received a judgment in their favor or "at least some relief on the merits of a claim." *See Harty v. Ross Dress for Less, Inc.*, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012).

Moreover, under Fed. R. Civ. P. 54(d)(2)), attorney's fees must be claimed by a motion filed no later than 14 days *after* the entry of judgment, with the basis articulated and the amount sought provided. (Fed. R. Civ. P. 54(d)(2)). Similarly, a request for

determination of entitlement to attorney's fees under Local Rule 7.1(b) must be made under these conditions. (See Local Rule 7.1(b)).

In this case, not only has judgment not been entered in favor of either party, the Court has not provided McCombs with any affirmative relief based upon the merits of the claim. As a result, the Motion for Sanctions under Section 57.105(1) fails to comply with both Rule 54(d) and Local Rule 7.1(b). Accordingly, the Motion is premature and should be denied. *See Gallaher*, 2018 WL 1535501, at *2 ("To date, no judgment has been entered in favor of [defendant]. Therefore, [defendant's] motion for attorney's fees [under Section 57.105(1)] is DENIED WITHOUT PREJUDICE because it is premature.") (original emphasis).

## II.   McCombs' Motion for Sanctions is Insufficient and Meritless

A claim for common law indemnity is one that "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." *Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.*, 171 So. 3d 194, 196 (Fla. 5th DCA 2015). Accordingly, to succeed on a claim for common law indemnity, the claimant must demonstrate the following three elements: (i) that she is wholly without fault; (ii) that the party from whom she is seeking indemnity is at fault; and (iii) that she is liable to the injured party only because she is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom she is seeking indemnity. *Florida Peninsula Ins. Co.*, 171 So. 3d 194, 196.

Of the terms "vicarious," "constructive," "derivative" and "technical" liability, "only 'vicarious liability' is a recognized term of art, and it is typically used to describe liability imposed by agency law." *Auto-Owners Ins. Co. v. Ace Elec. Serv.*, Inc., 648 F. Supp. 2d 1371, 1379 (M.D. Fla. 2009). The other three terms, "constructive," "derivative," and "technical," "are meant merely to capture the concept that the party seeking indemnity must be without fault." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1379; *see also Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.*, 171 So. 3d 196–97; *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979) ("Although courts of this state have consistently premised the allowance of indemnity upon a special relationship between the primary defendant and the third-party defendant, confusion seems to have arisen over the use of the labels employed to designate the conduct of the parties which will permit the party seeking indemnity to recover. . . . Regardless of what specific terms are employed whether the courts say active-passive or primary-secondary what they are really speaking of is fault or no fault.").

In its Motion for Sanctions, by merely alleging that the absence of a transaction or business dealing between the parties indicates that there is no "special relationship" between them, McCombs conclusively asserted that FS Investments' common law indemnity and negligent misrepresentation claims lack any legal and factual support. McCombs failed to (a) describe the parties' roles in the transaction at issue, (b) identify the liability that FS Investments claims belongs to McCombs, and (c) provide any reason that FS Investments or its counsel knew or should have known of the lack of

Page 5 of 9

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  T. 786.822.3700 F. 305.675.3605  ArmstrongTeasdale.com

legal and factual support for FS Investments' claims. (*See* § 57.105(1), Fla. Stat. (before awarding attorney's fees, the court must first find that "the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial" lacked legal or factual support).

The transaction between these parties concerns the sale of a 2012 Ford F150 by McCombs (VIN No. 1FTFW1ET2CFA12718) (the "Vehicle") through Manheim's website, representing that the Vehicle's milage was 131,628. Before the sale, McCombs had documents such as the Vehicle's CARFAX Report showing the Vehicle's mileage as 201,150.[1] FS Investments' corporate representative, Franklyn Strusberg, testified that he purchased the Vehicle through the Manheim account of FS Investments for the benefit of FS Investments, while also acting as the buyer's representative of non-party Auto Deal Corp.[2]

Thereafter, FS Investments sold the Vehicle to plaintiff, Gabriel Luc Haddon ("Haddon"), representing that the Vehicle's mileage was 131,636 by relying solely on the information provided by McCombs and the Vehicle's dashboard, which matched McCombs' mileage representation. FS Investments claims that it had no documents contradicting McCombs' representations. Now, Haddon has sued FS Investments

---

[1] *See, e.g.*, McCombs' verified answer to Interrogatory no. 5 of FS Investments' First Set of Interrogatories annexed hereto as **Exhibit A**.

[2] *See* copy of the deposition transcript of FS Investments' corporate representative at 141:1–17, annexed hereto as **Exhibit B.** In this transcript, the undersigned incorrectly referred to FS Investments as acting as the "agent" of Auto Dead when purchasing the Vehicle from McCombs. FS Investments acted as "buyer's representative" of Auto Deal. (See copy of Manheim's Bill of Sale annexed hereto as **Exhibit C**).

under 49 U.S.C. § 32701 (the "Odometer Act"), alleging that FS Investments provided the incorrect milage of the Vehicle before the sale. FS Investments asserts that McCombs is solely liable for any damages endured by Haddon, as FS Investments merely passed on McCombs' representations. Accordingly, the facts not only show that FS Investments is liable to Haddon solely because it is vicariously, constructively, derivatively, or technically liable for the wrongful acts of McCombs, but also that FS Investments and McCombs had a business relationship.[3]

### III.     McCombs Failed to Comply with Local Rule 3.01(g)

Local Rule 3.01(g) states that except for motions for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, all motions must include a certification providing (a) whether the movant conferred with the opposing party, (b) the result from the conferral, and (c) if the motion was opposed, the means by which the conference occurred. (Local Rule 3.01(g)). McCombs' Motion for Sanctions does not include this certification, and for good cause, as before filing of the Motion for Sanctions, the parties did not meet and confer regarding the merits of the same. As a result, Defendant's Motion is defective.[4]  *See, e.g., Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.,* 2021 WL 1238405, at *1 (M.D. Fla.

---

[3] Moreover, FS Investments has engaged Auto Deal for an assignment of any rights and claims Auto Deal may have against McCombs. FS Investments invited McCombs to participate in the negotiations, but McCombs has refused.

[4] This is the second time that McCombs' files a motion in violation of Local Rule 3.01(g). *See* Motion to Dismiss Third-Party Plaintiff's Third-Party Complaint and Alternatively Motion to Transfer Venue [D.E. 42].

Apr. 3, 2021) ("The Court denies the Motion [to Dismiss] for failure to comply with Local Rule 3.01(g).").

### D. CONCLUSION

Wherefore, third-party plaintiff, FS Investments of America, Inc., respectfully requests that the Court deny with prejudice the Motion for Sanctions filed by third-party defendant, McCombs West Ford, LLC, in addition to any other relief as this Court deems just and proper.

Dated September 25, 2024.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 675-3605

By: /s/ *Jose A. Peralta, Esq.*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to every counsel of record via transmission of notices of electronic filing generated by CM/ECF on <u>September 25, 2024</u>.

<u>   /s/ <i>Jose A. Peralta</i>         </u><br>
Jose A. Peralta, Esq.

Page **9** of **9**

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  **T.** 786.822.3700 **F.** 305.675.3605  **ArmstrongTeasdale.com**