UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**,
an individual,

      Plaintiff,

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
corporation, and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
a foreign corporation,

      Defendants.

_____/

**FS INVESTMENTS OF AMERICA, INC.**,

      Third-Party Plaintiff,

v.

**MCCOMBS WEST FORD, LLC, D/B/A
MCCOMBS FORD WEST**, a foreign
corporation,

      Third-Party Defendant.

_____/

Case No. 8:23-cv-00709

## <u>DEFENDANT FS INVESTMENTS OF AMERICA INC.'S AMENDED AFFIRMATIVE DEFENSES AND THIRD-PARTY COMPLAINT</u>

Defendant, FS Investments of America, Inc., by and through the undersigned

counsel, and pursuant to this Court's permission, hereby files its Amended Affirmative

Defenses and Third-Party Complaint against McCombs West Ford, LLC, stating the

following:

**EXHIBIT**

Ex. J Franklyn Strusberg 4-23-24

# AMENDED AFFIRMATIVE DEFENSES

The Amended Affirmative Defenses of defendant, FS Investments of America, Inc. ("Defendant"), are numbered separately below. Defendant asserts these Affirmative Defenses without assuming the burden of proof on such defenses that otherwise would rest upon plaintiff, Gabriel Luc Haddon ("Plaintiff").

1.    ***Accord and Satisfaction.*** On or about March 14, 2023, without accepting any liability, Defendant paid Plaintiff his demanded $8,799.20 to resolve his alleged actual damages connected to the mileage of the vehicle. Plaintiff accepted this payment. Therefore, Plaintiff's alleged actual damages have been fully resolved by the parties' agreement (accord) and Defendant's payment thereunder (satisfaction).

2.    ***Statute of Limitations.*** Plaintiff was aware of any discrepancy in the odometer reading of the Subject Vehicle on or soon after May 25, 2020, and therefore, Count I is barred by the statute of limitation under 49 U.S.C.A. § 32710(b).

3.    ***Laches***. Plaintiff's causes of action are barred by the doctrine of laches.

4.    ***No Actual Damages.*** Plaintiff's claim for breach of the Odometer Act is barred as Plaintiff has not suffered, and cannot honestly allege, any actual damages.

5.    ***Independent Tort Doctrine***. Counts II and III allege that Defendant sold Plaintiff a vehicle stating a false milage. The sale and mileage, as Plaintiff alleges, are recorded in a Buyer's Order and Retail Installment Contract and Security Agreement (the "Contract Documents"). Therefore, the fraud and fraudulent inducement claims of Counts II and III concern a conduct that constitute a breach of the Contract

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.448.4155 ArmstrongTeasdale.com

Documents. Hence, Counts II and III are barred under the Independent Tort Doctrine. *See HTP, Ltd. v. Lineas Aereas Costarricenses*, S.A., 685 So. 2d 1238, 1239 (Fla. 1996) ("Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be **independent** from acts that breached the contract.") (emphasis added); *Cf. See La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 713 (Fla. 5th DCA 1998) ("[If a] person enters into a contract with you pursuant to which, in exchange for your payment of $5,000, he will deliver to you on January 1, 1998[,] a 'top quality,' unfilled emerald. [And] [i]f, on January 1, 1998, he instead delivers an emerald that has been filled, he has only breached the contract.").

6.    ***Contractual Damages***. Counts II and III are barred because Plaintiff did not suffer, and cannot honestly allege, any damages based on fraud or fraud in the inducement that are independent of any breach of the contract documents for its purchase of the Subject Vehicle, and/or its action for breach of express warranty. *See La Pesca Grande Charters, Inc.*, 704 So. 2d 713 ("There isn't *necessarily* damage where there is fraud, which is why no cause of action for fraud exists unless there is damage *due to fraud* that is separate from damages that may result from any subsequent contractual breach.") (original emphasis); *See HTP, Ltd.*, 685 So. 2d 1239.

7.    ***Waiver.*** Plaintiff's causes of action are barred by his own conduct and/or lack of diligence that amount to a waiver of any rights that he has, or may have, in relation to the causes of action alleged in the Complaint. *See, e.g., Hurner v. Mut. Bankers*

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.448.4155 ArmstrongTeasdale.com

*Corp.*, 191 So. 831, 833 (Fla. 1939) (recognizing that waiver of fraud can occur when a party should have discovered the fraud through ordinary diligence).

8. ***Release.*** Plaintiffs claims are barred by a prior settlement and release.

