UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**, an individual,

Case No. 8:23-cv-00709

Plaintiff,

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation,

Defendants.
_______________________________________/

**DEFENDANT FS INVESTMENTS OF AMERICA INC.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AND AMEND ITS AFFIRMATIVE DEFENSES**

Defendant, FS Investments of America, Inc. ("Defendant" or "FS Investments"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 14(a) and 15(a), hereby moves for leave to file a third-party complaint adding McCombs West Ford, LLC, d/b/a McCombs Ford West, as a third-party defendant ("McCombs"), and (ii), to amend its Affirmative Defenses adding accord and satisfaction, and in support thereof, states the following:

## A. INTRODUCTION

On or about May 25, 2020, Plaintiff purchased a 2012 Ford F150 with VIN No. 1FTFW1ET2CFA12718 (the "Vehicle") from Defendant, who operates a used car dealership. Today, Plaintiff alleges that in the documents he signed and received

EXHIBIT
Ex. K Franklyn Strusberg 4-23-24
exhibitsticker.com

pursuant to his purchase, Defendant inaccurately represented the mileage of the Vehicle with intent to defraud. What Plaintiff fails to understand, however, is that Defendant had no knowledge nor possessed any information that contradicted its milage representation. Defendant relied on the Vehicle's dashboard and information provided by McCombs West Ford, LLC ("McCombs"), the dealership who sold the Vehicle to Defendant.

Notwithstanding, before this action, and without accepting any liability, Defendant paid Plaintiff $8,799.20 as the amount Plaintiff demanded to settle its alleged actual damages connected to the Vehicle. As Plaintiff seeks actual damages in the Complaint, and because Defendant relied on McCombs' mileage representation, Defendant hereby moves for leave to file a third-party complaint against McCombs and amend its Affirmative Defenses adding accord and satisfaction. (Defendant's proposed Amended Affirmative Defenses and Third-Party Complaint are annexed hereto as **Exhibit A**.)

## B. BACKGROUND

### I. Plaintiff's and Defendant's Claims

On or about May 25, 2020, Plaintiff purchased the Vehicle from Defendant, signing and receiving in connection therewith an odometer disclosure statement, buyer's order, and retail installment contract and security agreement, among other documents, from Defendant. Each of these documents represents the Vehicle's mileage as 131,636.

Plaintiff alleges that shortly after purchasing the Vehicle, he became concerned with the mileage because "it became apparent that the vehicle did not reflect the mechanical condition of a vehicle with approximately 131,636 miles." Compl. ¶ 23. According to the Vehicle's Certificate of Title dated March 6, 2019, the mileage of the Vehicle at or around this date was 201,150. The CARFAX report provided by Plaintiff also shows irregular odometer readings.

Plaintiff accuses Defendant of having "actual and constructive notice that the Vehicle's mileage was in excess of 131,636[,]" and intentionally concealing this information from Plaintiff. Compl. ¶¶ 36, 54. However, before selling the Vehicle to Plaintiff, Defendant did not have any knowledge or information that 131,636 was not the actual milage of the Vehicle. Defendant was not in possession nor was it aware of the content of the Certificate of Title or CARFAX Report. Defendant was guided only by the Vehicle's dashboard and the information provided by McCombs when Defendant purchased the Vehicle from McCombs through Manheim, a wholesale auto marketplace.

## II. Defendant's Pre-Suit Settlement Payment to Plaintiff

On or about December 21, 2022, Plaintiff's counsel delivered to Defendant a settlement demand letter requesting $8,799.20 as actual damages, plus $500 as "FDUPTA statutory surcharge" as well as "reasonable attorney's fees in an amount to be determined," to resolve Plaintiff's FDUPTA claim. Plaintiff also filed a claim against Defendant's surety bond company, Hudson Insurance Group, requesting $8,799.20 to resolve Plaintiff's alleged actual damages connected to the Vehicle.

On or about March 17, 2023, without accepting any liability, Defendant paid Plaintiff his demanded $8,799.20 to resolve his alleged actual damages connected to the Vehicle (the "Settlement Payment"). Nonetheless, Plaintiff seeks actual damages against Defendant in his Complaint.

**III. McCombs' Milage Representation**

McCombs is a Ford authorized dealer located at 7111 N.W. Loop 410, San Antonio, TX 78238. On or soon after February 1, 2020, McCombs posted the Vehicle for sale through Manheim's website, representing that the Vehicle's milage was 131,628. Upon information and believe, McCombs reviewed or had possession of the CARFAX report and Certificate of Title before buying and selling the Vehicle, and therefore, McCombs had knowledge or constructive knowledge that the mileage of the Vehicle was not 131,628.

