


Ex. M Franklyn Strusberg 4-23-24

P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

**POWERHOUSE AUTOMOTIVE**
10333 Woodberry Road
Tampa, FL 33619
**VIA USPS PRIORITY MAIL**: 9405503699300438683775

**WESTLAKE FINANCIAL SERVICES, INC.**
4751 Wilshire Boulevard, Suite 100
Los Angeles, CA 90010
**VIA USPS PRIORITY MAIL**: 9405503699300438647722

December 21, 2022

    *Re*:    Consumer:  **GABRIEL HADDON**
           Vehicle:    2012 Ford F150 SuperCrew Cab
           VIN:        2718

<u>**FLA. STAT. 501.98 DEMAND**</u>

To Whom It May Concern:

Please be advised that this office represents GABRIEL HADDON (hereinafter the "Plaintiff") regarding claims against POWERHOUSE AUTOMOTIVE located at the above listed address (hereinafter the "Dealer" or the "Dealership"), arising under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) with respect to the purchase and financing of the above-listed vehicle ("Vehicle"). Please direct all future contacts and correspondence to this Firm <u>**in writing**</u>.

**HAVING BEEN FORMALLY NOTIFIED OF OUR REPRESENTATION, YOU ARE INSTRUCTED NOT TO CONTACT MY PLAINTIFF UNDER ANY CIRCUMSTANCES. DIRECT ALL INQUIRIES TO THIS OFFICE. IF YOU FAIL TO ACT IN CONFORMITY WITH THIS DIRECTIVE, INJUNCTIVE RELIEF WILL BE SOUGHT AGAINST YOU. ACCORDINGLY, YOU ARE HEREBY NOTIFIED OF OUR ATTORNEYS' LIEN.**

Pursuant to Florida Statute 501.98, my Plaintiff hereby notifies the Dealership of its violation of the Florida's Deceptive and Unfair Trade Practices Act in connection with the sale and financing of the subject vehicle.

The following deceptive acts and practices were committed by Dealership:

<u>**Facts**</u>

On or about May 25, 2020, Plaintiff purchased the Vehicle from Dealer. *See* RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT ("RISC") attached hereto

Page **1** of **3**

1930 Harrison Street, Suite 208, Hollywood, Florida 33020



P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

as Exhibit "A". Plaintiff paid all necessary down-payment amounts required under the RISC and otherwise complied with all relevant terms. At the time of the sale of the Vehicle to the Plaintiff, Dealer affirmatively represented the mileage to be 131,636. Plaintiff materially relied upon the Dealer's representation in this regard and agreed to purchase the Vehicle as a result.

More recently the Plaintiff determined that the Vehicle's odometer had been rolled back prior to the Dealer's acquisition of the same. Specifically, on the face of the transfer title signed by the Dealer for the transfer of ownership of the Vehicle, the disclosed mileage as of March 06, 2019 was 201,150. *See* Exhibit "B". As such, Dealer had express knowledge of the Vehicle's mileage discrepancy and nevertheless affirmatively misrepresented the mileage to be 131,636.

At no point in time did Dealer present the Plaintiff with a copy of the title to inspect that the title odometer reading history on the title. Instead, Dealer had the Plaintiff execute a power of attorney form and application for certificate of title in order to allow the Dealer to affix the Plaintiff's signature to the title. *See* Exhibit "C". This was undertaken in order to prevent the Plaintiff from ascertaining the true status of the Vehicle's mileage being in excess of the disclosed mileage of 131,636 reading and with the express intent to defraud the Plaintiff. In light of the above, it is readily apparent that the Dealer knowingly and intentionally sold the Vehicle without disclosing in writing to the Plaintiff the Vehicle's true mileage causing the Plaintiff to incur significant actual damage.

## Per-Se Violations of FDUTPA

Dealer has violated the following:

a. Fla. Stat. § 320.27(9)(b)(3) when it misrepresented or made false, deceptive, or misleading statements with regard to the sale and financing of the Vehicle.
b. Fla. Stat. § 320.27(9)(b)(13) when it perpetrated the fraud upon my Plaintiff as described above.

