UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**,
an individual,

    Plaintiff,                                                       CASE NO. 8:23-cv-00709

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
corporation, and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
a foreign corporation,

    Defendants.
_____/

**DEFENDANT FS INVESTMENTS OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

        Defendant, **FS INVESTMENTS OF AMERICA, INC.** ("Defendant"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 36, hereby responds to the First Request for Admissions of plaintiff, **GABRIEL LUC HADDON** ("Plaintiff"), as follows:

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS**

        1.    The Transfer Title was created as part of the regularly conducted business activity of POWERHOUSE as required by law.

        **RESPONSE: Admitted**

2. The Transfer Title was made in the course and scope of the business of POWERHOUSE as required by law.

**RESPONSE: Admitted**

3. The person who recorded the information on the Transfer Title had knowledge of the information contained therein.

**RESPONSE: Objection. Defendant is unable to admit or deny as Defendant is unable to determine the scope, use, and/or intent of the word "knowledge."**

4. The person who recorded the information on the Transfer Title inspected the Vehicle prior to completing the Transfer Title.

**RESPONSE: Objection. Defendant is unable to admit or deny as Defendant is unable to determine the scope, use, and/or intent of the word "inspected."**

5. The person who recorded the information on the Transfer Title certified that the odometer reading disclosed therein was accurate.

**RESPONSE: Denied as phrased. The person who recorded the information on the Transfer Title had no knowledge that the odometer reading disclosed therein was inaccurate.**

6. The person who recorded the information on the Transfer Title certified that the odometer reading disclosed therein was in excess of the mechanical limits.

**RESPONSE: Denied**

7. The person who recorded the information on the Transfer Title certified that the odometer reading disclosed therein was not the actual mileage.

**RESPONSE: Denied**

8. The person recording information in the Transfer Title was required by law to record the items of information contained therein correctly.

**RESPONSE: Denied as phrased. The person who recorded the information on the Transfer Title had no knowledge that the odometer reading disclosed therein was inaccurate.**

9. The information recorded in the Transfer Title pertaining to the transfer of title to the GABRIEL LUC HADDON was provided contemporaneously with the transfer of the Vehicle to the GABRIEL LUC HADDON.

**RESPONSE: Admitted**

10. POWERHOUSE transferred title to the Vehicle to GABRIEL LUC HADDON with 131,636 miles disclosed on the Transfer Title.

**RESPONSE: Admitted**

11. Franklyn Strusberg signed the Transfer Title as the seller of the Vehicle when Defendant sold the Vehicle to GABRIEL LUC HADDON.

**RESPONSE: Admitted**

12. Franklyn Strusberg is a corporate officer of POWERHOUSE.

**RESPONSE: Admitted**

13. GABRIEL LUC HADDON did not sign the Transfer Title individually.

**RESPONSE: Admitted.**

14. The Transfer Title was signed on behalf of GABRIEL LUC HADDON by an attorney-in-fact pursuant to a power of attorney.

**RESPONSE: Admitted**

15. At the time of the transaction with GABRIEL LUC HADDON, POWERHOUSE was aware of the odometer disclosure requirements of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and the regulations promulgated thereunder.

**RESPONSE: Admitted that Defendant was subject to the odometer disclosure requirements of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and the regulations promulgated thereunder. Defendant is a corporate entity and cannot, itself, have any knowledge.**

16. POWERHOUSE represented that the mileage was 131,636 in the RISC.

**RESPONSE: Admitted that Defendant prepared the "RISC" based upon the information provided to it at the time it purchased the Vehicle.**

17. POWERHOUSE represented that the mileage as 131,636 in the BO.

**RESPONSE: Admitted that Defendant prepared the "BO" based upon the information provided to it at the time it purchased the Vehicle.**

Dated July 27, 2023

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Telecopier: (305) 448-4155

By: /s/ *Keith D. Silverstein*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on July 27, 2023, with a copy of this document via email.

    /s/ *Keith D. Silverstein*
    Keith D. Silverstein, Esq.