## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**GABRIEL LUC HADDON**,
an individual,

    Plaintiff,                                CASE NO. 8:23-cv-00709

v.

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
corporation, and WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
a foreign corporation,

    Defendants.
_____/

## DEFENDANT FS INVESTMENTS OF AMERICA, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, **FS INVESTMENTS OF AMERICA, INC.** ("Defendant"), by and through its counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby answers the First Set of Interrogatories of plaintiff, **GABRIEL LUC HADDON** ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories' instructions to the extent that they place, or seek to place, burdens or requirements that are unreasonable or inconsistent with the Federal Rules of Civil Procedure.

2. Defendant objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or disproportionate to the needs of the case.

3. Defendant objects to the Interrogatories to the extent that they require production or identification of data, documents, or information that is subject to the attorney/client privilege, the attorney work product privilege, or any other statutory or common law privilege or protection.

4. Defendant objects to the Interrogatories to the extent that they are vague and ambiguous or contain undefined terms.

5. Defendant objects to each Interrogatory to the extent that it is cumulative and/or duplicative of another Interrogatory.

6. Defendant objects to the Interrogatories to the extent they seek data and/or information that is confidential, privileged, sensitive, or proprietary to Defendant.

All of these General Objections apply to each answer below where appropriate as set forth therein in full.

### SPECIFIC ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. **Affiant.** Please identify the person(s) who participated in the preparation of the answers to these Interrogatories. As to any such person, identify which Interrogatory such assistance was provided as well as the source of information for such assistance.

**ANSWER**: Mr. Franklyn Strusberg with the assistance of counsel, Keith D. Silverstein, Esq., Armstrong Teasdale LLP, 355 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134.

2. **Potential Witness(es).** Please identify all persons who are believed or known by Defendant, its agents or attorneys, to have any knowledge concerning any of the issues or matters raised in the pleadings herein and specify the subject matter about which the witness has knowledge.

| | |
|---|---|
| **Franklyn Strusberg, Director**<br>FS Investments of America, Inc.<br>c/o Keith D. Silverstein, Esq.<br>Armstrong Teasdale LLP<br>Knowledge: Defendant's purchase of the Vehicle, as well as Plaintiff's purchase and financing of this vehicle. | **Gabriel Luc Haddon, Buyer**<br>c/o Joshua E. Feygin, Esq.<br>Joshua Feygin, PLLC<br>Knowledge: Purchase and financing of the Vehicle. |
| **Alex Reyes, Salesperson**<br>FS Investments of America, Inc.<br>c/o Keith D. Silverstein, Esq.<br>Armstrong Teasdale LLP<br>Knowledge: Plaintiff's purchase and financing of this vehicle. | **Maria Haddon, Co-Buyer**<br>c/o Joshua E. Feygin, Esq.<br>Joshua Feygin, PLLC<br>Knowledge: Purchase and financing of the Vehicle. |

**Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing**.

3. **Expert Witness(es) - Trial.** In regard to any expert witness(es) that Defendant intends to call at the trial of this case, please set forth the following:

(a) Identify each such witness;
(b) Describe his or her qualifications as an expert;
(c) State the subject matter upon which he or she is expected to testify;

(d) State the substance of the facts and opinions to which he or she is expected to testify; and

(e) Provide a summary of the grounds of each such opinion.

**ANSWER**: Defendant will disclose any experts that it intends to introduce at trial within the time set by the Amended Case Management and Scheduling Order.

4. **Expert witness(es) - Consultation.** Identify any and all experts with whom Defendant has consulted in regard to this case.

**ANSWER**: Defendant objects to this Interrogatory as it seeks information protected by the work product doctrine. Subject to this objection, Defendant will disclose any experts that it intends to introduce at trial within the time set by the Amended Case Management and Scheduling Order.

5. **Statements by Plaintiff.** Identify each and every person believed or known by Defendant, its agents and/or attorneys, to have heard Plaintiff, his employees, agents, or representatives, make any statement, remark, or comment concerning any matters or issues raised in the pleadings herein, and state the substance of any such statement, remark, or comment.

**ANSWER**: Mr. Reyes (see answer to Interrogatory 2 above). The substance includes Plaintiff's purchase and financing of the Vehicle. Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.

