## ASSIGNMENT OF CLAIM AGREEMENT

This Assignment of Claim Agreement (this "Agreement") is made and entered into as of the 26th day of September, 2024 (the "Effective Date"), by and between Auto Deal Corp., Inc., a Florida corporation ("Assignor"), and FS Investments of America, Inc, d/b/a Powerhouse Automotive, a Florida corporation ("Assignee").

## RECITALS

A. WHEREAS, Assignee is a Florida corporation duly licensed to engage in the purchase and sale of used automobiles; and

B. WHEREAS, Assignor is a Florida corporation duly licensed to engage in the purchase and sale of used automobiles; and

C. WHEREAS, Assignee purchased from Assignor a 2012 Ford F150 (VIN No. 1FTFW1ET2CFA12718) (the "Vehicle") that is the subject of the complaint and third party complaint in the matter *Haddon v. FS Investments of America, Inc.*, Case No. 23-cv-00709, pending in the United States District Court, Middle District of Florida; and

D. WHEREAS the parties desire that Assignor assign to Assignee, and Assignee assume from Assignor, all of Assignor's right, title and interest in any claim that Assignor may have arising out of the purchase and sale of the Vehicle ("Claim") in exchange for a release from Assignee of any claim or cause of action that Assignee may have against Assignor in connection with the purchase and sale of the Vehicle; and

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. Assignment of the Claim.

Assignor hereby irrevocably assigns and remits to Assignee, and Assignee hereby assumes from Assignor, all of Assignor's right, title and interest in any claim that Assignor may have arising out of the purchase and sale of the Vehicle. The parties acknowledge and agrees that (i) the outcome of any Claim that Assignee may pursue is uncertain and Assignor makes no representation or warranty with respect to the success or the outcome of any potential litigation in connection with the Vehicle, and (iii) no action or omission on the part of Assignor in exercising or failing to exercise its rights in connection with the Claim or in connection with or arising from the purchase and sale of the Vehicle shall make Assignee liable to Assignor.

2. Consideration. In consideration of Assignor's assignment of the Claim to Assignee, contemporaneously with the execution and delivery of this Agreement by each of the parties hereto, Assignee shall execute a General Release for the benefit of Assignor.

3. Further Assurances. Assignor shall, at any time and from time to time after the Effective Date, upon the request of Assignee, execute, acknowledge and deliver all such further

assignments, transfers, conveyances, powers of attorney and assurances, and take all such further actions, as shall be necessary or desirable to give effect to the transactions hereby consummated and to collect and reduce to the possession of Assignee any and all of the interests and assets hereby transferred by Assignor to Assignee.

4. <u>Successors</u>. This Agreement shall be binding upon Assignor and upon Assignor's successors and assigns and shall inure to the benefit of Assignee and its successors and assigns.

5. <u>Representations and Warranties</u>. Each of Assignor and Assignee represents and warrants to the other that: (a) it has all requisite power and authority to execute and deliver this Agreement and any other assignments, instruments and documents to be executed and delivered to effectuate the assignment and assumption contemplated hereby (collectively, the "<u>Assignment Documents</u>"); (b) its execution and delivery of this Agreement and the other Assignment Documents and the performance of its obligations hereunder and thereunder have been authorized by all necessary action and do not violate any laws, regulations or orders by which it is bound; and (c) this Agreement and the other Assignment Documents constitute its legal, valid and binding obligations, enforceable against it in accordance with the terms hereof and thereof, subject to applicable bankruptcy, insolvency, reorganization, moratorium or similar applicable laws affecting creditors' rights generally. Assignor further represents and warrants that (i) Assignor is the true and lawful owner of the Claim and has good title to the same; (ii) Assignor has made no prior assignment or sale of the Claim and Assignor has not granted to any other person or entity has any right, title, or interest therein; (iii) the execution and delivery of this Agreement and any other Assignment Document by Assignor does not contravene any agreement to which Assignor is a party or by which it is bound; and (iv) no liens, encumbrances, charges, security interests or obligations of any kind exist on the date hereof against the Assignor's Claim.

6. <u>Choice of Law</u>. This Agreement shall be governed by, and construed in accordance with the laws of the Florida (without giving effect to the principles thereof relating to conflicts of laws to the extent such principle would direct the application of law of another jurisdiction).

7. <u>Third Party Beneficiary</u>. This Agreement is entered into for the sole protection and benefit of the parties hereto and their respective successors and assigns, and no other person shall be a direct or indirect beneficiary of, or shall have any direct or indirect cause of action or claim in connection with this Agreement, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third persons to any party to this Agreement.

8. <u>Successors and Assigns</u>. This Agreement and the representations and warranties, covenants and agreements herein contained shall inure to the benefit of and shall bind the respective parties hereto and their respective successors and assigns.

9. <u>Entire Agreement</u>. This Agreement is intended to embody the final, complete and exclusive agreement among the parties with respect to the subject matter hereof and is intended to supersede all prior agreements, understandings and representations written or oral, with respect thereto; and may not be contradicted by evidence of any such prior or contemporaneous agreement, understanding or representation, whether written or oral.

10. <u>Amendments</u>. This Agreement shall not be altered, modified or amended except by a written instrument signed by each of the parties hereto.

11. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the Effective Date.

| AUTO DEAL CORP. | FS INVESTMENTS OF AMERICA, INC. |
|---|---|
| By: _____ | By: _____ |
| Name: Martin Santessi | Name: Franklyn Strusburg |
| Its: President | Its: President |