## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

GABRIEL LUC HADDON,                                    Case No. 8:23-cv-00709

        Plaintiff,

vs.

FS INVESTMENTS OF AMERICA,
INC., and WESTLAKE SERVICES,
LLC,

        Defendants.
_____/

## DEFENDANT FS INVESTMENTS OF AMERICA, INC.'S
## COUNTER-STATEMENT OF DISPUTED FACTS

Defendant, FS Investments of America, Inc. ("Defendant"), by and through the undersigned counsel, and pursuant to this Court's Amended Case Management and Scheduling Order [D.E. 24] (the "CMO"), hereby files its *Statement of Disputed Facts* in connection with its response to the *Motion for Partial Summary Judgment* [D.E. 73] filed by plaintiff, Gabriel Luc Haddon ("Plaintiff" or "Haddon"), stating the following:

1.      Defendant disputes that "[its] inspection of a vehicle acquired for resale is limited to a test-drive," as set forth in paragraph 11 of Plaintiff's SOF. (*See* Strusberg's Dep. 22:12–23:1, 39:11–14, 146:12–21; Strusberg's Decl. ¶ 14).[1]

---

[1] A copy of the deposition transcript of Mr. Franklyn Strusberg, director and corporate representative of Defendant, was filed with Plaintiff's Motion for Partial Summary Judgment as **Exhibit 1**. A copy of Mr. Strusberg's Declaration was filed with Defendant's Response as **Exhibit 4**.

2.       Defendant disputes that "[it] was unable to recall the condition of the Ford at the time of the inspection," as set forth in paragraph 13 of Plaintiff's SOF. (*See* Strusberg's Decl. ¶ 17).

3.       Defendant disputes that "Mr. Haddon relied on FS Investment's representations concerning the mileage when he agreed to *purchase* the Ford for the cash price of $21,998," as set forth in paragraph 17 of Plaintiff's SOF (emphasis added). (Haddon Dep. 38:16-21, 38:22–39:5, 39:10-13).[2]

4.       Defendant disputes that "When making the decision to purchase the Ford, Mr. Haddon believed that a vehicle with less miles would require [less] maintenance which influenced his decision to buy the Ford," as set forth in paragraph 18 of Plaintiff's SOF. (*See* Haddon's Dep. 38:16-21, 38:22–39:5, 39:10-13, 60:12-18).

5.        Defendant disputes that "The Buyer's Order fails to disclose that the disclosed mileage was inaccurate," as set forth in paragraph 21 of Plaintiff's SOF. (See Ex. 1.D. to Pl.'s Mot. Summ. J. (the Buyer's Order properly shows the mileage as set forth in the Vehicle's odometer)).

6.       Defendant disputes that "Mr. Haddon felt satisfied regarding the condition of the Ford and his decision to purchase it for family and household purposes *given that he believed the Ford had only been driven 131,636 miles*," as set forth in paragraph 27 of Plaintiff's SOF (emphasis added). (*See* Haddon's Dep. 24:7-24:21, 25:7–9, 36:9–14; Strusberg Decl. ¶ 18).

---

[2] A copy of the deposition transcript of plaintiff Gabriel Haddon was filed Defendant's Response as **Exhibit 3**.

7.     Defendant disputes that "[t]he Manheim listing for the Ford had a 'Condition Rating of 2.8' which was 'below average,'" as set forth in paragraph 28 of Plaintiff's SOF. (See Strusberg Decl. ¶ 12).

8.     Defendant disputes that "The Manheim listing for the Ford discloses '[o]dometer problem reported,'" as set forth in paragraph 29 of Plaintiff's SOF. (*See* Strusberg Decl. ¶¶ 8 –11).

9.     Defendant disputes that "The mileage disclosure made by [it] on the Transfer Title for the Ford was based on the Bill of Sale it received from Manheim and a visual inspection of the Ford's odometer," as set forth in paragraph 34 of Plaintiff's SOF. (*See* Strusberg's Dep. 22:12–23:1, 39:11–14, 146:12–21; Strusberg Decl. ¶¶ 16, 17 (it was based on more than that)).

10.     Defendant disputes that "Manheim provides buyers like FS Investments with an opportunity to inspect vehicles sold through its platform," as set forth in paragraph 36 of Plaintiff's SOF. (*See* Strusberg's Dep. 140:6–13).

11.     Defendant disputes that "FS Investments has no policies or procedures to investigate the veracity of the mileage of a vehicle it acquires for resale other than relying on a seller's disclosure," as set forth in paragraph 37 of Plaintiff's SOF. (*See* Strusberg's Dep. 22:12–23:1, 39:11–14, 146:12–21; Strusberg Decl. ¶¶ 15–17).

12.     Defendant disputes that "[it] accepted transfer of the title to the Ford with <u>*an incomplete odometer disclosure*</u> by virtue of the penultimate seller's failure to select the designation that the mileage reading was not actual," as set forth in paragraph 40 of

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 **T.** 786.822.3700 **F.** 305.675.3605 **ArmstrongTeasdale.com**

Plaintiff's SOF (emphasis added. (See copy of the Vehicle's certificate of title annexed to Def.'s Response as Exhibit 5; Def.'s Response).

