UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA
INC., d/b/a POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

**PLAINTIFF'S ANSWERS TO FS INVESTMENTS OF AMERICA, INC'S, d/b/a POWERHOUSE AUTOMOTIVE'S INTERROGATORIES TO PLAINTIFF**

PLAINTIFF, GABRIEL LUC HADDON, by and through counsel, and pursuant to the pursuant to Fed. R. Civ. P. 33, hereby responds to the Defendant, FS INVESTMENTS OF AMERICA, INC'S., d/b/a POWERHOUSE AUTOMOTIVE's First Set of Interrogatories below.

Plaintiff makes these answers subject to, and without waiving or intending to waive but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Defendant's First Interrogatories.

Defendant also states that discovery is ongoing, and that it may and shall timely supplement these responses as new information becomes available.

**OBJECTION TO DEFENDANT'S INSTRUCTIONS**

Exhibit 1

Defendant objects to Defendant's Instructions to the extent that they impose any obligations beyond what is required by Rule 33 and the Federal Rules of Civil Procedure generally. To the extent that any term(s) defined in Defendant's Instructions are defined differently than as the same term(s) are defined under the Federal Rules, Plaintiff will understand such terms as defined under the Federal Rules.

## SPECIFIC RESPONSES

1. Please identify every person who participated in providing the information and/or preparing the responses to Defendant's First Set of Interrogatories and Request for Production, and for each person, state whether their participation was based on personal knowledge. If their participation was not based solely on personal knowledge, please identity the Documents upon which each person relied for their participation in providing the information and/or preparing the responses.

**RESPONSE:**

a. Maria Haddon – Personal knowledge; insurance papers, receipts, bill of sale, title
b. Gabriel Haddon - Personal knowledge; insurance papers, receipts, bill of sale, title
c. Prepared with the assistance of Attorney Joshua Feygin.

2. Please identify every person whom You know and/or believe has, may have, and/or claims to have knowledge and/or Documents related to any of the facts, claims, and/or defenses now and/or hereafter asserted in the instant action, and for each person, state the following with specificity:

> (a) each person's relationship with You;
> (b) each person's complete name, e-mail, phone number, home address, and work address;
> (c) the knowledge each person has, may have, and/or claims to have;
> (d) the Documents each person has, may have, and/or claims to have; and
> (e) each person's involvement with the Vehicle and/or Your purchase of the same.

**RESPONSE:**

1. Maria Haddon:

   a. Mother

   b. mariahaddon@gmail.com, 720-519-3002, 3532 Braemar Rd. Land O' Lakes, Florida 34638
   c. Personal knowledge of the facts and circumstances surrounding the purchase and financing of the subject vehicle, representations made by the Defendant to Induce the sale; material omissions of fact to induce the sale of the vehicle
   d. Bill of sale, title, receipts, insurance papers,
   e. Purchaser, co-signer

2. Franklyn Strusberg:

   a. Owner/director of Defendant FS INVESTMENTS OF AMERICA INC and transferor of title for subject vehicle.
   b. C/o Keith D. Silverstein, Esq., Armstrong Teasdale LLP, 355 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134.
   c. Defendant's purchase of the Vehicle, as well as Plaintiff's purchase and financing of this vehicle.
   d. Documents germane to the purchase and acquisition of the subject vehicle by Defendant. Documents arising from and related to the purchase and financing transaction of the Vehicle by the Plaintiff.
   e. Mr. Strusberg acquired the subject vehicle on behalf of the dealership. Upon information and belief Mr. Strusberg was involved in the inspection, advertising and sale of the subject vehicle to the Plaintiff. Mr. Strusberg also executed the title transfer documents during the course of the sale of the subject vehicle to Plaintiff.

