## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

      Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

      Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

Defendant moves for summary judgment based on three fundamentally flawed arguments. Preliminarily, Defendant asserts that Mr. Haddon lacks a *de facto* injury sufficient to establish Article III standing. Defendant further contends that the doctrine of accord and satisfaction eviscerates Mr. Haddon's claims. Finally, Defendant argues that the absence of actual damages precludes any recovery.

Each of these arguments lacks legal merit, and the Court should deny Defendant's Motion for Summary Judgment [DE 72] ("Motion") for the following reasons. First, Mr. Haddon has clearly demonstrated an injury-in-fact, thereby meeting the threshold for Article III standing based on his loss of time and money. Second, Defendant disregards that Mr. Haddon has not been made whole. Third, Defendant asks the Court to improperly preempt Mr. Haddon's claims under the Federal Odometer Act, 49 U.S.C. §32710, *et sequi*. ("Odometer Act" or the "Act"). Lastly, Defendant's invocation of accord and satisfaction as a defense is inapplicable and there is insufficient evidence to show the parties intended to resolve all of Mr. Haddon's claims.

For the reasons more fully set forth below, the Court should deny the Motion in its entirety.

**LEGAL ARGUMENT**

**i.    Defendant has failed to comply with Rule 56(a)**

As a preliminary matter, a defendant has not properly moved for summary judgment if it fails to identify the specific claim or part of a claim on which summary

judgment is sought. Federal Rule of Civil Procedure 56(a) mandates that a party moving for summary judgment must "identify each claim or the part of each claim on which summary judgment is sought". *Gentry v. Harborage Cottages-Stuart, LLLP*, 654 F.3d 1247, 1261 (11th Cir.2011). A district court commits reversible error when it enters judgment on claims not identified in the motion for summary judgment. *Mosley v. Alabama Unified Judicial Sys., Admin. Office of Courts*, 562 F. App'x 862, 864 (11th Cir. 2014)(internal citations omitted).

Here, Defendant fails to identify with any particularity the claim or claims it moves for summary judgment on. Defendant uses a broad sweeping brush to wage a multifaceted attack on Mr. Haddon's damages without any specificity as to which cause of action the arguments are attributable to. The lack of specificity has failed to place Mr. Haddon on fair notice[1] and is wholly improper. Denial of the Motion is appropriate for this reason alone. *See Banks v. McIntosh Cty.*, 530 F. Supp. 3d 1335, 1355-56 (S.D. Ga. 2021)(denying motion for summary judgment on statute of limitations defense when movant failed to specify which claim the defense was attributable to).

## ii.    There is no dispute of material fact that Plaintiff has Article III standing.

Turning to the substance of the Motion, Defendant first asserts a factual attack only on the injury-in-fact element of Article III standing, arguing in conclusory fashion that "Plaintiff does not have any stake in the dispute, and paid nothing in relation to

---

[1] In an abundance of caution, Mr. Haddon will nevertheless respond to the Defendant's arguments to the best of his abilities with the presumption that the Defendant has moved for summary judgment on all claims raised.

the Vehicle[.]" Motion, pg. 12. This argument disregards well-established case law affirming that both wasted time and monetary loss constitute cognizable forms of harm under Article III. *See Salcedo v. Hanna,* 936 F.3d 1162, 1173 (11th Cir. 2019*); Losch v. Nationstar Mortg. LLC,* 995 F.3d 937, 943 (11th Cir. 2021); *Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Aventura, P.A.,* No. 21-14348, 2022 U.S. App. LEXIS 25076, at \*9 (11th Cir. Sep. 7, 2022); *Hunstein v. Preferred Collection & Mgmt. Servs.,* 48 F.4th 1236, 1243 (11th Cir. 2022) (observing "financial loss" constitutes an "obvious concrete harm").

Defendant also argues that Mr. Haddon lacks standing because he has no stake in the dispute aside from merely signing the contracts to purchase the vehicle and is on the title. Motion, pg. 11. But that is not the law. Ownership or possessory interest in property can be evidence of injury sufficient to confer standing. *See United States v. Henry,* 621 F. App'x 968, 973 (11th Cir. 2015)(reversing summary judgment where record evidence established ownership interest in vehicle); *See also Via Mat Int'l S. Am. Ltd. v. United States,* 446 F.3d 1258, 1262 (11th Cir. 2006).

