UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

## PLAINTIFF'S COUNTER-STATEMENT OF DISPUTED FACTS

Plaintiff, Gabriel Luc Haddon ("Plaintiff" or "Haddon"), by and through the undersigned counsel, and pursuant to this Court's Amended Case Management and Scheduling Order [D.E. 24], hereby files his Counter-Statement of Disputed Facts in response to the Defendant's, FS INVESTMENTS OF AMERICA INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida Corporation, Motion for Summary Judgment [D.E. 72] and states as follows:

    1.    Undisputed that Defendant owns and operates a car dealership. Undisputed that Plaintiff visited the Defendant's dealership on May 25, 2020 to

purchase a vehicle. Undisputed that he test drove the Ford.

2. Undisputed that Plaintiff and his mother executed a buyer's order, a retail installment sales contract to finance the Ford. Undisputed that the retail installment sales contract was assigned to Westlake for servicing.

3. Undisputed that those were the terms of financing agreed to by the Plaintiff and his mother.

4. Undisputed the Ford was purchased as a gift for Plaintiff. Undisputed that Plaintiff's mother paid for the Ford. Undisputed that Plaintiff does not have to reimburse his mother for the cost of the purchase of the Ford.

5. Undisputed that Plaintiff lent his vehicle to other family members.

6. Undisputed that Plaintiff testified as such.

7. Undisputed that Plaintiff testified as such.

8. Disputed that the Vehicle was in good condition. *See* DE 73-21, Manheim Condition Report; Supp Dec. of Gabriel Haddon, ¶ 3.[1] Undisputed that the Plaintiff testified that a vehicle with over 100,000 miles would require regular repairs and maintenance.

9. Disputed that all of the repairs were completed in Ohio insofar as the repairs to the turbocharger were completed in Lutz, Florida. *See* DE 73-12; 73-16; Dec. of Maria Haddon, ¶ 8-9.[2] Undisputed that Plaintiff did not pay for the repairs at the

---

[1] The supplemental declaration of Gabriel Haddon is being filed as Exhibit 1 to Plaintiff's Response to Defendant's Motion for Summary Judgment.
[2] The declaration of Maria Haddon is being filed as Exhibit 2 to Plaintiff's Response to Defendant's Motion for Summary Judgment.

time. Undisputed that his mother paid for the repairs on his behalf because he did not have the money to do so on his own. Disputed insofar as Plaintiff is obligated to repay the amounts tendered to repair the turbocharger. Dec. of Maria Haddon, ¶¶ 9-10.

10. Undisputed.

11. Undisputed that there is no shared bank account. Disputed that the only expense Plaintiff incurred related to the Ford was gasoline. Dec. of Maria Haddon, ¶¶ 9-10.

12. Undisputed that the Plaintiff wanted to sell the Ford to reduce commuting costs. Disputed insofar as that being the sole reason Plaintiff desired to sell the Ford. *See* Supp Dec. of Gabriel Haddon, ¶ 4.

13. Undisputed.

14. Undisputed that Plaintiff no longer utilizes the Vehicle. Undisputed that the Ford is stored at his mother's house. Disputed that Plaintiff needs his mother's permission to "use" the Ford as the cited testimony fails to support the alleged fact. Further, the Ford is solely the Plaintiff's property and he has full control over it. Dec. of Maria Haddon, ¶ 7.

15. Undisputed that was Plaintiff's testimony as a lay person. Disputed inasmuch as the Plaintiff is indebted for repair costs to his mother. Dec. of Maria Haddon, ¶¶ 9-10. Disputed insofar as the Plaintiff seeks to recover statutory damages under the Odometer Act. *See* DE 73, pgs. 18-19 & 25; Haddon Supp. Dec. ¶ 16.

16. Undisputed that Plaintiff demanded $8,799.20 to resolve his FDUTPA claim.

17. Undisputed that Plaintiff's good faith determination of actual damages accruing under FDUTPA were $8,799.20.

18. Undisputed that Defendant tendered $8,799.20 in response to Plaintiff's FDUTPA demand. Disputed that any compromise was intended. *See* Supp Dec. of Gabriel Haddon, ¶ 19.

19. Disputed to the extent that Plaintiff also sought recovery of statutory damages under the Odometer Act. *See* DE 1, pg. 11.

20. Undisputed that the cited response is a portion of the exchange between Plaintiff's counsel and the Defendant.

Respectfully Submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Middle District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685