# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.: 8:23-cv-00709-WFJ

GABRIEL LUC HADDON,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
Corporation, and WESTLAKE SERVICES, LLC.
d/b/a WESTLAKE FINANCIAL SERVICES,
a Foreign Corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,
    Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a
MCCOMBS FORD WEST, a Foreign
Corporation,

    Third-Party Defendant.
_____/

## THIRD-PARTY DEFENDANT MCCOMBS WEST FORD, LLC'S REPLY TO THIRD-PARTY PLAINTIFF'S RESPONSE TO ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Third-Party Defendant, McCombs West Ford, LLC ("McCombs"), pursuant to Local Rule 3.01(d), and hereby files its Reply to Third-party Plaintiff, FS Investments of America, Inc's Response to its Motion for Summary Judgment and states the following.

1

### I.  FS Investments *new* claim of being an assignee of Auto Deal Corp. is self-defeating.

FS Investments *new* argument raised in its Response to McCombs Motion for Summary Judgment that it is an assignee of Auto Deal Corp.'s claims against McCombs *underscores* McCombs' entitlement to summary judgment in a least two *independent* respects: (1) The alleged assignment took place *after* FS Investments filed its Third-Party Complaint and therefore FS Investments lacks standing and (2) even if Auto Deal's "assignment" pre-dated its Third-Party Complaint, it is unenforceable because Auto Deal's "claims," were and remain, at best, inchoate.[1]

#### a. FS Investments' contention in its Reply that it is an assignee of Auto Deal Corp is an admission that FS Investments lacks standing.

On January 19, 2024, FS Investments brought its Thid-Party Complaint [D.E. 35] against McCombs for common law indemnity and negligent misrepresentation. At that time, FS Investments claimed that its principal, Frank Strusberg, had purchased the subject Ford F-150 as a "representative" of Auto Deal.

However, *for the first time*, FS Investments claims in its Response [D.E. 77] that as of September 26, 2024 (during this litigation), it became an "assignee" of Auto Deal's claims against McCombs. See Exhibit 4 of FS Investments' Response. Although it is argued separately below that the Auto Deal "assignment" is not

---

[1]  In its Response, FS Investments claims that McCombs' Motion for Summary Judgment "disregards" its position that FS Investments took an assignment from Auto Deal. This is an odd assertion considering the argument that FS Investments' *possesses* an assignment from Auto Deal appeared *for the first time* in its Response to McCombs' Motion for Summary Judgment.

2

enforceable, even if it were enforceable, FS Investments lacked standing when it brought its Third-Party Complaint against McCombs because the "assignment" it claims to have taken from Auto Deal ***took place 8 months and 7 days after its filing of its Third-Party Complaint***.

It is well established that a plaintiff basing its standing to sue on an assignment must have been an assignee at the *inception* of the suit, not after, and a subsequent assignment does not "cure" a lack of standing. *Progressive Express Ins. Co., v. McGath Community Chiropractic*, 913 So. 2d 1281 (Fla. 2d DCA 2005). Moreover, "[a]s standing is a question of law, not of fact, the decision of whether standing exists is to be made by the court and not by the jury." *U.S. v. All Finds in the Account of Property Futures, Inc.*, 820 F.Supp.2d 1305 (S.D. Fla. 2011).

In *McGrath*, a medical provider sued an insurer for benefits as the assignee of the insured. *Id.* at 1283. However, the provider did not attach a copy of the assignment of benefits to its complaint. *Id.* The provider later amended its complaint to include the assignment of benefits. *Id.* However, the date on the assignment of benefits was *6 months after* the filing of its action. *Id.* The insurer moved for summary judgment on the basis of the provider's lack of standing which the trial court granted. *Id.* On appeal, the circuit court, acting in its appellate capacity, reversed the trial court on the rationale that the amended complaint along with a copy of the assignment "cured" the defect and related back to the original complaint. *Id.*

On appeal, the Second District reversed the circuit court holding that unlike some conditions precedent, lack of standing *cannot* be cured by obtaining standing after the filing of the action. *Id.* at 1284. After citing several cases explicating this rule of law, the *McGrath* court held:

> As these cases demonstrate, the plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed.

*Id.* at 1285.

Citing *McGrath*, *SFR Services, LLC v. Indian Harbor Ins. Co.*, 529 F.Supp.3d 1285 (M.D. Fla. 2021) held:

> Indian Harbor is correct that a party who sues to enforce a legal obligation must have "standing" to bring suit. "Standing," in this context, refers to the person or entity who "owns" the cause of action against the defendant. See *Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic,* 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005). For a provider of repair services such as SFR Services "to bring an action [for property insurance benefits], the insured [here, Fairway Villas] must assign [its] right to such benefits under the policy to the [service provider]." *Id.* Accordingly, the AOB here "is not merely a condition precedent to maintain an action on a claim held by the person or entity who filed the lawsuit. Rather, it is the basis of [SFR Services's] standing to invoke the processes of the court in the first place." *Id.*

*Id.* at 1291.

