**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA
INC., d/b/a POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,

Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a
MCCOMBS FORD WEST, a Foreign
Corporation,

Third-Party Defendant.
_____/

**RESPONSES TO CAPITAL ONE, FS INVESTMENTS OF AMERICA, INC'S., d/b/a**
**POWERHOUSE AUTOMOTIVE'S**
**THIRD REQUEST FOR PRODUCTION TO PLAINTIFF**

    PLAINTIFF, GABRIEL LUC HADDON, by and through counsel, and pursuant to the relevant rules of civil procedure, hereby respond to the DEFENDANT FS INVESTMENTS OF AMERICA, INC'S., d/b/a POWERHOUSE AUTOMOTIVE'S ("Defendant") Third Request for Production and in support thereof states as follows:

**GENERAL STATEMENTS**

    1. The fact that Plaintiff has responded to a particular request shall not be interpreted as implying that Plaintiff acknowledges the appropriateness of that request. To the extent that information, documents, and/or other materials are provided in response to these Request for Production, Plaintiff specifically reserves the right to challenge, or object on any grounds to, the admissibility, competency, materiality, relevancy, or truth or accuracy of any term, phrase, or characterization contained in the information, documents, and/or other materials in any subsequent

Exhibit 1

proceeding, hearing, motion, or trial in this or any other action, and nothing herein shall be construed as an admission by Plaintiff regarding any of the foregoing.

2. When stating that they will produce documents in conjunction with a particular request, Plaintiff does not represent that responsive information, documents, and/or other materials exist, but only that such information, documents, and/or other materials will be produced to the extent they do exist, and that PLAINTIFFS are able to produce them.

3. These answers are based on the information available at the present time after a search of PLAINTIFF's files. Plaintiff reserves the right to supplement or amend these answers at a later date should additional information become known to it and/or further discovery reveals facts that would justify such supplementation or amendment

## GENERAL OBJECTIONS

1. Plaintiff objects to each and every Request for Production to the extent that they are overly broad, unduly burdensome, vexatious, duplicative, oppressive, designed solely to harass, and/or not reasonably calculated to lead to the discovery of evidence which is material and necessary to the prosecution of this action.

2. Plaintiff objects to each and every Request for Production to the extent that they seek information, documents, or other materials that are neither relevant nor likely to lead to the discovery of admissible evidence.

3. Plaintiff objects to each and every Request for Production to the extent that they seek information, documents, or other materials protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other privilege, doctrine, immunity, or rules.

4. Plaintiff objects to each and every Request for Production to the extent that they seek information, documents, or other materials in the possession, custody, or control of Plaintiff and/or any other entities other than PLAINTIFF.

5. Plaintiff objects to each and every Request for Production to the extent that they seek information, documents, or other materials, which are not in the possession, custody, or control of PLAINTIFF.

6. Plaintiff objects to each and every Request for Production to the extent that they impose obligations upon Plaintiff that are broader than those provided by the Florida Rules of Civil Procedure and the rules of this Court.

7. Plaintiff objects to each and every Request for Production to the extent that they are vague and ambiguous and/or use undefined, ambiguous, and/or vague terms and/or phrases.

8. Plaintiff objects to each and every Request for Production to the extent that they fail to define the relevant time period at issue. Such failure to define or limit the time period for the request is improper, overbroad, and vexatious.

9. Plaintiff objects to each and every Request for Production to the extent that they are not directed specifically at PLAINTIFF, but rather, to another party to this action.

## RESPONSES TO DOCUMENTS TO BE PRODUCED

1.  Copy of all postings in each and every online marketplace, including Facebook Marketplace, related to any efforts by You to sell the F-150.

**RESPONSE:** After diligent search and inquiry, no responsive records have been located that are in the Plaintiff's possession or control beyond that which has been produced previously.

2. All Documents and Communications that You sent to and/or received from any potential buyer of the F-150.

**RESPONSE:** After diligent search and inquiry, no responsive records have been located that are in the Plaintiff's possession or control beyond that which has been produced previously.

3. All Documents and Communications that You sent to and/or received from Your mother, father, and/or any of Your brothers related to the F-150 and/or this lawsuit.

**RESPONSE:** After diligent search and inquiry, no responsive records have been located that are in the Plaintiff's possession or control.

4. Every CarFax Vehicle History Report that You received and/or obtained in relation to the F-150, including all such reports provided by any potential buyer of the F-150.

**RESPONSE:** Responsive records have previously been produced.

5. All Documents that You signed and/or received in relation to Your purchase of the 2023 Subaru Crosstrek, including a copy of the certificate of title, if any.

**RESPONSE: OBJECTION.** This request is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. This lawsuit centers around the odometer disclosure provided to the Plaintiff for the 2012 Ford F150 XLT Supercrew 3.5 4X4 with V.I.N. 1FTFW1ET2CFA12718 purchased from the Defendant, FS Investments, Inc. The documents signed and/or received in relation to the purchase of the 2023 Subaru Crosstrek are immaterial and irrelevant to the issues presented in this lawsuit as framed by the pleadings.

6. All Documents that show, identify, reference, and/or concern the mileage as displayed on the dashboard of the F-150.

**RESPONSE:** Plaintiff will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced.

7. All Documents and Communications related to each and every transport of the F-150, including the transport of the F-150 from Idaho to Florida.

**RESPONSE:** After diligent search and inquiry, no responsive records have been located that are in the Plaintiff's possession or control.

8. Readable copy of each and every estimate, invoice, and receipts related to the F-150.

**RESPONSE:** After diligent search and inquiry, no responsive records have been located that are in the Plaintiff's possession or control beyond that which has been produced previously. These are the only copies available for production.

9. All Documents and Communications related Your repair and/or maintenance of the F-150.

**RESPONSE:** After diligent search and inquiry, no responsive records have been located that are in the Plaintiff's possession or control beyond that which has been produced previously. These are the only copies available for production.

10. All non-privileged Documents and Communications related to, intended to demonstrate, and/or evidence Your claim for damages in this case.

**RESPONSE:** Plaintiff will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced.

11. All non-privileged Documents and Communications related to, intended to demonstrate, and/or evidence Your claim for actual damages in this case.

**RESPONSE:** Plaintiff will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced.

12. All Documents and Communications that You sent to and/or received from Yunier Rodriguez Alfonso related to the vehicle Mr. Alfonso purchased, the F150, and/or this lawsuit.

**RESPONSE:** None.

13. All Documents and Communications that You sent to and/or received from Stuart Raskin related to the F-150 and/or this lawsuit.

**RESPONSE:** Plaintiff will produce responsive, non-privileged documents, to the extent any exist that have not previously been produced.

Respectfully submitted,

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was provided to the persons shown on the Service List, on September 19, 2024.

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685

## SERVICE LIST

**JOSE A. PERALTA, ESQ.**
Florida Bar No. 1028554
**KEITH D. SILVERSTEIN, ESQ.**
Florida Bar No. 086820
**ARMSTRONG TEASDALE LLP**
355 Alhambra Circle
Suite 1200
Coral Gables, Florida 33134
(305) 371-8809
(305) 675-3605 - Fax
Attorneys for Defendant,
*FS INVESTMENTS OF AMERICA, INC.*
*& WESTLAKE FINANCIAL SERVICES, LLC*