UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**i.  Reckless disregard for legal requirements demonstrates intent to defraud and did not need to be pleaded in the complaint.**

Defendant summarily argues that the Court should limit its review to the Complaint and ignore Defendant's multiple Odometer Act ("Act") violations not explicitly stated therein. Response, pgs. 5-6. However, under the 11th Circuit's "notice pleading" standard, a complaint need only provide a short and plain statement of the claim, without the necessity of pleading intricate details of claims and defenses at the outset of a case. *See Bryant Heating & Air Conditioning Corp. v. Carrier Corp.*, 597 F. Supp. 1045, 1049 (S.D. Fla. 1984). The "additional allegations" Defendant contests

demonstrate intent to defraud through reckless disregard of the law, an element frequently established through circumstantial evidence. *See Tusa v. Omaha Auto Auction, Inc.*, 712 F.2d 1248, 1254 (8th Cir. 1983); *Yazzie v. Amigo Chevrolet, Inc.*, 189 F. Supp. 2d 1245, 1246 (D.N.M. 2001). Defendant's argument is thus without merit.

ii. **Defendant has not made a showing that a genuine dispute of material fact exists regarding the inaccuracy of the mileage reading.**

Defendant claims Plaintiff has not proven the mileage is inaccurate, suggesting "human error" in the title's mileage disclosure. Response, pgs. 6-7. This argument relies on speculation without direct evidence of such error.[1] Speculation alone does not create a factual issue to avoid summary judgment. *See Ave. Clo Fund, Ltd. v. Sumitomo Mitsui Banking Corp.*, 723 F.3d 1287, 1294 (11th Cir. 2013). Here, the certified title history, with multiple mileage entries made under penalty of perjury, shows a consistent mileage increase, contradicting representations made to Mr. Haddon. *Compare* DE No. 73-24, at 15, *with* DE No. 73-11, at 2. A reasonable factfinder could conclude the odometer reading was impaired, as reliance on title history for mileage accuracy is proper. *See Moxey v. Jimmy Auto Sale LLC*, 2019 U.S. Dist. LEXIS 52747, at *9 (D.N.J. Mar. 28, 2019); *King v. Union Leasing, Inc.*, 2018 U.S. Dist. LEXIS 178489, at *4-5 (D. Ariz. Oct. 17, 2018).

iii. **Defendant has not shown a dispute of material fact exists that it accepted an incomplete mileage disclosure.**

Defendant misrepresents the Odometer Act, claiming compliance by accepting an objectively incomplete title transfer. Response, pgs. 7-8. This result contradicts

---

[1] The witness who provided the speculative testimony likewise testified that multiple erroneous mileage entries by various entities are highly unlikely. [DE 78-2, at 69:7-18].

Congress's intent to preserve an accurate paper trail of mileage. *See Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1324 (11th Cir. 2005).

The title clearly disclosed the mileage to be 201,150 over a year prior to the transfer which would have been discovered in the exercise of reasonable care. [DE 73-23, pg. 1]. The Act required the transferor (Auto Deal Corp.) to disclose the mileage was inaccurate. *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir. 1978). However, no such disclosure was made, and Defendant accepted the title as such. [DE 73, ¶40]. "*Incomplete*" is defined as "lacking some necessary part." *Merriam-Webster's Collegiate Dictionary* 622 (11th ed. 2003). The title transfer lacked the designation that the mileage was inaccurate which was a necessary part of the disclosure, making it objectively incomplete. Thus, Defendant accepted an incomplete transfer as a matter of law. 15 U.S.C. § 32705(a)(3).

### iv. Defendant has not shown that a dispute of material fact exists that it violated the Act.

Defendant asserts compliance with the Act by selectively interpreting its requirements and state law[2] to fit its narrative, disregarding binding authority and statutory mandates (Response, pp. 8-9). However, the law is clear: except for specific exceptions under 49 C.F.R. § 580.13(a), mileage disclosures must be made on the title to the transferee. *See* 49 C.F.R. § 580.5(c); *Owens,* 425 F.3d at 1321. When an exemption under § 580.13(a) applies and a power of attorney ("POA") is used, it

---

[2] Among the many glaring defects in its position, Defendant's use of the POA to sign as both transferor and transferee on the certificate of title, as demarcated by its use of the "*as POA*" verbiage [DE 73, ¶42] violates Florida law implementing the Act's titling regulations. *See* Fla. Stat. § 319.225(5).

must be on a secure form and include, *inter-alia*, the odometer reading at transfer and an affidavit attesting to the disclosure under penalty of perjury. *See* 49 C.F.R. §§ 580.4, 580.13, 580.14; *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1318 (S.D. Fla. 2004). The POA may not be used to sign as both a transferor and transferee in the same transaction. 49 C.F.R. § 580.6(h).

