UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF
AMERICA INC., d/b/a
POWERHOUSE AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

**DECLARATION OF STUART RASKIN UNDER PENALTY
OF PERJURY PURSUANT TO 28 U.S.C. § 1746**

I, STUART C. RASKIN, declare as follows:

1. I am over the age of 18, of sound mind, and otherwise competent to sign this declaration.

2. I am the author of the report titled "Used Motor Vehicle History Assessment: Odometer Rollback and Impacts on Value" regarding a 2012 Ford F150 XLT Supercrew 3.5 4x4, Vehicle Identification Number (V.I.N.) 1FTFW1ET2CFA12718, prepared on August 20, 2024. This report appears on the docket in this action as DE No. 73-25.

3. I have personal knowledge of the facts stated in my expert report dated August 20, 2024 [DE 73-25], and if called as a witness, I could and would testify competently to the truth of the matters stated therein as well as to the matters stated in this declaration.

4. I am a certified auto appraiser, holding Certification No. 1003300011 from the International Association of Automobile Appraisers (IAAA), and have been a licensed Independent Automobile Dealer in the State of Florida for over twenty years. With more than thirty years of experience in the automotive industry, I have conducted thousands of vehicle appraisals, including light, medium, and heavy-duty trucks, motorcycles, and collectible automobiles, and have extensive experience in identifying odometer discrepancies and evaluating their impacts on vehicle valuation.

5. My professional practice has included serving as an expert witness in litigation matters related to vehicle valuation, with approximately eighty percent of my expert testimony provided on behalf of plaintiffs and twenty percent on behalf of defendants. Ten percent of my professional workload is dedicated to litigation-related matters.

6. I am competent to testify regarding all matters in the August 20, 2024 report and this declaration, as they are within my personal knowledge, and I am qualified by my training, experience, and certification to offer expert opinions on the valuation of used vehicles and the impact of documented odometer discrepancies.

7. My August 20, 2024 report was commissioned by Attorney Joshua Feygin on behalf of the Plaintiff, Gabriel Luc Haddon, to determine the history and accuracy of odometer readings for the subject vehicle and to assess the impact of any documented odometer discrepancies on its fair market value as of May 25, 2020.

8. The report is based on my personal review of the vehicle's historical title records (including Texas Certificate of Title No. 108807591, Texas Certificate of Title No. 11168700, and, Texas Certificate of Title No. 144973339), my personal physical inspection of the vehicle, and my personal review of other relevant documentation, including but not limited to the Buyer's Order to verify odometer readings and identify any potential misrepresentations or discrepancies that could affect the vehicle's valuation.

9. In preparing my report, I adhered to the Uniform Standards of Professional Appraisal Practice (USPAP) and the Uniform Standard for Automotive Appraisal Procedure (USAAP), which outline industry standards for documenting vehicle history, assessing odometer readings, and evaluating the fair market value of vehicles with reported discrepancies.

10. I conducted a personal inspection of the vehicle on August 14, 2024, where I verified the vehicle's identification number (V.I.N.) and recorded the odometer reading at 151,625 miles. This reading was then compared to documented historical readings from state-issued titles (including Texas Certificate of Title No. 108807591, Texas Certificate of Title No. 11168700, and, Texas Certificate of Title No. 144973339) to identify any inconsistencies.

11. I reviewed title history records from Texas and Florida, noting that on March 6, 2019, the vehicle's odometer reading was recorded as 201,150 miles in the Texas Certificate of Title No. 144973339. This reading conflicted with a later reading of 131,627 miles documented on March 31, 2020, in subsequent title records. This discrepancy was carried forward in subsequent title records through May 25, 2020, indicating that the mileage was

understated by approximately 69,523 miles relative to the last documented reading of 201,150 miles.

12. I also examined the Buyer's Order Form indicating that Mr. Gabriel Luc Haddon purchased the vehicle from Powerhouse Automotive on May 25, 2020, for $21,998, based on the recorded mileage of 131,636 miles.

13. Based on the review of title documentation, it is my opinion that the odometer discrepancy should have triggered a "Not Actual Mileage" branding on the vehicle title. Failure to mark this branding constitutes a misrepresentation of the vehicle's mileage and impacted its marketability and value.

14. In assessing the impact of this discrepancy, I considered the vehicle's make, model, year, and the industry-standard effect of such discrepancies on market value.

15. In my professional opinion, a 25% reduction in value is appropriate, resulting in a fair market value adjustment of $5,500, lowering the adjusted value to $16,500.

16. My opinion is based on my experience in the automotive appraisal industry and familiarity with how similar odometer discrepancies typically affect vehicle valuations.

17. I affirm that my findings, opinions, and conclusions in the August 20, 2024 report are true, accurate, and unbiased and based upon my own personal knowledge. The report was prepared independently and is not contingent upon any predetermined outcome or influenced by any external party with a financial or other interest in the vehicle.

18. I received $750 in compensation for my services in conducting the inspection, research, and analysis and for preparing the report. This compensation is unrelated to the findings or conclusions expressed in the report.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2024.

*Stuart C. Raskin*
_____
**Stuart C. Raskin**