9. ***Good Faith.*** Counts I–III are barred, in whole or in part, because at all material times Defendant acted in good faith and followed commercially reasonable standards. Defendant never acted in bad faith toward Plaintiff or Plaintiff's purchase of the Subject Vehicle. *See, e.g., Parker v. State of Florida Bd. of Regents ex rel. Florida State Univ.*, 724 So. 2d 163, 169 (Fla. 1st DCA 1998) ("[B]ad faith must be deemed to be a necessary element of any action for fraud whether the fraud action is based on intentional misconduct or on reckless disregard for the truth. To the extent that prior Florida case law suggested otherwise, we conclude that such cases were overruled sub silencio by *Ablanedo*.").

10. ***No Intent to Defraud.*** Plaintiff's claim for damages under the Odometer Act is barred because Defendant never acted with the intent to defraud Plaintiff in its sale of the Subject Vehicle to Plaintiff.

11. ***Estoppel.*** Plaintiff is estopped from asserting the actions in the Complaint as his own conduct, and/or the conduct of third parties outside of Defendant's control, resulted in Plaintiff's purported damages.

12. ***No Causation.*** Plaintiff has failed to state a claim for damages against Defendant, as any alleged action by Defendant was not the cause of any injury or damages, if any, of Plaintiff. Specifically, any injuries and damages alleged by Plaintiff

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 **T.** 786.822.3700 **F.** 305.448.4155 ArmstrongTeasdale.com

is the result of actions or causes outside of Defendant's conduct alleged by Plaintiff. Plaintiff's recovery is therefore barred, in whole or in part, to the extent that any of his injuries or damages were not caused by the alleged conduct of Defendant.

13. ***Comparative Negligent.*** Plaintiff was negligent when prior to signing and/or acknowledging the contract documents regarding the sale and financing of the Subject Vehicle, Plaintiff freely forgo the opportunity to verify whether Defendants' claims were true. Therefore, Plaintiff's damages, if any, should be reduced proportionally to his negligence.

14. ***Unclean Hands.*** Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, acquiescence, and other doctrines of equitable relief.

15. ***Arbitration.*** Defendant contends that Plaintiff's claims against Defendant are subject to arbitration pursuant to the applicable Retail Installment Sales Contract. As such, Defendant reserve the right to elect to arbitrate these claims as provided for therein.

16. ***Failure to Mitigate.*** Defendant contends that to the extent that Plaintiff have suffered any damages as a result of the conduct alleged in the Complaint, Plaintiff failed to mitigate those damages barring Plaintiff's claims in whole or in part.

17. ***Set Off.*** Plaintiff's damages are barred in whole or in part by the doctrine of set off.

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.448.4155 ArmstrongTeasdale.com

18.    ***Failure to State a Cause of Action***. Plaintiff has failed to state a cause of action for relief in the Complaint.

19.    ***Alteration of Vehicle***. Plaintiff's cause of action for breach of express warranty is barred by his alteration of the Vehicle while in his possession.

## RESERVATION OF RIGHT

Defendant reserves the right, subject to the Court's approval, to plead additional affirmative defenses as they become known via discovery and depositions.

*[Intentionally left blank. Third-Party Complaint follows on next page.]*

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 **T.** 786.822.3700 **F.** 305.448.4155 ArmstrongTeasdale.com

# THIRD-PARTY COMPLAINT AND
# DEMAND FOR A JURY TRIAL

Defendant/counter-plaintiff, FS Investments of America, Inc. ("FS Investments"), by and through the undersigned counsel, hereby sues third-party defendant, McCombs West Ford, LLC ("McCombs"), stating the following:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Gabriel Luc Haddon is an individual who upon information and believe resides in the state of Texas.

2.     Defendant/third-party plaintiff FS Investments of America, Inc. is a Florida corporation with a principal place of business in Hillsborough County, Florida.

3.     Third-party defendant McCombs West Ford, LLC is a Texas limited liability company with a principal place of business in San Antonio, Texas.

4.     This Court has supplemental jurisdiction pursuant to 28 U.S. Code § 1367, as the claims herein are so related to claims in the original action of which this Court has subject matter jurisdiction that they form part of the same case or controversy.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because defendant FS Investments of America, Inc. is a legal entity with a principal place of business in Hillsborough County, Florida, and a substantial part of the events giving rise to the Complaint and this Third-Party Complaint occurred in Hillsborough County, Florida.