On or about April 11, 2020, Defendant's director Frank Strusberg saw the Vehicle on Manheim's website and purchased the same through Auto Deal Corp as its representative. Due to McCombs' mileage representation, Mr. Strusberg believed that he was purchasing a vehicle with 131,628 miles. Thereafter, on or by May 25, 2020, Plaintiff purchased the Vehicle from Defendant. As noted above, Defendant relied on McCombs' mileage representation when communicating the Vehicle's mileage to Plaintiff, as it knew or possessed no other information contradicting McCombs' representation.

## C. RELEVANT PROCEDURAL HISTORY

On May 22, 2023, Plaintiff served Defendant with his First Set of Interrogatories, First Request for Production, and First Request for Admissions, to which Defendant responded. Plaintiff also served similar discovery requests to defendant Westlake Services, LLC ("Westlake"), to which, upon information and believe, Westlake responded.[1] Plaintiff's responses to Defendant's First Request for Production and First Set of Interrogatories are due on January 21, 2024, after Defendant agreed to Plaintiff's request for a 30-day extension. The parties participated in mediation on December 7, 2023, resulting in an impasse.

## D. LEGAL STANDARD

### I. Leave to File a Third-Party Complaint

Under Rule 14(a), a defendant is permitted to file a complaint against a third-party defendant with leave, which may be granted at the discretion of the court. Fed. R. Civ. P. 14(a)(1); *see Edelsberg v. Brea Fin. Group, LLC*, 2019 WL 13067432, at *2 (S.D. Fla. Mar. 14, 2019). Courts consider the following factors when determining whether to grant a Rule 14(a) motion: "(1) whether the movant unreasonably delayed in bringing the motion; (2) whether impleading the new party would delay or unduly complicate the action; (3) whether impleading the new party would prejudice the new

[1] Plaintiff added Westlake as a party to this action alleging that as the entity that financed Plaintiff's purchase of the vehicle, it is liable for his claims against Defendant pursuant to 16 C.F.R. § 433 and § 516.31, Fla. Stat.

or the non-moving party; and (4) the merit of the underlying claim." *Herrera v. 7R Charter Ltd.*, 2018 WL 7825023, at *1 (S.D. Fla. Apr. 30, 2018).

Federal courts construe Rule 14 liberally "to promote judicial efficiency by determining rights and liabilities of all interested parties in one suit, rather than having duplicative actions." *Id*. "As long as a third-party action falls within the general contours limned by Rule 14(a), does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002).

## II. Leave to Amend a Pleading

Leave to amend a pleading should be granted absent any apparent or declared reason. *See Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.*, No. 2019 WL 5212605, at *1 (S.D. Fla. Jan. 3, 2019). The apparent or declared reasons that might justify denial are "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Gen. Star Indem. Co. v. Triumph Hous. Mgmt., LLC,* No. 20-10165, 2021 WL 1921851, at *8 (11th Cir. May 13, 2021); *see v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("the mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment.").

The Eleventh Circuit explains that "[R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend *shall* be freely given when justice so requires." *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984) (emphasis added). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).

## E. ARGUMENT

### I. The Court Should Grant Defendant Leave to File a Third-Party Complaint Against McCombs

#### a. *Defendant Has Not Unreasonably Delayed in Filing This Motion*

Defendant filed this Motion without delay or bad faith. First, according to this Court's Scheduling Order, January 17, 2024, is the last day for third party joinders and amendment of pleadings. This Motion does not require the Court to deviate from its Scheduling Order. It was filed in compliance with this order, and therefore, the Court should treat it as timely. *Abraham v. Siemens Energy Inc.*, No., 2019 WL 12021669, at *1 (M.D. Fla. Aug. 27, 2019) (finding that defendant's motion for leave to file a third-party complaint on the last day set by a scheduling order was timely).

Second, this Motion is filed now because Defendant recently established the grounds for McCombs' liability. It was not until the mediation between the parties, which occurred on December 7, 2023, that Defendant had enough information to determine whether, if this Court's finds that Plaintiff has any cognizable claims (which Defendant denies), such claims also exist against McCombs. Defendant has moved


expeditiously and with an appropriate level of diligence to file this Motion following the conclusion of the mediation.

**b. *Joining McCombs Will Not Delay or Unduly Complicate This Action nor Unduly Prejudice Plaintiff or McCombs***

When moving to add a party to a lawsuit, the burden is on the non-moving party to demonstrate that there will be undue prejudice. *See Bamgbose v. Delta-T Grp., Inc.,* 724 F. Supp. 2d 510, 518 (E.D. Pa. 2010) ("To successfully oppose the plaintiff's motion [to amend adding new defendants], the defendant must demonstrate that its ability to present its case would be seriously impaired were amendment allowed."). Here, Plaintiff cannot show that the Third-Party Complaint against McCombs will delay or unduly complicate this action or unduly prejudice him or McCombs.