## Good Faith Settlement Demand

Notwithstanding the foregoing, Plaintiff is willing to amicably resolve this matter and demands payment as set forth below:

a. $8,799.2 representing Plaintiff's good faith estimate of actual damages;
b. $500.00 representing the FDUTPA statutory surcharge; and,
c. Reasonable attorney's fees in an amount to be determined.



P: 954.321.0507
F: 954.697.0357
W: www.sueyourdealer.com
E: josh@sueyourdealer.com

In exchange, Plaintiff will release Dealership and its employees, sureties, agents, principles, and insurers from liability for damages under Ch. 501, Florida Statutes in connection with the above-described transaction. This offer of resolution is reasonable given your liability in this situation.

We will look forward to hearing from you regarding my Plaintiff's dispute. **Please respond within 30 days from receipt of this letter or else we will be force to proceed accordingly.**

Sincerely,

**Joshua Feygin, Esq.**
1930 Harrison Street
Suite 208F
Hollywood, FL 33020
T. 954-228-5674
F. 954-697-0357
E. Josh@sueyourdealer.com
www.sueyourdealer.com

Cc:
    **GABRIEL LUC HADDON**
    ▅▅▅▅▅▅▅▅▅▅
    (Claimant)

Encl:
    As indicated

Page 3 of 3

1930 Harrison Street, Suite 208, Hollywood, Florida 33020

# EXHIBIT A

FL-103-ARB 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| Powerhouse Automotive<br>10333 Woodberry Rd<br>Tampa, FL 33619 | Gabriel Luc Haddon<br>Maria Haddon | No. App# 57987168 - V# 3<br>Date 5/25/2020 |

Buyers' Month of Birth  March   January

☐ Business, commercial or agricultural purpose Contract.

Documentary Stamp Tax. Florida documentary stamp tax required by law in the amount of $ __70.35__ has been paid or will be paid directly to the Florida Department of Revenue. Certificate of Registration No. _____

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 5000.00 |
|---|---|---|---|---|
| 16.09 % | $ 7439.19 | $ 20080.17 | $ 27519.36 | $ 32519.36 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 48 | $ 573.32 | Monthly, Beginning 07/07/20 |

**Security.** You are giving us a security interest in the Property purchased.
**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
**Prepayment.** If you pay off this Contract early, you may have to pay a penalty.
**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2012 | Ford | F150 SuperCrew Cab | Pickup | 2718 | 131636 |

Other: _____

☐ New
☒ Used
☐ Demo

## Description of Trade-In

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: _____
_____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 20080.17 plus finance charges accruing on the unpaid balance at the rate of 16.09 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZFL 11/9/2016
Page 1 of 6

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it as Custodian

☐ Loan Processing Fee. You agree to pay a loan processing fee of
$ N/A _____ that will be ☐ paid in cash.
☐ financed over the term of the Contract.

☒ Pre-delivery Service Fee. You agree to pay a pre-delivery service fee of
$ 799.00 _____ that will be ☐ paid in cash.
☐ financed over the term of the Contract. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

☐ Minimum Finance Charge. You agree to pay a minimum finance charge of
$ N/A _____ if you pay this Contract in full before we have earned that much in finance charges.

### Itemization of Amount Financed

| | | |
|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 1417.82 ) | $ 23415.82 |
| b. | Pre-delivery service fee | $ 799.00 |
| c. | **Cash Price** (a+b) | $ 24214.82 |
| d. | Trade-in allowance | $ N/A |
| e. | Less: Amount owing, paid to (includes m) | $ N/A |
| f. | Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ N/A |
| g. | Cash payment | $ 5000.00 |
| h. | Manufacturer's rebate | $ N/A |
| i. | Deferred down payment | $ N/A |
| j. | Other down payment (describe) _____ | $ N/A |
| k. | **Down Payment** (f+g+h+i+j) | $ 5000.00 |
| l. | **Unpaid balance of Cash Price** (c-k) | $ 19214.82 |
| m. | Financed trade-in balance (see line f) | $ N/A |
| n. | Paid to public officials, including filing fees | $ N/A |
| o. | Insurance premiums paid to insurance company(ies) (See *Insurance Disclosures* section for coverage and benefits types.) | $ N/A |
| p. | Service Contract, paid to: _____ | $ N/A |
| q. | To: Documentary Stamp Tax | $ 70.35 |
| r. | To: _____ | $ N/A |
| s. | To: Knight Management Insurance Services for GAP | $ 795.00 |
| t. | To: _____ | $ N/A |
| u. | To: _____ | $ N/A |
| v. | To: _____ | $ |
| w. | To: _____ | $ |
| x. | To: _____ | $ |
| y. | To: _____ | $ |
| z. | To: _____ | $ N/A |
| aa. | **Total Other Charges/Amts Paid** (m thru z) | $ 865.35 |
| bb. | Prepaid Finance Charge | $ N/A |
| cc. | **Amount Financed** (l+aa-bb) | $ 20080.17 |