6. **Witness Statement(s).** State whether Defendant, its agents, attorneys, or anyone acting on Defendant's behalf, have obtained statements in any form from any person(s) regarding any issue raised in this lawsuit. If so, state the following:

    (a) Identify the person(s) giving the statement(s);
    (b) The date when such statement(s) was taken;
    (c) The name and address of the person(s) taking the statement; and
    (d) Whether a copy of such statement(s) was given to the person(s) from whom it was taken.

**ANSWER: None.**

7. **Identification of Actors as to Vehicle.** Identify each person (including the Transferee Party) who performed any activity with respect to the repair, servicing, marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of whether the person is an employee or agent of POWERHOUSE). As to any such person, identify:

    (a) The activity performed.
    (b) Whether the person knew the actual mileage of the Vehicle;
    (c) Whether the person knew the odometer of the Vehicle had been altered; and
    (d) All communications (both written and oral) between POWERHOUSE and the person concerning the instant action.

**ANSWER: Defendant purchased the Vehicle from Auto Deal Corp. Mr. Reyes (see answer to Interrogatory 2) marketed the Vehicle on behalf of Defendant by posting it on the websites identified in Interrogatory 8, performed a routine inspection of the Vehicle as described in Interrogatory 8, and processed Plaintiff's purchase and financing of the Vehicle.**

**Before and after Plaintiff's purchase of the Vehicle, neither Mr. Reyes nor any other employee, agent, or representative of Defendant have any independent recollection of the Vehicle's odometer, or any information in connection with the "actual" reading and/or alteration as alleged by Plaintiff.**

**As to the Interrogatory 7(c), Defendant is not in possession of any documents that are responsive to this Request. However, Defendant continues to search for documents that are responsive to this Request, and once completed, and if non-privileged responsive documents exist, Defendant will produce the same to Plaintiff.**

**Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.**

8. **Completion of Transfer Title**. Describe the step-by-step process by which POWERHOUSE marketed, sold, transferred, assigned, or disposed of the Vehicle. With respect to the Transfer Title, identify the person who signed the Transfer Title on behalf of POWERHOUSE, the date of signing, the information placed on the Transfer Title by that person, and whether the person inspected the Vehicle before signing.

**ANSWER: The Vehicle was purchased by Auto Deal Corp. from Manheim. (See Bill of Sale produced along with these answers). Thereafter, Auto Deal Corp. sold the Vehicle to Defendant. Defendant, through Mr. Reyes, inspected the Vehicle as described below and posted the Vehicle for sale on Defendant's website,**

Facebook Marketplace, and Craigslist. Plaintiff visited Defendant's place of business and purchased the Vehicle the same day.

As to the Transfer Title attached to these Interrogatories as Exhibit A, Defendant states that this document speaks for itself. Defendant believes that the Transfer of Title was signed approximately two weeks after Plaintiff purchased the Vehicle. Defendant performed a routine inspection of the Vehicle (e.g., check the Vehicle's oil level, tire condition, and drivability) before signing the Transfer Title. Mr. Strusberg (see answer to Interrogatory 2) was aware of this inspection at the time of the transfer of title.

Defendant reserves the right to amend or supplement this answer as discovery and investigation are ongoing.

9. **Litigation Preservation Hold- Electronic Records.** Did POWERHOUSE provide a cell phone, computer, or email account to any person who performed any activity with respect to the marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of whether the person is an employee or agent of POWERHOUSE). As to any such person, identify:

    (a) the cell phone, computer, or email account;
    (b) what actions were taken to preserve the device, email and text messages to prevent loss or spoliation; and
    (c) whether the device, email and text messages were preserved.

**ANSWER**: Defendant provided an e-mail to Mr. Strusberg (frank@powerhouseautomotive.us) and Mr. Reyes

**(alex@powerhouseautomotive.us.). Defendant has preserved the e-mails as well as has any communications therein by not taking actions that would delete the same.**

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for Defendant FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Telecopier: (305) 448-4155

By: /s/ *Keith D. Silverstein*
Keith D. Silverstein, Esq.
Fla. Bar No. 086820
ksilverstein@atllp.com
Jose A. Peralta, Esq.
Fla. Bar No. 1028554
jperalta@atllp.com
**FOR SERVICE:**
miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on July 27, 2023, with a copy of this document via email.

/s/ *Keith D. Silverstein*
Keith D. Silverstein, Esq.