13.     Defendant disputes that "An _agent or employee_ by the name of 'Betty' signed the Transfer Title on behalf of Franklyn Strusberg when the title was transferred from Auto Deal Corp to FS Investments," as set forth in paragraph 45 of Plaintiff's SOF (emphasis added). (_See_ Strusberg's Dep. 75:10–77:8, 113:9–18, 141:18–142:2; Strusberg's Decl. ¶¶ 28, 29).

14.     Defendant disputes that "[it] _failed_ to provide the Transfer Title for inspection and signature by Mr. Haddon," as set forth in paragraph 46 of Plaintiff's SOF (emphasis added). (_See_ Haddon Dep. 27:23–28:5; Strusberg Decl. ¶¶ 25, 26).

15.     Defendant disputes that "[a]t the time the Ford was sold, the Transfer Title was not held by a lender," as set forth in paragraph 47 of Plaintiff's SOF. (_See_ Strusberg's Dep. 111:4–20, 126:21–128:4; Strusberg's Decl. ¶ 23).

16.     Defendant disputes that "[it] is unable to explain why an unsecure power of attorney was utilized," as set forth in paragraph 49 of Plaintiff's SOF. (Strusberg's Decl. ¶ 22).

17.     Defendant disputes that "An _agent or employee_ by the name of "Betty" signed the Transfer Title on behalf of Franklyn Strusberg in connection with the mileage disclosures provided to Mr. Haddon," as set forth in paragraph 50 of Plaintiff's SOF (emphasis added). (_See_ Strusberg's Dep. 75:10–77:8, 113:9–18, 141:18–142:2; Strusberg's Decl. ¶¶ 28, 29).

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.675.3605 ArmstrongTeasdale.com

18.    Defendant disputes that "[t]he mileage reading is inaccurate on the Ford," as set forth in paragraph 52 of Plaintiff's SOF. (*See, e.g.*, Finley Dep. 47:13–48:7, 70:3–22; Haddon's Dep. ¶ 36:3–8; Strusberg's Dep. 134:17–23; Strusberg's Decl. 14–17).[3]

19.    Defendant disputes that "The mileage disclosures provided by FS Investments to Mr. Haddon were inaccurate," as set forth in paragraph 53 of Plaintiff's SOF. (*Id.*).

20.    Defendant disputes that "An inaccurate odometer reading negatively impacts a vehicle's value," as set forth in paragraph 54 of Plaintiff's SOF. (*See* Strusberg Dep. 25:20–26:11; Def.'s Response).

21.    Defendant disputes that "A vehicle with an impaired odometer reading is worth less than the same vehicle with an accurate reading," as set forth in paragraph 54 of Plaintiff's SOF. (*Id.*).

22.    Defendant disputes that "The diminution of value attributable to the impaired odometer reading is $5,500," as set forth in paragraph 56 of Plaintiff's SOF. (*Id.*).

23.    Defendant disputes that "Had FS Investments provided Mr. Haddon with the Transfer Title, he would have discovered that the mileage was '201150' as of March 06, 2019, *and opted to not purchase the Ford*," as set forth in paragraph 56 of

---

[3] A copy of the deposition transcript of Mr. Henry Finley, general manager and corporate representative of third-party defendant McCombs West Ford, LLC, a Ford authorized dealership, was filed with this Response as **Exhibit 2**.

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.675.3605 ArmstrongTeasdale.com

Plaintiff's SOF (emphasis added). (See Pl.'s Response to Def.'s First Set Interrog. No. 11).[4]

24.     Defendant disputes that "After purchasing the Ford, Mr. Haddon experienced unexpected mechanical difficulties," as set forth in paragraph 58 of Plaintiff's SOF. (*See* Haddon's Dep. 60:12-18).

25.     Defendant disputes that "On August 14, 2020, the Ford was delivered to Quality Care Automotive Center in Lutz, Florida to have the turbocharger replaced after it failed," as set forth in paragraph 59 of Plaintiff's SOF. (Def.'s Response).

26.     Defendant disputes that "The cost of the repair was $1,720.47," as set forth in paragraph 61 of Plaintiff's SOF. (Haddon's Dep. 40:18-19, 40:20-25; Def.'s Response).

27.     Defendant disputes that "Mr. Haddon did not anticipate such a costly repair would be required for the Ford given FS Investment's representations that the Ford's mileage was 131,636," as set forth in paragraph 62 of Plaintiff's SOF. (*See* Haddon's Dep. 60:12-18).

28.     Defendant disputes that "Mr. Haddon paid $3,532.72 more than he should have as and for the finance charges," as set forth in paragraph 65 of Plaintiff's SOF. (Haddon's Dep. 40:18-19, 40:20-25, 67:12-20; Def.'s Response).

---

[4] Plaintiff's responses to Defendant's interrogatories are filed with this Statement of Disputed Facts as **Exhibit 1**.

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134 T. 786.822.3700 F. 305.675.3605 ArmstrongTeasdale.com

29.     Defendant disputes that "Mr. Haddon paid $212.82 more than he should have as and for the taxes assessed on the purchase of the Ford," as set forth in paragraph 66 of Plaintiff's SOF. (*Id.*).

Dated <u>October 28, 2024</u>.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
Counsel for FS Investments of America, Inc.
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 675-3605

By: <u>*/s/ Jose A. Peralta, Esq.*</u>
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>October 28, 2024</u>, a true and correct copy of the foregoing was served to every counsel of record via transmission of notices of electronic filing generated by CM/ECF.

<u>*/s/ Jose A. Peralta*</u>
Jose A. Peralta, Esq.