3. Alex Reyes:

   a. Salesperson FS Investments of America, Inc.
   b. c/o Keith D. Silverstein, Esq. Armstrong Teasdale LLP, 355 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134.
   c. Plaintiff's purchase and financing of this vehicle. Representations made or omitted during the sale of the subject vehicle to Plaintiff.
   d. Documents arising from and related to the purchase and financing transaction of the Vehicle by the Plaintiff.
   e. Mr. Reyes was involved in the sale of the subject vehicle to Plaintiff.

4. Stuart Raskin

   a. Expert witness
   b. C/o Joshua Feygin, Esq.
   c. Diminution of value to the subject vehicle as a result of the impaired odometer reading.
   d. Documents germane to the valuation of the vehicle.
   e. Mr. Raskin has knowledge as to the diminution of value sustained as a result of the impaired odometer reading.

5. Yunier Rodriguez Alfonso

      a. Aggrieved consumer & witness to dealership's pattern and practice of wrongdoing.
      b. C/o Joshua Feygin
      c. Mr. Yunier asserts that the dealership misrepresented the mileage of a vehicle that was purchased from the Defendant on or about January 19, 2021.
      d. Documents germane to the purchase and sale of the vehicle Mr. Yunier purchased along with title documents executed to transfer title.

Plaintiff reserves the right to amend or supplement this answer as discovery is ongoing.

3. Please identify each person whom You may use as a fact witness at trial, and state with specificity the substance of the facts and testimony to be provided by each person.

**RESPONSE:** *See* Response to Request 1, *supra*. Plaintiff reserves the right to amend or supplement this answer as discovery is ongoing.

4. Please describe with specificity the complete factual basis for Your allegation in paragraph 67 of the Complaint that Defendant "*induced Mr. Haddon into signing the RISC and consummating the transaction for the sale of the Subject Vehicle by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. Haddon rely on them to his detriment.*"

**RESPONSE:**

I am not an attorney. I have hired Attorney Joshua Feygin to represent my interests in this lawsuit. With that in mind, I will try my best to respond to this request.

At the time of the sale of the vehicle to me, the dealership had represented, both orally and in writing, that the mileage was 131,636 miles. The subject vehicle's CarFax history and the transfer title to the vehicle reveal that the mileage was 201,150 as far back as March 6, 2019. As a sophisticated seller of automobiles, Defendant made such representations through gross negligence and/or a reckless disregard for what the law required. Specifically, Mr. Franklyn Strusberg, director and owner of Powerhouse Automotive, signed the certificate of title as the transferee on May 15, 2019 when Defendant acquired the subject vehicle and later as the transferor of title on May 25, 2019. The face of the certificate of title for the subject vehicle revealed that the mileage was 201,150 as late as March 6, 2019. Instead of presenting me with the certificate of title which would have plainly revealed the mileage inaccuracy, Defendant had me execute an Application For Certificate Of Title With/Without Registration wherein the Defendant affirmatively disclosed under penalty of perjury that the mileage at the time of sale was 131,636 and it was the "actual" mileage despite the face of the title upon which the Defendant took title to the subject vehicle plainly disclosed that the vehicle's mileage was 201,150 as late as March 6, 2019. As a result of the mileage misrepresentation, I ended up paying vastly more for the vehicle than it was worth. Had I known about the mileage discrepancy, I would not have agreed to purchase the vehicle or paid significantly less for it.

I reserve the right to amend or supplement this answer as discovery is ongoing.

5. Please describe with specificity the complete factual basis for Your allegation in paragraph 61 of the Complaint that "*knew that the representations set forth above were false or made such representations recklessly, and Defendant had no reasonable grounds for believing those representations to be true.*"

**RESPONSE:**

I am not an attorney. I have hired Attorney Joshua Feygin to represent my interests in this lawsuit. With that in mind, I will try my best to respond to this request.