Here, it is undeniable that Mr. Haddon has both ownership of and a possessory interest in the Ford. Plaintiff is named as a co-borrower on the loan for the Ford and Plaintiff is identified as an owner on the Ford's title. [DE Nos. 73-7; 73-9; 73-11]. This possessory and ownership interest is sufficient to confer Article III standing.

Plaintiff has also shown concrete injury in the form of the diminished value of the Vehicle and unrealized gain from its sale. [DE No. 73-25; Exhibit 1 - Haddon Supp. Dec. ¶¶ 5-6].  While the Ford may have been a gift from his mother, ultimately,

any proceeds from its sale would inure to Mr. Haddon. [Exhibit 2 - Dec. of Maria Haddon, ¶7]. In all respects, the Ford was his property. [Dec. of Maria Haddon, ¶ 7]

As the record shows, Plaintiff's efforts to sell the Ford were futile having received offers significantly less than fair market value or none at all. [Haddon Supp. Dec. ¶¶ 5-6; DE 72-1, 13;3-7, 78;1-79;5]. And had it not been for the Defendant's reckless disregard in making the mileage disclosure upon which the sale of the Ford was induced, Mr. Haddon would not be stuck with a vehicle of nominal worth due to the impaired odometer reading. [Haddon Supp. Dec. ¶ 7]. Mr. Haddon's concrete, particularized, actual, and imminent harm arises from his inability to realize fair value in the sale of his property, a result of the diminished value caused by the mileage discrepancy. This harm is not conjectural or speculative given that the record establishes his actual inability to sell the Ford for fair market value. [Haddon Supp. Dec. ¶¶ 5-6; DE 72-1 at 13;3-7, 78;1-79;5]. This suffices to satisfy Plaintiff's burden to show an injury-in-fact, and Plaintiff has accordingly established Article III standing. *See Adinolfe v. United Techs. Corp.,* 768 F.3d 1161, 1172 (11th Cir. 2014)(diminution in the value of land stemming from toxic contamination is an injury in fact); *Teitel v. Wal-Mart Stores, Inc.*, 287 F. Supp. 2d 1268, 1285 (M.D. Ala. 2003)(finding diminished property value or loss of financial gain to be an injury in fact);*Yagudayev v. BMW of N. Am., LLC,* Civil Action No. 20-897, 2020 U.S. Dist. LEXIS 212385, at *7-8 (D.N.J. Nov. 13, 2020) (finding Article III standing satisfied based on future diminished resale value of a defective vehicle); *Bang v. BMW of N. Am., LLC,* Civil Action No. 15-6945, 2016 U.S. Dist. LEXIS 166329, at *12-13

(D.N.J. Dec. 1, 2016) (same); *Ortiz v. Sig Sauer, Inc.,* 2020 DNH 036, 448 F. Supp. 3d 89, 94 (diminished resale value of a firearm due to design defect found to be an injury in fact).

Likewise, Mr. Haddon has shown concrete injury in the form of wasted time. Little time must be spent for a plaintiff to suffer a concrete injury. *See, e.g., Losch*, 995 F.3d at 943 (11th Cir. 2021) (reasoning that a plaintiff who "spent at most an hour dealing with his dispute[ ]" suffered a concrete injury because "there is no question that wasted time is a concrete harm ...."); *Salcedo*, 936 F.3d at 1173 (noting Eleventh Circuit precedent "strongly suggest[s] that concrete harm from wasted time requires, at the very least, more than a few seconds.") (citations omitted).

The harms suffered here go well beyond just the time that Plaintiff spent on the lawsuit itself. *Toste,* 2022 U.S. App. LEXIS 25076, at *10-11. Mr. Haddon has testified by affidavit that he spent many hours marketing the Ford and tending to potential buyers [Haddon Supp. Dec., ¶¶ 8-10] to no avail. [Haddon Supp. Dec. ¶ 11]. The inability to sell the Ford was directly attributable to the impaired odometer. [DE 72-1 at 13;3-7; Haddon Supp. Dec, ¶¶ 6 & 11]. In addition, Mr. Haddon has likewise testified that he spent considerable time tending to the substantial repairs to the Ford. [DE 73-16, ¶ 32; Haddon Supp. Dec, ¶¶ 12-14]. Lastly, Mr. Haddon likewise dedicated many hours to investigate his legal rights. [Haddon Supp. Dec. ¶ 15]. This wasted time is text-book concrete injury for purposes of Article III standing.