Here, FS Investments brought its Third-Party Complaint against McCombs *not* arguing that it was an assignee of Auto Deal, but that somehow FS Investments was the purchaser of the F-150 from McCombs "through" Auto Deal. Perhaps recognizing that such a "shell game" is not viable, FS Investments now argues in its Response that

4

on September 26, 2024, *8 months and 7 days after bringing its Third-Party Complaint*, it became an "assignee" of Auto Deal claims against McCombs. Based upon the foregoing well-established law of assignments and standing, McCombs is therefore entitled to summary judgment against FS Investments because it lacked standing when it brought its Third-Party Complaint.

### b. Auto Deal Corp.'s "assignment" of its claims to FS Investments is unenforceable because Auto Deal Corp. possessed, if anything, claims that were inchoate.

*Even if* the effective date of FS Investments' "assignment" predated the filing of its Third-Party Complaint, *it is nevertheless unenforceable*. McCombs sold the F-150 to Auto Deal Corp. who in turn sold the F-150 to FS Investments who thereafter sold the F-150 to Plaintiff, Gabriel Haddon resulting in this litigation. Auto Deal therefore suffered *no damages* rendering any claim it possessed against McCombs *inchoate*. Stated somewhat differently, because Auto Deal never possessed any viable claims against McCombs, any assignment of such non-viable claims is a nullity.

This rule of law is well illustrated in *Department of Revenue v. Bank of America*, 752 So. 2d 637 (Fla. 1st DCA 2000). In *Department of Revenue,* a bank took an assignments of automobile installment sales contracts from an automobile dealer. *Id.* at 638. After the assignments, some of the installment contracts went into default. *Id.* As a result, the bank sought statutory sales tax refunds from the state citing its status as an assignee of the installment contracts. *Id.* The bank prevailed in the trial court and the state appealed. *Id.*

5

In reversing the trial court, the First District stated:

> The dispositive question in this proceeding is whether a motor vehicle dealer's assignment to a financing institution of all the dealer's rights in a motor vehicle retail sales installment contract includes an assignment of the dealer's ***inchoate right*** to receive a sales tax refund if the buyer subsequently defaults on the installment contract.

*Id.* at 642. (Emphasis added).

The issue thus framed, the First District held:

> We are cognizant of the policy favoring assignability of contract and statutory rights. Nevertheless, we agree with the Department that ***the dealer cannot assign a right to receive a sales tax refund which the dealer does not possess at the time of the assignment***.

*Id.* (Emphasis added).

Here, because Auto Deal purchased the F-150 from McCombs and sold it to FS Investments without incident (*i.e.,* no damages), it never possessed any claim against McCombs to assign. Therefore, because FS Investments' "assignment" from Auto Deal involves, *at best*, inchoate claims, McCombs is entitled to summary judgment.

## II. FS Investments *new* claim of being an assignee renders its argument that there are "jury questions" moot.

In its Response, FS Investments suggests that whether there was a "special relationship" between it and McCombs as it relates to its common law indemnity claim and whether FS Investments "relied" on McCombs representations as to its negligent misrepresentation claim present jury questions precluding summary judgment. However, FS Investments *new* argument that it is an assignee of Auto Deal renders these arguments moot because (1) FS Investments lacked standing at the inception of

6

the Third-Party action and (2) Auto Deal possessed no claim against McCombs and therefore possessed nothing to assign.

## III. Conclusion

FS Investments' maneuvering tactics to keep its Thid-Party action alive seem obvious.[2] Based on the foregoing, McCombs' Motion for Summary Judgment should be granted because the issues raised therein present issues of law that require no findings of fact.

**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for McCombs Ford West, LLC*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
By: _____
**BRUCE B. BALDWIN, ESQ.**
Florida Bar No.: 493023
bruceb@nicklauslaw.com
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically on all counsel of record *via* the Court's CM/ECF system this 7th day of November, 2024.

**BRUCE B. BALDWIN**

---

[2] McCombs provided FS Investments with the opportunity to voluntarily dismiss its baseless Third-Party Complaint by serving it with a motion pursuant to Fla. Stat. §57.105 [D.E. 68] but rather than take advantage of the 21-day "safe harbor" period, it subsequently mutated its position to argue that it is an "assignee" of Auto Deal.