Defendant has not established a material dispute that the mileage disclosure was not made on the title to Mr. Haddon [DE 73, ¶¶42 & 46] or that it used an unsecure POA lacking a mileage disclosure under penalty of perjury, contrary to the Act's requirements [DE 73, ¶44] and that it used the POA to sign as both the transferor and transferee in the same transaction. [DE 73, ¶42]. Defendant has also failed to show that the penultimate seller was a "floor plan lender" that held a lien, as required for the § 580.13(a)(1) exception to apply. No evidence suggests a lien existed or that the penultimate seller was a lender, rather than simply offering delayed payment terms to Defendant. Defendant's delay in obtaining the title on account of tendering payment after the Ford's sale to Mr. Haddon does not exempt it from the obligation to provide disclosures on the title. *Salmeron v. Highlands Ford Sales, Inc.*, 248 F. Supp. 2d 1035, 1038-39 (D.N.M. 2003).

v. **Defendant has not shown that a dispute of material fact exists that it acted with fraudulent intent.**

Defendant asserts "there is no applicable duty of care requiring Defendant to verify the actual mileage." Response, pg. 11. This stance plainly undermines the Act's remedial intent. *See Nieto*, 578 F.2d at 642 n.3 ("The Senate Report suggests that auto

dealers should adopt business practices reasonably calculated to uncover incorrect odometer readings.") (citing Senate Report to § 1988, 1972 U.S. Code Cong. & Admin. News, at 3971-72). Thus, once a dealer has notice of grounds for suspecting an odometer's inaccuracy, the dealer must investigate further as it has an affirmative duty to adopt practices to uncover incorrect odometer readings and not close its eyes to the truth. *Id.*; *See also Tusa*, 712 F.2d at 1253; *See also Sacks v. DJA Auto.*, 2013 WL 210248 (E.D. Pa. Jan. 18, 2013); *Oettinger v. Lakeview Motors, Inc.*, 675 F. Supp. 1488 (E.D. Va. 1988); *Heffler v. Joe Bells Auto Serv.*, 946 F. Supp. 348 (E.D. Pa. 1996). To accept the Defendant's position would send a dangerous message to would-be wrong-doers and upend Congress' remedial scheme.

Defendant also contends it lacked intent to defraud because it lacked knowledge of the odometer discrepancy. However, courts routinely infer intent to defraud from circumstantial evidence, such as blindly relying on auction disclosures or odometer readings without independent verification and ignoring a vehicle's poor condition. *See Kantorczyk v. New Stanton Auto Auction, Inc.*, 433 F. Supp. 889, 893 (W.D. Pa. 1977)(relying on auction disclosure and a vehicle's odometer reading without verifying);*Tusa*, 712 F.2d at 1254 (failing to obtain prior disclosures and relying on odometer reading); *Hargrove v. Cantrell*, 547 So.2d 488 (Ala.1989)(ignoring condition); *Aldridge v. Billips*, 656 F. Supp. 975. 978-979 (W.D. Va 1987)(ignoring condition and relying on odometer reading). Defendant has not shown a material dispute of fact that it failed to review any prior title disclosures prior to making the disclosure to Mr. Haddon [DE 73, ¶¶30, 32 & 34] nor that it failed to investigate the below average

condition reported by Manheim ® [DE 73, ¶36] or that it made the disclosures based upon its review of the odometer reading and the representations conveyed by Manheim ® without independently verifying the mileage. [DE 73, ¶34]. A reasonable factfinder could readily conclude the Defendant acted with fraudulent intent.

vi. **Defendant did not address Plaintiff's argument on damages.**

Defendant argues that Plaintiff is not entitled to damages by merely reasserting by incorporation arguments from its Motion for Summary Judgment without additional analysis or citation. Response, pg. 16. This is improper as it bypasses the Court's page limits. *Belcher v. Aramark Sports & Entm't Servs., LLC*, No. 3:21-cv-375-MMH-LLL, 2023 U.S. Dist. LEXIS 89508, at *2-3 (M.D. Fla. Mar. 8, 2023). Without citing authority or analysis in its response, Defendant has not met its burden. *Greer v. Ivey*, No. 6:15-cv-677-Orl-41GJK, 2020 U.S. Dist. LEXIS 177114, at *9 (M.D. Fla. Aug. 19, 2020).

vii. **Defendant has not shown that the repair invoice and statement of a potential buyer could not be reduced to admissible form at trial.**

Defendant claims the repair invoice from Quality Care Automotive and a potential buyer's statement regarding the Ford's mileage inaccuracy are inadmissible hearsay. Response, pg. 18. However, Defendant overlooks that these statements could be "'reduced to admissible evidence at trial,'" such as through direct testimony from the declarant. *Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 324 F. Supp. 3d 1269, 1278 (N.D. Ga. 2018) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012)).

**viii.    Plaintiff has filed a declaration from Stuart Raskin.**

Defendant asks the Court to disregard the expert report of Stuart Raskin, challenging the same on evidentiary grounds. Response, pg. 19. Plaintiff has submitted a declaration of Mr. Raskin, under penalty of perjury as Exhibit "A."[3] This argument is moot.

**ix.    Defendant overlooks its failure to comply with the Local Rules.**

While Defendant criticizes Plaintiff for exceeding page limits (Response, pg. 19), it itself violates Local Rule 3.01(b) by filing a 22-page response. Defendant's position is "at best, petty." *Hassoun v. ReliaStar Life Ins. Co.*, 288 F. Supp. 3d 1334, 1347 (S.D. Fla. 2018). Nevertheless, Plaintiff has filed a Motion for Leave to Exceed Page Limits [DE 90] to correct this innocent oversight.

Respectfully submitted on November 11, 2024, by:

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685

### CERTIFICATE OF SERVICE

I certify that on November 11, 2024, a copy of the foregoing was filed via the Court's Electronic Filing system.

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

---

[3] The declaration presents no new evidence.