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.448.4155 ArmstrongTeasdale.com

## GENERAL ALLEGATIONS

6.    McCombs is a Ford authorized dealer located at 7111 N.W. Loop 410, San Antonio, TX 78238.

7.    On or soon after February 1, 2020, McCombs posted a 2012 Ford F150 with VIN No. 1FTFW1ET2CFA12718 (the "Vehicle") for sale through Manheim's website, representing that the Vehicle's milage was 131,628.

8.    Manheim is the vehicle operation brand of Cox Automotive, Inc. that hosts an online marketplace of used vehicles.

9.    Upon information and believe, McCombs reviewed or had possession of the Vehicle's Certificate of Title and CARFAX report before selling the Vehicle through Manheim.

10.    On or about April 11, 2020, FS Investments' director Frank Strusberg saw the Vehicle on Manheim's website and purchased the same through Auto Deal Corp as its representative. Due to McCombs' mileage representation, Strusberg believed that he was purchasing a vehicle with 131,628 miles.

11.    On or by May 25, 2020, plaintiff Gabriel Haddon ("Haddon") purchased the Vehicle from FS Investments. At this time, FS Investments represented to Haddon that the Vehicle's mileage was 131,636, as it relied on the Vehicle's dashboard and the information provided by McCombs through Manheim.

12.    Before selling the Vehicle to Haddon, FS Investments did not have any knowledge or information that 131,636 was not the actual milage of the vehicle.

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.448.4155 ArmstrongTeasdale.com

13.     At the time it sold the Vehicle to Haddon, FS Investments was not in possession nor was it aware of the content of the Certificate of Title or the CARFAX Report.

## CONDITIONS PRECEDENT AND ATTORNEYS' FEES

14.     All conditions precedent to the filing of this action have been satisfied, waived, and/or excused.

15.     FS Investments has retained the undersigned firm to represent its interest in this matter and has agreed to pay it a reasonable fee.

## COUNT I: COMMON LAW INDEMNITY

16.     FS Investments re-alleges the allegations in paragraphs 1 through 15 as if fully stated herein.

17.     FS Investments and McCombs had a special relationship as buyer and seller.

18.     When Haddon purchased the Vehicle, FS Investments passed on to Haddon McCombs' representation regarding the milage of the Vehicle without any knowledge to the contrary.

19.     Haddon is now suing FS Investments for damages related to McCombs' mileage representation.

20.     As the original author, McCombs is the only party at fault for any alleged damages of Haddon.

21.     FS Investments may only be constructively, derivatively, or technically liable for any alleged damages of Haddon.

Armstrong Teasdale LLP **|** 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 **T.** 786.822.3700 **F.** 305.448.4155 ArmstrongTeasdale.com

22.     Accordingly, McCombs shall indemnify FS Investments for any lability imposed by this Court for Haddon's alleged damages related to the Vehicle.

**WHEREFORE**, defendant/third-party plaintiff, FS Investments of America, Inc., respectfully requests that this Court enter a judgment requiring that third-party defendant, McCombs West Ford, LLC, indemnify FS Investments for any lability imposed by this Court for Haddon's alleged damages related to the Vehicle, plus costs and interest, and any other relief that this Court deems just and proper.

## COUNT II: NEGLIGENT MISREPRESENTATION

23.     FS Investments re-alleges the allegations in paragraphs 1 through 15 as if fully stated herein.

24.     McCombs misrepresented to FS Investments that the mileage of the Vehicle was 131,628.

25.     The Vehicle's mileage is a material fact as FS Investments would not have purchased the Vehicle had it known of McCombs' misrepresentation.

26.     McCombs knew or should have known that it misrepresented the mileage of the Vehicle, as it possessed the Vehicle's Certificate of Title or CARFAX Report.

27.     McCombs intended that FS Investments relied on its mileage misrepresentation by purchasing the Vehicle.

28.     FS Investments justifiably relied on McCombs' mileage misrepresentation to its detriment.

**WHEREFORE**, defendant/third-party plaintiff, FS Investments of America, Inc., respectfully requests that this Court enter a judgment in its favor and against third-

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 **T.** 786.822.3700 **F.** 305.448.4155 ArmstrongTeasdale.com

party defendant, McCombs West Ford, LLC, for damages as determined at the trial of this cause, plus costs and interest, and any other relief that this Court deems just and proper.

Dated  **January 19, 2024**  .

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant / Third-Party*
*Plaintiff FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 448-4155

By: /s/ *Keith D. Silverstein*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to every counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on **January 19, 2024** .

/s/ *Keith D. Silverstein*
Keith D. Silverstein, Esq.

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.448.4155 ArmstrongTeasdale.com