Defendant's proposed Third-Party Complaint against McCombs arises from the same facts and circumstances alleged in Plaintiff's Complaint. Its filing therefore will not significantly expand the scope of the claims, defenses, and discovery in this action, and these will remain easily discernable by the parties. Plaintiff's claims depend on Defendant's alleged intentional false reporting of the Vehicle's mileage at the time it sold this Vehicle to Plaintiff. The crux of this action is Defendant's intent in its reporting, and once the Third-Party Complaint is served, it will include McCombs' intent in its own reporting of the Vehicle's mileage.

As to this case's development, mediation and a first round of discovery from Plaintiff and Defendant are the only matters that have occurred. Discovery cut-off is

scheduled for March 13, 2024, pursuant to this Court's Scheduling Order. Therefore, McCombs has a ample opportunity to file discovery and prepare its case.

**c. *Defendant has Meritorious Claims Against McCombs***

Defendant alleges a viable common law indemnity claim against McCombs in the Third-Party Complaint. Defendant and McCombs had a special relationship as buyer and seller. Defendant passed on to Plaintiff McCombs' representation regarding the milage of the Vehicle without any knowledge to the contrary, and Plaintiff is now suing Defendant for this representation. Therefore, McCombs is the sole party at fault for any damages of Plaintiff, and Defendant may only be constructively, derivatively, or technically liable for the damages. *See Osorio v. State Farm Bank*, F.S.B., 278 F.R.D. 671, 673 (S.D. Fla. 2011) (finding that impleader was appropriate because defendant's common law indemnity claim against third-party defendant was based and dependent on plaintiff's claim against defendant). Defendant's additional claims against McCombs in the Third-Party Complaint do not undermine this Motion. *See id*. 673-74 (permitting causes of action besides indemnity in a third-party complaint pursuant to Fed. R. Civ. P. 18).

**II. The Court Should Grant Defendant Leave to Amend Its Affirmative Defenses to Include the Defense of Accord and Satisfaction**

**a. *Defendant Did Not Unduly Delay in Filing This Motion and Is Not Moving with Bad Faith or Dilatory Motive***

As asserted in § I.A., *supra*, Defendant filed this Motion without delay or bad faith. Defendant filed this Motion by the deadline of this Court to amend pleadings, and therefore, it is timely. Moreover, Defendant recently established the grounds for

its accord and satisfaction defense. It was not until the mediation between the parties, which occurred on December 7, 2023, that Defendant had enough information to determine the role and effect of the Settlement Payment with regard to Plaintiff's claims. Defendant has moved expeditiously and with an appropriate level of diligence to file this Motion following the conclusion of the mediation.

**b. *Plaintiff Will Not Be Unduly Prejudiced by the Granting of This Motion***

The burden to prove prejudice relating to a motion for leave to amend under Rule 15(a) is on the non-moving party. *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). Here, Plaintiff cannot show that he will be unduly prejudiced by Defendant asserting accord and satisfaction based on the Settlement Payment.

The Settlement Payment is not a matter of surprise to Plaintiff. Plaintiff is fully aware that he accepted this payment and now demands what this payment settled (his actual damages). Additionally, the Settlement Payment is a matter at issue in this case. *See* Def.'s Affirmative Defense ¶¶ 82, 83 ("Plaintiffs claims are barred by a prior settlement and release"; "Plaintiff's causes of action are barred by his own conduct. . . that amount to a waiver of any rights that he has, or may have, in relation to the causes of action alleged in the Complaint.").

If not explored before, Plaintiff has ample opportunity to seek discovery regarding the Settlement Payment and Defendant's accord and satisfaction defense, as pursuant to this Court's Scheduling Order, the discovery cut-off date is March 13,

2024. Accordingly, the analysis of undue prejudice weights in favor of granting this Motion.

**c. *Defendant Has a Meritorious Defense of Accord and Satisfaction***

Defendant's accord and satisfaction defense is not futile. Plaintiff made a settlement demand to Defendant for satisfaction of its alleged actual damages. Plaintiff then accepted Defendant's payment as a resolution of these damages. Therefore, Plaintiff's alleged actual damages have been fully resolved by the parties' agreement (accord) and Defendant's payment thereunder (satisfaction).

## F. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to the Local Rule 3.01(g)(1), the undersign hereby certifies that it attempted to confer with Plaintiff's counsel via e-mail on January 16, 2024. However, the undersigned did not receive a response from counsel. The undersigned will attempt to contact Plaintiff's counsel after the filing of this Motion and supplement the same with the result of this attempt as required by Local Rule 3.1(g)(3).

## G. CONCLUSION

Wherefore, based on the foregoing, Defendant respectfully requests that the Court grant this Motion and any other relief that the Court deems just and proper.

Dated January 17, 2024.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 448-4155

By: */s/ Keith D. Silverstein*
Keith D. Silverstein, Esq.
Fla. Bar No. 086820
**FOR SERVICE:**
miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to every counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF on January 17, 2024.

*/s/ Keith D. Silverstein*
Keith D. Silverstein, Esq.