We may retain or receive a portion of any amounts paid to others.

### Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None
Premium $ N/A _____ Term _____
Insured _____

**Credit Disability**
☐ Single  ☐ Joint  ☒ None
Premium $ N/A _____ Term _____
Insured _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A
By: _____ DOB ____

N/A
By: _____ DOB ____

N/A
By: _____ DOB ____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A _____. If you get insurance from or through us you will pay $ N/A _____ for 0 months _____ of coverage. This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov.    $ N/A
☐ $ N/A Deductible, Comprehensive    $ N/A
☒ Fire-Theft and Combined Additional Cov.    $ N/A
☐                                            $ N/A

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS CHECKED AND INDICATED.**

[This area intentionally left blank.]

Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
WLK-MVLFAZFL 11/9/2016
Page 2 of 6

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance. The Coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay
$ N/A _____ for _____
of coverage. This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit. You authorize us to purchase Single-Interest Insurance.

eSigned By:
*Gabriel Haddon*
May 25, 2020 11:44:49 AM PDT       5/25/2020
By: Gabriel Luc Haddon                Date

eSigned By:
*Maria Haddon*
May 25, 2020 11:46:45 AM PDT       5/25/2020
By: Maria Haddon                      Date

By: _____   Date

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _____
Price $ N/A
Coverage _____

☒ **Gap Waiver or Gap Coverage**
Term 48 months
Price $ 795.00
Coverage _____

☐ _____
Term _____
Price $ _____
Coverage _____

eSigned By:
*Gabriel Haddon*
May 25, 2020 11:44:49 AM PDT       5/25/2020
By: Gabriel Luc Haddon                Date

eSigned By:
*Maria Haddon*
May 25, 2020 11:46:45 AM PDT       5/25/2020
By: Maria Haddon                      Date

By: _____   Date

### Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**Deferment.** We may agree to defer the scheduled due date of all or any part of any installment payment, and will collect a $15.00 fee for such deferment. You must maintain the insurance on the Property required by this Contract during any deferment period. You may extend any optional insurance you bought with this Contract if the insurance company or your insurance contract allows the extension and if you pay the extension charge. In addition to the $15.00 deferment fee and the costs of extending required or optional insurance, you will also be required to pay additional finance charges as a result of exercising the deferment option.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. We may impose an acquisition charge of $75.00 for services performed in processing this Contract if it is paid in full within 6 months after the Contract's effective date. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a service charge that is the greater of 5% of the face amount of the instrument, (including orders of payment, debit card orders, or electronic funds transfers), or $25.00, if the face value of the instrument does not exceed $50.00; $30.00 if the face value exceeds $50.00 but does not exceed $300.00; $40.00 if the face value exceeds $300.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Florida and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
♦ You fail to perform any obligation that you have undertaken in this Contract.
♦ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

---

Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

WLK-MVLFAZFL 11/9/2016

Page 3 of 6

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian

If you default, you agree to pay our court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.

- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance from any insurance provider that is reasonably acceptable to us. Your choice of an insurance provider will not affect the credit decision. We may impose reasonable requirements concerning the extent of coverage and the financial soundness of the insurance provider. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Arbitration Provision

**PLEASE READ CAREFULLY!** By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:

- EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.
- YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.
- IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it as Custodian

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

### Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| | |
|---|---|
| N/A | 5/25/2020 |
| By: | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

*[This area intentionally left blank.]*

## Arbitration Provision and Process to Remove

This Contract contains an Arbitration Provision that **affects your rights**. By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