At the time of the sale of the vehicle to me, the dealership had represented, both orally and in writing, that the mileage was 131,636 miles. The subject vehicle's CarFax history and the transfer title to the vehicle reveal that the mileage was 201,150 as far back as March 6, 2019. As a sophisticated seller of automobiles, Defendant made such representations through gross negligence and/or a reckless disregard for what the law required. Specifically, Mr. Franklyn Strusberg, director and owner of Powerhouse Automotive, signed the certificate of title as the transferee on May 15, 2019 when Defendant acquired the subject vehicle and later as the transferor of title on May 25, 2019. The face of the certificate of title for the subject vehicle revealed that the mileage was 201,150 as late as March 6, 2019. Instead of presenting me with the certificate of title which would have plainly revealed the mileage inaccuracy, Defendant had me execute an Application For Certificate Of Title With/Without Registration wherein the Defendant affirmatively disclosed under penalty of perjury that the mileage at the time of sale was 131,636 and it was the "actual" mileage despite the face of the title upon which the Defendant took title to the subject vehicle plainly disclosed that the vehicle's mileage was 201,150 as late as March 6, 2019.

I reserve the right to amend or supplement this answer as discovery is ongoing.

6. Please describe with specificity the complete factual basis for Your allegation in paragraph 52 of the Complaint that *"[Defendant] has violated the Act in that [Defendant] made a false statement to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4 with intent to defraud."*

**RESPONSE:**

I am not an attorney. I have hired Attorney Joshua Feygin to represent my interests in this lawsuit. With that in mind, I will try my best to respond to this request.

At the time of the sale of the vehicle to me, the dealership had represented, both orally and in writing, that the mileage was 131,636 miles. The dealership withheld the certificate of title from me and executed it on my behalf. Instead of presenting me with the certificate of title which would have plainly revealed the mileage inaccuracy, Defendant had me execute an Application For Certificate Of Title With/Without Registration wherein the Defendant affirmatively disclosed under penalty of perjury that the mileage at the time of sale was 131,636 and it was the "actual" mileage despite the face of the title upon which the Defendant took title to the subject vehicle plainly disclosed that the vehicle's mileage was 201,150 as late as March 6, 2019. As a result of

the undisclosed mileage discrepancy, I ended up paying significantly more than the vehicle was worth.

I reserve the right to amend or supplement this answer as discovery is ongoing.

7. Please describe with specificity the complete factual basis for Your allegation in paragraph 54 of the Complaint that *"[Defendant] violated the Act with the intent to defraud."*

**RESPONSE:**

*See* Response to Request No. 6, *supra.*

8. Please describe with specificity the complete factual basis for Your allegation in paragraph 67 of the Complaint that *"As more particularly described above, [Defendant] induced Mr. Haddon into signing the RISC and consummating the transaction for the sale of the Subject Vehicle by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. Haddon rely on them to his detriment."*

**RESPONSE:**

*See* Response to Request No. 4, *supra.*

9. Please identify with specificity each misrepresentation that You allege Defendant committed as alleged in paragraphs 63, 64, 65, 67, 68 and 69 of the Complaint and describe with specificity the reason You believe that Defendant made each alleged misrepresentation knowingly, recklessly, and/or with intent to defraud.

**RESPONSE:**

*See* Response to Request No. 5, *supra.*

10. Please identify with specificity each omission that You allege Defendant committed as alleged in paragraphs 62, 63 and 68 of the Complaint, and describe with specificity the reason You believe that Defendant made each alleged omission knowingly, recklessly, and/or with intent to defraud.

**RESPONSE:**

*See* Response to Request No. 9, *supra.*

11. Please identify with specificity the complete factual basis for Your allegation in paragraph 62 of the Complaint that "*representations and omissions concerning the purchase of the Subject Vehicle were material and important*."