### iii.   Defendant has not fully resolved Plaintiff's claim for actual damages.

Defendant next argues that "Plaintiff has already settled his claim with

Defendant for any actual damages" and is therefore entitled to summary judgment on otherwise undefined claims of Mr. Haddon. Motion, pg. 12. Defendant is mistaken.

As it relates to Mr. Haddon's Odometer Act claim, the Defendant's attack on Mr. Haddon's actual damages misses the mark. Mr. Haddon seeks not the recovery of his actual damages under the Act; rather, he seeks minimum statutory damages of $10,000. [DE 73, pgs. 18-19 & 25; Haddon Supp. Dec. ¶ 16]. Mr. Haddon need not prove any actual damages to recover the minimum statutory amount. *See Nelson v. Atl. Glob. Fin., Inc.*, 2024 U.S. Dist. LEXIS 82902, *3-4; *Ryan v. Edwards*, 717 F. Supp. 1090 (D. Md. 1989); *Evans v. Paradise Motors, Inc.*, 721 F. Supp. 250 (N.D. Cal. 1989)(awarding minimum statutory damages for, *inter-alia*, wasted time in the absence of actual damages); *Att'y Gen. of Maryland v. Dickson*, 717 F. Supp. 1090 (D. Md. 1989) (in absence of proof of actual damages, attorney general awarded statutory damages); *Williams v. Toyota of Jefferson, Inc.*, 655 F. Supp. 1081 (E.D. La. 1987*); Delay v. Hearn Ford*, 373 F. Supp. 791 (D.S.C. 1974) ("The [Act] prohibits violations of any requirement imposed under the subchapter upon sellers, with intent to defraud. The [Act] does not require that, additionally, a purchaser must be hurt."); *Cochran v. Evans Toyota, Inc.*, 290 S.E.2d 318 (Ga. Ct. App. 1982). *See also Mayline Enterprises, Inc. v. Milea Truck Sales Corp.*, 641 F. Supp. 2d 304 (S.D.N.Y. 2009).

Simply put, Mr. Haddon need only prove that the defendant violated the Act with an intent to defraud, which he has done through his Motion for Summary Judgment. Thus, the Defendant's argument fails with respect to the Odometer Act

claim of Mr. Haddon.

Defendant also overlooks the fact that the scope of actual damages under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201, *et seq*. ("FDUTPA") are much narrower than the scope of actual damages under the Odometer Act, common law fraud and for breach of express warranty. As a result, the pre-suit tender of Mr. Haddon's FDUTPA damages failed to make him whole.

Under FDUTPA, "actual damages" have been uniformly defined by the courts as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984); *see also Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1985). This is because "[t]he act is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer." *Id.* Incidental damages, such as repair costs, are unrecoverable as actual damages under FDUTPA. *Orkin Exterminating Co. v. Petsch*, 872 So. 2d 259, *Stuart Roofing, Inc. v. Thomas*, 372 So. 3d 298, *Dorestin v. Hollywood Imps., Inc.*, 45 So. 3d 819. Punitive damages are also not recoverable under FDUTPA. *Rollins*, 454 So. 2d at 585.

Although damages available under common law fraud largely mirror those available under FDUTPA, punitive and consequential damages can be recovered for fraud claims under Florida law. *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-228620CIV-GOLD/McALILEY, 2008 WL 11406184, at *9-10 (S.D. Fla Aug. 6,

2008). Repair costs are likewise recoverable. *Addison Constr. Corp. v. Vecellio*, 240 So. 3d 757, 761 (Fla. Dist. Ct. App. 2018)(affirming award of repair costs in fraud claim where trial court reasoned but-for for the fraud, plaintiffs would not have been burdened with such costs).