## Acknowledgment for Electronic Signatures

[X] **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

eSigned By: *Gabriel Haddon* — May 25, 2020 11:44:49 AM PDT — 5/25/2020
By: Gabriel Luc Haddon                                   Date

eSigned By: *Maria Haddon* — May 25, 2020 11:48:45 AM PDT — 5/25/2020
By: Maria Haddon                                        Date

By: _____                       Date

---

**Notice to Buyer.** a. Do not sign this Contract before you read it or if it contains any blank spaces. b. You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

eSigned By: *Gabriel Haddon* — May 25, 2020 11:44:49 AM PDT — 5/25/2020
By: Gabriel Luc Haddon                                   Date

eSigned By: *Maria Haddon* — May 25, 2020 11:48:45 AM PDT — 5/25/2020
By: Maria Haddon                                        Date

By: _____                       Date

Seller Powerhouse Automotive

eSigned By: *Alex Reyes* — May 25, 2020 11:43:06 AM PDT — 5/25/2020
By: _____                       Date

**Assignment.** This Contract and Security Agreement is assigned to
Westlake Financial
4751 Wilshire Blvd. Suite 100 Los Angeles CA 90010
the Assignee, phone (800) 641-6700. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
[ ] This Assignment is made with recourse.

Seller Powerhouse Automotive

eSigned By: *Alex Reyes* — May 25, 2020 11:43:06 AM PDT — 5/25/2020
By: _____                       Date

[This area intentionally left blank.]

# EXHIBIT B

SCAN TRANSACTION NUMBER  539994086

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

FRANCISCO HERRERA ESCOBEDO
11119 ACUFF STATION
SAN ANTONIO, TX 78254

9905310

0189976

▼ DETACH HERE ▼

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

144973339

**TxDMV**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FTFW1ET2CFA12718 | 2012 | FORD | PK |

TITLE/DOCUMENT NUMBER: 015418435200930008     DATE TITLE ISSUED: 03/06/2019

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| F-1 | | 5400 | JCV3889 |

PREVIOUS OWNER: CHER SHANE ULANDAY HUNT TX

ODOMETER READING: 201150

OWNER:
FRANCISCO HERRERA ESCOBEDO
11119 ACUFF STATION
SAN ANTONIO, TX 78254

REMARKS: ACTUAL MILEAGE

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: NONE    1ST LIENHOLDER:

1ST LIEN RELEASED ____ DATE ____
BY ____ AUTHORIZED AGENT

DATE OF LIEN:    2ND LIENHOLDER:

2ND LIEN RELEASED ____ DATE ____
BY ____ AUTHORIZED AGENT

DATE OF LIEN:    3RD LIENHOLDER:

3RD LIEN RELEASED ____ DATE ____
BY ____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE ____ DATE ____
SIGNATURE ____ DATE ____
SIGNATURE ____ DATE ____

FORM 30-C REV. 05/2016     DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Whenever you sell or trade in a vehicle, be sure to protect yourself by filing the Vehicle Transfer Notification online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**   144973339

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

**ASSIGNMENT OF TITLE**
- Name of Purchaser: GOMEZ SALLY
- Address: 7111 N.W. LOOP 410, SAN ANTONIO, TX 78238
- Odometer Reading: 151,021
- Date of Sale: 3/31/20
- Printed Name: Francisco Herrera Escobedo
- Buyer: Sally Gomez

**FIRST REASSIGNMENT DEALER ONLY**
- Name of Purchaser: Auto Deal Corp
- Address: 7611 NW 7th Ave Unit 126, Miami, FL 33150
- Odometer Reading: 131,628
- Date of Sale: 04-14-2020
- Dealer's Name: McCombs Ford West
- Dealer No: 15975
- Printed Name: Juliana A

**SECOND REASSIGNMENT DEALER ONLY**
- Name of Purchaser: Towerhouse Automotive, 10333 Woodberry Rd, Tampa FL 33619
- Odometer Reading: 131,630
- Date of Sale: 5-15-20
- Dealer's Name: Auto Deal Corp
- Dealer No: VI1023695
- Printed Name: Juliana A / Franklyn Strusbers