**RESPONSE:**

Mileage is a primary indicator of a vehicle's usage and overall condition. A truthful and accurate mileage disclosure would provide me with a clear understanding of how extensively the vehicle has been driven. Truthful and accurate information relative to the mileage of the vehicle would help me assess the potential wear and tear on critical components such as the engine, transmission, and suspension and the cost to own the vehicle following my purchase of it. Mileage also plays a significant role in determining the depreciation and future resale value of a vehicle. A truthful and accurate mileage disclosure would enable me to make an informed decision regarding the vehicle's long-term value. Higher mileage typically leads to a lower resale value, so knowing the accurate mileage would help me anticipate future costs and potential returns on my investment. The purchase of the vehicle was a significant financial decision in my life. I had no reason to not believe the Defendant's representations regarding the mileage as the dealership's representatives seemed to be honest and trustworthy. Given that I believed the mileage was 131,636 I thought the purchase price of the vehicle was fair and given the dealership's representations regarding the mileage, I agreed to purchase the vehicle.

Had I known that the vehicle's mileage was not 131,636 as represented to me at the time of the sale of the vehicle and was in fact 201,150 as late as March 6, 2019, I would not have agreed to purchase the vehicle or paid significantly less for it. Following the purchase of the vehicle I was burdened with abnormal maintenance costs that I did not anticipate when I made the decision to purchase the vehicle. Had I known I would have to pay higher than normal maintenance costs as a result of the vehicle's excessive mileage, I would not have agreed to purchase the vehicle or paid significantly less for it.

I reserve the right to amend or supplement this answer as discovery is ongoing.

12. Please describe with specificity the complete factual basis for Your allegation that You relied upon the alleged misrepresentations and omissions as alleged in paragraphs 63, 68 and 69 of the Complaint.

**RESPONSE:**

*See* Response to Request No. 11, *supra*.

13. Please describe with specificity the express warranty that You allege Defendant made as alleged in paragraph 72 of the Complaint, including how You allege that Defendant made this warranty to You.

**RESPONSE:**

Defendant made representations regarding the mileage of the vehicle, to wit that the vehicle's mileage was 131,636 at the time of its sale to me. This representation was made in the contracts prepared by the defendant along with the oral representations made by the defendant.

14. State the total amount of damages that You are seeking against Defendant in connection with Count I of the Complaint, and state in detail Your calculation for each element of damage and the basis for which You claim an entitlement to each of them.

**RESPONSE:**

Please see my Rule 26 disclosures in this action. I reserve the right to amend or supplement this answer as discovery is ongoing.

15. State the total amount of damages that You are seeking against Defendant in connection with Count II of the Complaint, and state in detail Your calculation for each element of damage and the basis for which You claim an entitlement to each of them.

**RESPONSE:**

Please see my Rule 26 disclosures in this action. I reserve the right to amend or supplement this answer as discovery is ongoing.

16. State the total amount of damages that You are seeking against Defendant in connection with Count III of the Complaint, and state in detail Your calculation for each element of damage and the basis for which You claim an entitlement to each of them.

**RESPONSE:**

Please see my Rule 26 disclosures in this action. I reserve the right to amend or supplement this answer as discovery is ongoing.

17. State the total amount of damages that You are seeking against Defendant in connection with Count IV of the Complaint, and state in detail Your calculation for each element of damage and the basis for which You claim an entitlement to each of them.

**RESPONSE:**

Please see my Rule 26 disclosures in this action. I reserve the right to amend or supplement this answer as discovery is ongoing.

                                Respectfully submitted,

Dated: February 22, 2024

                                /s/ Joshua E. Feygin
                                **JOSHUA FEYGIN, ESQ.**
                                FL Bar No.: 124685
                                Email: Josh@sueyourdealer.com
                                **SUE YOUR DEALER – A LAW FIRM**
                                1930 Harrison Street Suite 208F
                                Hollywood, Florida 33020
                                Tel: (954) 228-5674
                                Fax: (954) 697-0357
                                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on February 22, 2024, the foregoing document was served electronically to all counsel of record.

                                /s/ Joshua E. Feygin
                                JOSHUA FEYGIN, ESQ.
                                FL Bar No.: 124685