Under Florida law, a claimant in an action for breach of warranty may recover damages for the diminished value of the warranted goods as well as incidental and consequential damages resulting from the breach. *Smith v. Forest River, Inc., No.* 2:19-CV-14174-Rosenberg, 2020 U.S. Dist. LEXIS 68013, at *19 (S.D. Fla. Apr. 16, 2020)(internal citations omitted); Fla. Stat. § 672.714(3). Fla. Stat. § 672.715(1) defines "incidental damages" to include, *inter-alia,* "any other reasonable expense incident to the delay or other breach."  Fla. Stat. § 672.715(2) defines "consequential damages" to include "(a) [a]ny loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) Injury to person or property proximately resulting from any breach of warranty." Interest and finance costs are generally considered to be consequential damages under Florida law. *Bair v. A.E.G.I.S. Corp.*, 523 So. 2d 1186, 1189 (Fla. 2d DCA 1988).

While the 11th Circuit has not spoken on what constitutes "actual damages" in Odometer Act cases, the prevailing view is that actual damages are comprised of expenses reasonably attributed to the defendant's wrong doing along with diminution of value damages. *Gaskins v. Tropical Auto. Wholesale Grp., Inc.*, 2016 U.S. Dist. LEXIS 58606, *4; *see also Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 498 (8th

Cir. 2009). Repair costs fall under the ambit of actual damages under the Act. *Farmers Coop. Co.*, 572 F.3d 492; *Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565 (8th Cir. 1998); *Haluschak v. Dodge City of Wauwatosa, Inc.*, 909 F.2d 254 (5th Cir. 1991). *See also Castillo v. Autokirey, Inc.*, 379 F.3d 4 (1st Cir. 2004). Payment of inflated tax and finance charges are recoverable as actual damages under the Odometer Act. *Corrales-Gonzalez v. Speed Auto Wholesalers L.L.C.*, 2022 WL 7733230 (D. Ariz. Sept. 13, 2022) (finance charges, sales tax, and documentary fees, all trebled); *Goeman v. Keating*, 498 F. Supp. 700 (D.S.D. 1980) (financing charges).

In light of the above, Defendant's pre-suit tender of Mr. Haddon's good-faith determination of his actual damages accruing under FDUTPA did not, and could not as a matter of law, resolve his claim for damages under the Odometer Act, common law fraud or breach of express warranty. The law is well settled that incidental and consequential damages such as repair costs and finance charges are not recoverable under FDUTPA. On the other hand, repair costs are precisely the type of expenses reasonably attributed to the defendant's wrong doing that are recoverable under the Odometer Act and may be recovered under a common law fraud claim. Similarly, finance charges are likewise recoverable as incidental and consequential damages under both the Odometer Act and a breach of express warranty claim.

As the record reveals, Plaintiff has shown that he has incurred repair expenses that are reasonably attributed to the Defendant's wrong doing. Had it not been for the mileage misrepresentation, Mr. Haddon testified that he would not have elected to purchase the Ford. [DE 72-16, ¶ 26; Haddon Supp. Dec., ¶ 7]. It therefore logically

follows that Mr. Haddon would never have been burdened with repair costs if he wouldn't have purchased the Ford. And although these repair costs were incurred by his mother, Mr. Haddon is nevertheless indebted to her for those amounts. [Dec. of Maria Haddon, ¶¶ 9-10]. Moreover, Mr. Haddon paid more in finance charges and taxes on the Ford than was actually due. [DE 72-16, ¶¶ 29-30]. These amounts were paid on his behalf and for his benefit by his mother. [Dec. of Maria Haddon, ¶ 6]. None of these amounts were satisfied by the pre-suit tender and thus Mr. Haddon has not been made whole. This argument necessarily fails because Mr. Haddon was never made whole.

### iv.  Fundamental notions of Federalism prevent preemption of Mr. Haddon's Odometer Act claim.

To the extent the Defendant's argument is to be accepted, Defendant seems to believe that the tender of damages accruing under FDUTPA resolved the Federal Odometer Act claim raised in this suit. In doing so, Defendant asks the Court to preempt Mr. Haddon's Federal cause of action upon application of state law. Such a result would be repugnant to deeply rooted notions of Federalism.

In accordance with the Supremacy Clause, Federal law preempts state law in three circumstances:

> Congress can define explicitly the extent to which its enactments pre-empt state law . . . Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively . . . Finally, state law is preempted to the extent that it actually conflicts with federal law.