**THIRD REASSIGNMENT DEALER ONLY**
- Name of Purchaser: Gabriel Luc Haddon and Maria Haddon
- Odometer Reading: 131,636
- Date of Sale: 5-25-20
- Dealer's Name: Towerhouse Automotive
- Dealer No: VI112809
- Printed Name: Franklyn Strusbers / Gabriel Luc Haddon and Maria Haddon By Poa Don Hall

**LIEN**
LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS):

# EXHIBIT C

SCAN TRANSACTION NUMBER  539994090

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES – DIVISION OF MOTORIST SERVICES
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
www.flhsmv.gov/offices/

# POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME OR VESSEL

5/25/2020
(Date)

I/We hereby name and appoint, __Don Hall__, to be my/our
(Full Legibly Printed Name is Required)

lawful attorney-in-fact, to act for me/us, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my/our name and sign their name, in my/our behalf. My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me/us in as sufficient a manner as I/we myself/ourselves could do, were I/we personally present and signing the same.

With full power of substitution and revocation, I/we hereby ratify and confirm whatever my/our said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

CHECK ONE:   [X] Motor Vehicle    [ ] Mobile Home    [ ] Vessel

| Year | Make/Manufacturer | Body Type | Title Number |
|------|-------------------|-----------|--------------|
| 2012 | Ford F150 SuperCrew Cab | Pickup | |

Vehicle/Vessel Identification Number
███████████2718

**NOTICE TO OWNER(S): COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.**

UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_[signature]_                                  Gabriel Luc Haddon
(Signature of Owner "Grantor")                  (Legibly Printed Name of Owner "Grantor")

(Driver License, Identification Card or FEID Number for Owner)    (Date of Birth for Owner, if applicable)

(Owner's Address)         (City)         (State)         (Zip)

_[signature]_                                  Maria Haddon
(Signature of Co-Owner "Grantor," if applicable)   (Legibly Printed Name of Co-Owner "Grantor," if applicable)

(Driver License, Identification Card or FEID Number for Co-Owner)   (Date of Birth for Co-Owner, if applicable)

(Co-Owner's Address)      (City)         (State)         (Zip)

This non-secure power of attorney form may be used when an individual or entity appointed as the attorney-in-fact will be completing the odometer disclosure statement as the buyer only or the seller only. However, this form cannot be used to allow an individual or entity (such as a dealership) to sign as both buyer and seller for the purpose of disclosing the odometer reading. This may be accomplished only with the secure power of attorney (HSMV 82995) when:

(a)  the title is physically being held by the lienholder; or
(b)  the title is lost.

NOTE: A licensed dealer and his/her employees are considered a single entity.

Check your local phone book government pages or visit the following website for current mailing addresses:
http://www.flhsmv.gov/offices/

HSMV 82053 (Rev. 12/11) S          www.flhsmv.gov

SCAN TRANSACTION NUMBER 539994085

# STATE OF FLORIDA
## APPLICATION FOR VEHICLE/VESSEL CERTIFICATE OF TITLE

| CNTY# | AGY# | SUB# | RFT# |
|---|---|---|---|
| 4 | 14 | DMJ | 2762 |

AUDIT #

L# 631623
T# 1152630045
B# 134263
S# 77540584

| TITLE NUMBER | VEHICLE/VESSEL IDENTIFICATION # | YR. MAKE | MAKE or MANUFACTURER | BODY TYPE | VEHICLE COLOR | WT/LENGTH | GVW/LOC |
|---|---|---|---|---|---|---|---|
| 138744423 | 2718 | 2012 | FORD | TK | SIL | 5400 | |

| DATE OF ISSUE MO. DAY YEAR | TRANS CODE | VEHICLE USE | HULL MATERIAL | PROPULSION | FUEL | VESSEL TYPE | WATER | FL NUMBER | AUTH DESTRUCTION |
|---|---|---|---|---|---|---|---|---|---|
| 06 04 20 | OUT | PRIVATE | | | | | | | |