*English v. Gen. Elec. Co.*, 496 U.S. 72, 79-80, 110 S. Ct. 2270, 110 L. Ed. 2d 65 (1990)

(citations omitted).

Where state law provides that cumulative remedies are available to an aggrieved party, a plaintiff is able to pursue statutory damages under a complimentary Federal statutory consumer protection regime. *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1192 (11th Cir. 2010); *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1068 (9th Cir. 2011).

In *LeBlanc v. Unifund CCR Partners* the 11th Circuit had the occasion to consider the interplay between the Fair Debt Collection Practices Act ("FDCPA") and the and the Florida state counter-part, the Florida Consumer Collection Practices Act ("FCCPA"). 601 F.3d at 1192. The 11th Circuit held, *inter-alia,* that a state consumer protection statute, which described its remedies as "cumulative," allows for dual enforcement under state and federal law. *Id.* Therefore, a defendant could be held liable under both state and federal law. *Id.*

As the Court is aware, FDUTPA prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. *CRMsuite Corp. v. GM Co.,* No. 8: 20-cv-762-T-02-WFJ-AAS, 2020 U.S. Dist. LEXIS 183826, at *11 (M.D. Fla. Oct. 5, 2020). In the context of used car sales, FDUTPA constrains conduct such as misrepresenting the condition or history of a vehicle, failing to disclose known defects, or engaging in other misleading conduct that would cause harm to the consumer. *PNR, Inc. v. Beacon Property Management, Inc.* 2003, Fla., 842 So. 2d 773. Providing misleading misrepresentations pertaining to a mileage disclosure is a deceptive or unfair trade

practice. *Tirtel v. Sunset Auto & Truck, LLC*, 2018 U.S. Dist. LEXIS 205441, *12.

Prior to initiating a lawsuit against a car dealership, a consumer is obligated to send a demand letter. Fla. Stat. §501.98(1). In the event that the dealership tenders the damages sought in the demand, along with a statutory surcharge, a consumer may not initiate civil litigation, including arbitration, against a dealer under FDUTPA. Fla. Stat. §501.98(4)(a). The payment of the damages claimed in the demand plus the statutory surcharge within 30 days after receipt of the demand letter extinguishes the FDUTPA claim "but does not serve as a release as to items of damages that are not recoverable under this chapter." Fla. Stat. §501.98(5)(c).

As a consumer protection statute, FDUTPA is to be construed liberally to give effect to its remedial purpose to protect consumers. *Jones v. Santander Consumer USA Inc.*, No. 16-14012-CIV-ROSENBERG/LYNCH, 2016 U.S. Dist. LEXIS 198200, at *15 (S.D. Fla. Aug. 1, 2016). Underscoring the broad remedial nature of the Act, "FDUTPA is a separate cause of action intended to be an additional remedy." *JDI Holdings, LLC v. Jet Mgmt.*, 732 F. Supp. 2d 1205, 1234; *see* Fla. Stat. § 501.213(1).

With respect to the Odometer Act, the Congressional intent in passing the Act was to prevent odometer tampering and to provide other general safeguards for the protection of consumers. 49 U.S.C. §32701(b). "Congress provided a private civil remedy to punish violators of the Odometer Act, so that it would be largely self-enforcing." *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1325 (11th Cir. 2005) (internal citations omitted). Much like FDUTPA, the Odometer Act is broadly and vigorously applied to accomplish the Act's purposes. *Id.* at 1322.

Notably, the Odometer Act does not preempt other claims for odometer related abuses under state statutes and common law. 49 U.S.C. § 32711; 118 Cong. Rec. 18218, 18219 (May 22, 1972); *State ex rel. McLeod v. Fritz Waidner Sports Cars, Inc.,* 274 S.C. 332, 263 S.E.2d 384 (1980) (Finding the Federal Act does not preempt state deceptive trade practices act); *Edgar v. Fred Jones Lincoln-Mercury*, 524 F. (2d) 162 (10th Cir.1975). Indeed, Odometer Act violations are often raised concurrently with related state-law claims. *See Tuckish v. Pompano Motor Company* 2004, S.D. Fla., 337 F. Supp. 2d 1313; *Tirtel,* No. 2:18-cv-481-FtM-99MRM (M.D. Fla. Jan. 14, 2019); *State ex rel. Celebrezze v. Hughes*, 569 N.E.2d 1059 (Ohio 1991); *Caldwell v. Jenkins*, 856 S.W.2d 37 (Ark. Ct. App. 1993).