Applicant/Owner's Name & Address
GABRIEL LUC HADDON AND MARIA HADDON

| SEX | BIRTHDATE MO. DAY YEAR | RESIDENT Y N ALIEN | CNTY RES.# |
|---|---|---|---|
| M | 03 26 99 | X | 28 |

1st OWNER FL/DL# OR F.E.I.D.#: H350292991060
2nd OWNER FL/DL# OR UNIT #: H350540675120

VOLUNTARY CONTRIBUTIONS

| AGENCY FEE | TITLE FEE | SALES TAX | GRAND TOTAL |
|---|---|---|---|
| 4.75 | 83.00 | 0.00 | 87.75 |

Action Requested: ORIG USED TITLE RETAINED AS ELECTRONIC TITLE
Brands:

| PREV. STATE | DATE ACQUIRED | NEW | USED | ODOMETER / VESSEL MANUFACTURER | ODOMETER DECLARATION CERTIFICATION |
|---|---|---|---|---|---|
| TX | 05/25/2020 | | XX | 131,636 MILES 05/25/2020 ACTUAL | ☐ |

### LIEN INFORMATION

| | DATE OF LIEN | RECEIVED DATE | FEID # OR FL / DL AND SEX AND DATE OF BIRTH | DMV ACCOUNT # |
|---|---|---|---|---|
| ELT | 05/25/2020 | 06/04/2020 | 954177647-01 | 201803682 |

NAME OF FIRST LIENHOLDER: WESTLAKE FINANCIAL SERVICES
ADDRESS: ELECTRONIC LIEN

SALVAGE TYPE

### SELLER INFORMATION
NAME OF SELLER, FLORIDA DEALER, OR OTHER PREVIOUS OWNER
POWERHOUSE AUTOMOTIVE
ADDRESS
10333 WOODBERRY RD
TAMPA, FL 33619-8011
DEALER LICENSE NO.
VI11280091

CONSUMER OR SALES TAX EXEMPTION #

### SALES TAX AND USE REPORT
TRANSFER OF TITLE IS EXEMPT FROM FLORIDA SALES OR USE TAX FOR THE REASON(S) CHECKED
☐ PURCHASER HOLDS VALID EXEMPTION CERTIFICATE
☐ VEHICLE / VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL
☐ OTHER

INDICATE TOTAL PURCHASE PRICE, INCLUDING ANY UNPAID BALANCE DUE SELLER, BANK OR OTHERS  $
INDICATE SALES OR USE TAX DUE AS PROVIDED BY CHAPTER 212, FLORIDA STATUTES  $ 0.00

☐ SELLING PRICE VERIFIED

### APPLICANT CERTIFICATION
I/WE HEREBY CERTIFY THAT THE VEHICLE/VESSEL, TO BE TITLED WILL NOT BE OPERATED UPON THE PUBLIC HIGHWAYS/WATERWAYS OF THIS STATE.
☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.
☐ I CERTIFY THAT THIS MOTOR VEHICLE/VESSEL WAS REPOSSESSED UPON DEFAULT OF THE LIEN INSTRUMENT AND IS NOW IN MY POSSESSION.
I/WE HEREBY CERTIFY THAT I/WE LAWFULLY OWN THE ABOVE DESCRIBED VEHICLE/VESSEL, AND MAKE APPLICATION FOR TITLE. IF LIEN IS BEING RECORDED NOTICE IS HEREBY GIVEN THAT THERE IS AN EXISTING WRITTEN LIEN INSTRUMENT INVOLVING THE VEHICLE/VESSEL DESCRIBED ABOVE AND HELD BY LIENHOLDER SHOWN ABOVE. I/WE FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS.
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Signature of Applicant/Owner                              Signature of Applicant/Co-Owner
HSMV 82041 REVISED 02/06          SCAN CODE: MVT

I UNDERSTAND THAT MY DRIVER LICENSE AND REGISTRATIONS WILL BE SUSPENDED IMMEDIATELY IF THE INSURER DENIES THE INSURANCE INFORMATION SUBMITTED FOR THIS REGISTRATION.