Effectively, Defendant asks the Court to preempt Plaintiff's cause of action under the Federal Odometer Act in light of its resolution of Mr. Haddon's FDUTPA claim. To indulge the Defendant's argument would result in improper preemption. The clear and unambiguous language of FDUTPA makes plain that its remedies are cumulative. Fla. Stat. § 501.213(1). And there is nothing before the Court to suggest that Congress intended the Odometer Act to preempt enforcement of state-law claims. To the contrary, Congressional intent was just the opposite. 49 U.S.C. § 32711; 118 Cong. Rec. 18218, 18219 (May 22, 1972). Given the 11th Circuit precedent in *LeBlanc*, Mr. Haddon is well within his right to pursue his Federal Odometer Act claim in light of FDUTPA's clear and unambiguous intent to permit cumulative remedies.  As above, so below- this argument fails as well.

**v.      The defense of accord and satisfaction fails as a matter of law and is**

**unsupported by the record.**

Defendant's reliance on the contractual defense of accord and satisfaction fails as a matter of law and there is insufficient evidence to establish the defense.

As a preliminary matter, despite the Defendant's attempts to contort the application of the doctrine, accord and satisfaction has no application here. "An accord and satisfaction is the substitution of a new agreement between the parties in satisfaction of a former one, and arises when the agreement is executed  and satisfaction has been made." *Air Prods. & Chems., Inc. v. La. Land & Expl. Co.*, 806 F.2d 1524, 1528-29 (11th Cir. 1986)(*citing* 10 Fla. Jur.2d Compromise, Accord, and Release § 1 (1979)). As is evident, Mr. Haddon has raised no contractual claims in this action and there is no evidence of a prior agreement being substituted by a subsequent agreement. The defense must therefore fail as a matter of law.

In the event the Court agrees that the doctrine of accord and satisfaction applies to Mr. Haddon's claims, the defense must nevertheless fail in the absence of supporting evidence of mutual assent. Accord and satisfaction on "all claims" cannot exist where "there was no agreement to that effect and no meeting of the minds." *Krehling v. Baron,* 11 Fla. L. Weekly Fed. D 61 (U.S. M.D. Fla. 1997) (*quoting Morton v. Rifai,* 339 So. 2d 707, 708 (Fla. 1st DCA 1976)). Accord and satisfaction as to all claims cannot occur unless there is clear evidence of intent to settle all claims. *Miller v. Perez*, 524 So. 2d 1084, 1086 (Fla. 4th DCA 1988).

The record reveals that Mr. Haddon issued pre-suit demands to resolve his Odometer Act Claim and his FDUTPA claim. [DE 72-14; DE 72-15; DE 80, ¶ 16]. In

response, and in fear of claims of indemnification from its surety bond company, Defendant unilaterally tendered a check in the amount of $8,799.20 to settle Mr. Haddon's FDUTPA demand. [DE 72-2, ¶ 13, Ex. 3]. The check tendered contained no language indicating that it was meant to settle all of the claims raised by Mr. Haddon. [DE 72-2, Ex. 3].  There is no evidence of any negotiations to accept this amount in full settlement of all claims. Nor is there any evidence to suggest Mr. Haddon intended to accept the check in satisfaction of all of his claims. Mr. Haddon certainly did not intend for or otherwise agree to resolve all of his claims for $8,799.20. [Haddon Supp. Dec. ¶¶ 17-19]. To the contrary, the emails appended to the Defendant's affidavit reveal that the claims of Mr. Haddon went unresolved given Mr. Haddon's attempts to engage in further settlement efforts to avoid litigation. [DE 72-2, pgs. 36-39]. It is evident that the funds were tendered in settlement of Mr. Haddon's FDUTPA claim, solely, and the Defendant has not shown otherwise.