SCAN TRANSACTION NUMBER 539994088

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION** *New Tag*
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
www.flhsmv.gov/offices/

CHECK APPLICATION TYPE: ☐ ORIGINAL ☐ TRANSFER   VEHICLE TYPE: ☒ MOTOR VEHICLE ☐ MOBILE HOME ☐ VESSEL   OFF-HIGHWAY VEHICLE: ☐ ATV ☐ ROV ☐ MC

### 1. OWNER / APPLICANT INFORMATION

Are you a Florida resident? Owner: ☒ yes ☐ no  Co-Owner: ☐ yes ☐ no
Are you an alien? ☐ yes ☒ no   ☐ yes ☐ no

OR ☒ AND  NOTE: When joint ownership, please indicate if "or" or "and" is to be shown on title when issued. If neither box is checked, the title will be issued with "and."
If applicable: ☐ Life Estate/Remainder Person  ☐ Tenancy By the Entirety  ☐ With Rights of Survivorship  ☒ Owner's County of Residence:

Owner's Name As It Appears on Driver License: **Gabriel Luc Haddon**
Co-Owner/Lessee's Name As It Appears on Driver License: **Maria Haddon**

### 2. MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

Vehicle/Vessel Identification Number: **1FTFW1ET2CFA12718**
Make/Manufacturer: **Ford**   Year: **2012**   Body: **Pickup**   Color: **Sil**
Previous State of Issue: **TX**   License Plate: **New**   Weight: **5615** / **5400**   GVW/LOC: **7200**

### 3. BRANDS, USAGE AND TYPE

☒ PRIVATE USE

### 4. LIENHOLDER INFORMATION

FEID#: **0201803682**   Date of Lien: **5/25/2020**   Lienholder's Name: **Westlake Financial**
Email: **wfscustomerservice@westlakefinancial**   Address: **PO Box 997592**   City: **Sacramento**   State: **CA**   Zip: **95899-7592**

### 5. TRANSFER TYPE

☒ SALE   DATE ACQUIRED: **05 / 25 / 2020**

### 6. ODOMETER DECLARATION

☒ 6 DIGIT ODOMETER NOW READS: **1 3 1 , 6 3 6**  MILES, DATE READ **05 / 25 / 2020**
☒ 1. REFLECTS ACTUAL MILEAGE

### 7. DEALER SALES TAX REPORT AND VEHICLE TRADE IN INFORMATION

FLORIDA SALES TAX REGISTRATION NUMBER: **39801769023-2**
DATE OF SALE: **5/25/2020**
DEALER LICENSE NUMBER: **VF1128009-1**
AMOUNT OF TAX: **1417.82**

HSMV 82040 – REV. 11/15   RULE 15C-21.001, FAC   www.flhsmv.gov   6529

SCAN TRANSACTION NUMBER 539994089

| 8 | MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION |

THIS SECTION REQUIRES A PHYSICAL INSPECTION AND A VERIFICATION OF THE VEHICLE IDENTIFICATION NUMBER (VIN) (OR THE MOTOR NUMBER FOR MOTOR VEHICLES MANUFACTURED PRIOR TO 1955) OF THE MOTOR VEHICLE DESCRIBED ON THIS FORM BY A LICENSED DEALER, FLORIDA NOTARY PUBLIC, POLICE OFFICER, OR FLORIDA DIVISION OF MOTOR VEHICLES EMPLOYEE OR TAX COLLECTOR EMPLOYEE. IF THE VIN IS VERIFIED BY AN OUT-OF STATE MOTOR VEHICLE DEALER, THE VERIFICATION MUST BE SUBMITTED ON THEIR LETTERHEAD STATIONERY. COMPLETE THIS SECTION ON ALL USED MOTOR VEHICLES, INCLUDING TRAILERS, (WITH ABBREVIATION OF "TL" WITH A WEIGHT OF 2,000 POUNDS OR MORE) NOT CURRENTLY TITLED IN FLORIDA.

I, the undersigned, certify that I have physically inspected the above described vehicle and find the vehicle identification number to be: **2718**
(Vehicle Identification Number)

DATE: **5/25/2020**          SIGNATURE          PRINTED NAME: **Franklyn Strusberg**

Law Enforcement Officer or Florida Dealer/Agency Name **Powerhouse Automotive**   Badge # or Florida Dealer # **1128009**   Notary Stamp or Seal

FL DMV/Tax Collector Employee _____  Florida Compliance Examiner/Inspector Badge or ID Number _____