Typically, whether the facts give rise to the occurrence of an accord occurred is purely a question of the parties' intent, and is generally left to the jury. *Hannah v. James A. Ryder Corp.*, 380 So. 2d 507, 509 (Fla. 3d DCA 1980). And where there is no evidence to suggest the there was a meeting of the minds, denial of summary judgment is appropriate as a matter of law. *See Davis v. Daniels*, 655 F. App'x 755, 759 (11th Cir. 2016); *Republic Funding Corp. v. Juarez*, 563 So. 2d 145, 147 (Fla. Dist. Ct. App. 1990). The Court must deny summary judgment on Defendant's accord and satisfaction defense as a result.

vi.   **Cumulative recovery does not exist where different laws with different policy goals lead to different damages.**

Defendant argues it would be "unjust" to allow Mr. Haddon to recover for the full scope of his damages and argues it would result in a prohibited double recovery. Motion at pg. 12.  As before, Defendant attributes this argument to no specific cause of action. Defendant's argument rests on flawed premises.

With respect to the Odometer Act claim, the Defendant's argument that permitting Mr. Haddon to prevail on his Odometer Act claim would result in an impermissible double recovery is incorrect. In reaching this conclusion, Defendant ignores the remedial goals of FDUTPA and the Odometer Act. By its very nature, damages under FDUTPA are restorative in nature since FDUTPA "is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer." *Urling*, 468 So. 2d at 454. Punitive damages are not available under FDUTPA. *See CRMsuite Corp. v. Gen. Motors Co.*, No. 8:20-cv-762-WFJ-AAS, 2020 U.S. Dist. LEXIS 183826, at *4 n.2 (M.D. Fla. Oct. 5, 2020). The damages under the Odometer Act, on the other hand, are punitive in nature. *See Owens*, 425 F.3d at 1325; *Delay,* 373 F. Supp. at 796 (D.S.C. 1974)("The purpose of the statute is to punish odometer tamperers.").

Where different policy goals provide for different damages, the doctrine of double recovery does not apply. *Solano v. Preciado*, No. 3:23-cv-01178-IM, 2024 U.S. Dist. LEXIS 114314, at *10-11 (D. Or. June 28, 2024)(rejecting double recovery argument where a plaintiff sought lost wages and punitive damages on account of

different policy goals underlying two complimentary causes of action); *Strasters v. Weinstein & Riley, P.S.*, No. CV-10-3070-RHW, 2011 U.S. Dist. LEXIS 84560, at *8 (E.D. Wash. Aug. 2, 2011)(rejecting the double recovery argument aimed at a FDCPA statutory damages claim, as plaintiffs prior settlement of a state-law claim involved no statutory damages).

And because the statutory damages imposed by the Odometer Act are untethered to the actual damages sustained by Mr. Haddon, the common law principle barring double recovery does not apply to his claim for statutory damages under the Federal Odometer Act. *See Gonzales*, 660 F.3d at 1068 (affirming award of statutory damages under FDCPA and California's state counterpart, the Rosenthal Fair Debt Collection Practices Act, noting the award of statutory damages was not "not tied in any way to actual losses suffered by the plaintiff"). *See also Celebrezze,* 569 N.E.2d 1059 (Ohio 1991) (state attorney general recovered civil penalties under both state and federal odometer laws).

Second, with respect to the claims of Mr. Haddon for fraud and breach of express warranty, as argued above, Mr. Haddon was not made whole by the Defendant's unconditional tender of the limited damages accruing under FDUTPA. As the record reveals, Mr. Haddon has numerous categories of compensable damages, which he has not been compensated for. As a result, this argument too fails.

## CONCLUSION

Having failed to show that it is entitled to summary judgment, the Defendant's Motion is due to be denied, *in toto*. The award of statutory damages is particularly

warranted where there is a persistent non-compliance with and gross disregard of the mandates of Congress. That is precisely the case here. [DE 74 - SOF ¶¶ 10; 25-26; 32; 33; 38; 40; 42; 43; 46; 53]. As a result, the Court should deny Defendant's Motion for Summary Judgment and in turn grant the Plaintiff's Motion for Summary Judgment with an award of statutory damages under the Odometer Act together with an award of attorney's fees and costs to deter future odometer related abuses by the Defendant.

**WHEREFORE**, Mr. Haddon, GABRIEL LUC HADDON, an individual, prays that this Honorable Court denies the Defendant's, FS INVESTMENTS OF AMERICA INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida Corporation, Motion for Summary Judgment, and for any further relief deemed just.

Respectfully Submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 4, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Middle District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.


*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685