COMMISSIONED NAME OF FLORIDA NOTARY: _____   NOTARY'S SIGNATURE _____
(Print, Type or Stamp)

| 9 | SALES TAX EXEMPTION CERTIFICATION |

THE PURCHASE OF A RECREATIONAL VEHICLE TO BE OFFERED FOR RENT AS LIVING ACCOMMODATIONS DOES NOT QUALIFY FOR EXEMPTION. I CERTIFY THE RECREATIONAL VEHICLE, MOBILE HOME OR VESSEL DESCRIBED HAS BEEN PURCHASED AND IS EXEMPT FROM THE SALES TAX IMPOSED BY CHAPTER 212, FLORIDA STATUTES, BY:

☐ PURCHASER (STATE AGENCIES, COUNTIES, ETC.) HOLDS VALID EXEMPTION CERTIFICATE   CONSUMER'S CERTIFICATE OF EXEMPTION NUMBER _____

☐ MOTOR VEHICLE ☐ MOBILE HOME ☐ VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL   SALES TAX REGISTRATION NUMBER _____

I hereby certify that ownership of the motor vehicle, mobile home or vessel described on this application, is not subject to Florida Sales and Use Tax for the following reason: ☐ INHERITANCE ☐ GIFT

☐ DIVORCE DECREE   ☐ TRANSFER BETWEEN A MARRIED COUPLE   ☐ EVEN TRADE OR TRADE DOWN (State the facts of the even trade or trade down and the transferor information, including the transferor's name and address, below under "Other: Explain.")

☐ OTHER: (EXPLAIN) _____

| 10 | REPOSSESSION DECLARATION |

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:

☐ I CERTIFY THAT THIS MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS REPOSSESSED UPON DEFAULT IN THE TERMS OF THE LIEN INSTRUMENT AND IS NOW IN MY POSSESSION.
☐ (VESSEL) A PHOTOCOPY OF THE LIEN INSTRUMENT FOR THE VESSEL IS REQUIRED AND ATTACHED.
☐ I AM REQUESTING THAT AN ORIGINAL CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME IN LIEU OF A TITLE (REPOSSESSION).
☐ I AM REQUESTING THAT A DUPLICATE CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME, AS THE ORIGINAL HAS BEEN LOST OR DESTROYED.

| 11 | NON-USE AND OTHER CERTIFICATIONS |

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:

☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.
☐ THE VEHICLE IDENTIFIED WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS OF THIS STATE UNTIL PROPERLY REGISTERED.
☐ THE VESSEL IDENTIFIED WILL NOT BE OPERATED ON THE WATERS OF THIS STATE UNTIL PROPERLY REGISTERED.
☒ OTHER: (EXPLAIN) **BODY "TK" WEIGHT 5400.**

| 12 | APPLICATION ATTESTMENT AND SIGNATURES |

I/WE PHYSICALLY INSPECTED THE ODOMETER/VIN AND FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS. (More than one form HSMV 82040 may be used for additional signatures.)
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SIGNATURE OF APPLICANT (OWNER)   Date **5/25/2020**     SIGNATURE OF APPLICANT (CO-OWNER)   Date **5/25/2020**

| 13 | RELEASE OF SPOUSE OR HEIRS INTEREST |

The undersigned person(s) state(s) as follows: That _____ died on _____
(Name of Deceased)   (Date)

☐ testate (with a will)        ☐ intestate (without a will) and left the surviving heir(s) named below.
☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.
(More than one form HSMV 82040 may be used for additional signatures.)

Print or Type Name of Spouse, Co-owner or Heir(s)   Signature of Spouse, Co-Owner or Heir(s)

_____

That at the time of death the decedent was owner of the motor vehicle, mobile home or vessel described in section 2 of this form. The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle, mobile home or vessel to:

**Gabriel Luc Haddon and Maria Haddon**
Name of Applicant(s) (Print or Type)

RESIDENTS OF FLORIDA AND ALL VESSEL OWNERS, RESIDING IN FLORIDA OR OUT OF STATE, SHOULD SUBMIT THIS FORM AND ALL REQUIRED DOCUMENTATION TO A LOCAL FLORIDA TAX COLLECTOR'S OFFICE OR THE FLORIDA TAX COLLECTOR'S OFFICE LOCATED IN THE APPLICANT'S COUNTY OF RESIDENCE FOR PROCESSING.
Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/
www.flhsmv.gov

HSMV 82040 – REV. 11/15   RULE 15C-21.001, FAC