UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GABRIEL LUC HADDON**, an individual,

Plaintiff,

vs.

**FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE,** a Florida corporation, and **WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES**, a foreign corporation,

Defendants.
_____/

Case No. 8:23-cv-00709-WFJ-SPF

**FS INVESTMENTS OF AMERICA, INC.**, a Florida corporation,

Third-Party Plaintiff,

vs.

**MCCOMBS WEST FORD, LLC, d/b/a MCCOMBS FORD WEST**, a foreign corporation,

Third-Party Defendant.
_____/

## **ORDER**

Before the Court is Third-Party Defendant McCombs West Ford LLC's ("McCombs") Motion for Summary Judgment, Dkt. 71. Third-Party Plaintiff FS

Investments of America, Inc.'s ("FS Investments") has responded (Dkts. 77) and McCombs replied. Dkts. 89. Upon due consideration, the Court finds as moot Third Party Defendant McCombs's motion for summary judgment in light of the Court's dismissal of the Third-Party Complaint filed by FS Investments.

## FACTUAL BACKGROUND

On May 25, 2020, Plaintiff Gabriel Haddon ("Haddon") visited Defendant FS Investments' dealership, looking to purchase a used motor vehicle. Dkt. 80 ¶ 1. After an inspection and test drive, Haddon ultimately landed on a used 2012 Ford F-150 (the "Vehicle"), VIN Number 1FTFW1ET2CFA12718. *Id.* Plaintiff and his mother, Maria Haddon, signed a Buyer's Order and Retail Installment Contract and Security Agreement ("RISC") to purchase the Vehicle for $21,998. *Id.* ¶ 2; Dkt. 74 ¶ 17.

FS Investments advertised the Vehicle with 131,636 miles. Dkt. 74 ¶ 16. The buyer's order said: "Odometer Reading 131636." Dkt. 72-2 at 6. The RISC and Title Application With/Without Registration also indicated the disclosed mileage was 131,636. Dkt. 74 ¶¶ 20, 26. The RISC would later be assigned to Defendant Westlake. Dkt. 80 ¶ 2. Plaintiff testified that the Vehicle was a gift from his mother, that only his mother made all the payments to Westlake, and that Plaintiff is not obligated to reimburse his mother for these payments. *Id.* ¶ 4.

At the time of the sale to Plaintiff, Defendant FS Investments did not have title to the Vehicle. Dkt. 74 ¶ 30. Defendant received the Vehicle's title on a Texas

2

Certificate of Title bearing Title/Document Number 01541843520093008 ("Transfer Title") "about 10 days" after Plaintiff took possession of the Vehicle. *Id.* ¶¶ 31-32. Defendant utilized an unsecure power of attorney form—"HSMV Form 82053"—to sign the Transfer Title on behalf of Plaintiff as both transferor and transferee in its capacity as attorney of fact. *Id.* ¶ 40; Dkt. 73-1H. The unsecure power of attorney does not disclose the Vehicle's mileage. Dkt. 74 ¶ 44. Plaintiff never had an opportunity to inspect or sign the Transfer Title. *Id.* ¶ 46. When the Vehicle was sold, the Transfer Title was not lost or in the process of being replaced. *Id.* ¶¶ 47-48. The face of the Transfer Title discloses the "actual mileage" to be "201,150" as of March 06, 2019 (Dkt. 73-5 at FSIA000019), but the mileage disclosure on the prior seller's 2020 assignment of Title listed "131,636" miles. Dkt. 74 ¶ 53; Dkt. 73-5 at FSIA000020; Dkt. 73-23 at 2.

After the sale, Plaintiff testified that repairs were required on the turbocharger, muffler, and tires. Dkt. 80 ¶ 6. Plaintiff also agreed that a motor vehicle with over 100,000 miles will likely require repair, replacement parts, and usual maintenance costs. *Id.* ¶ 8. Plaintiff's mother assumed the costs of all repairs because Plaintiff "didn't have the money at the time." *Id.* ¶ 9. In May of 2022, Plaintiff allegedly attempted to sell the Vehicle. Dkt. 74 ¶ 63. One of the reasons Plaintiff wanted to sell the Vehicle was because "the miles per gallon [were] too low for [his] job at the time." Dkt. 80 ¶ 12. After a potential buyer requested Plaintiff obtain a CarFax report

3

of the Vehicle, Plaintiff became aware of a mileage discrepancy. *Id.* ¶ 13. Upon further investigation, Plaintiff obtained the title history to the Vehicle from the Florida Department of Highway Safety and Motor Vehicles, which disclosed that the Vehicle's "actual mileage" was "201,150" on March 06, 2019. Dkt. 74 ¶ 39.

On January 19, 2024, Defendant FS Investments filed a Third-Party Complaint against Third-Party Defendant McCombs asserting common law indemnity (Count One) and negligence misrepresentation (Count Two). Dkt. 35. FS Investments, as a third-party plaintiff, argues that it purchased the Vehicle from McCombs, who misrepresented the mileage. *Id.* McCombs now moves for summary judgment on both counts, asserting it had sold the Vehicle to non-party Auto Deal Corp. ("Auto Deal"), not FS Investments. Dkt. 71.

## LEGAL STANDARD

Summary judgment is only appropriate when there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed R. Civ. P. 56(a). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

4

The moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The Court, in ruling on a motion for summary judgment, "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e), (c). The court may not weigh evidence to resolve a factual dispute; if a genuine issue of material fact is present, the court must deny summary judgment. *Hutcherson v. Progressive Corp.,* 984 F.2d 1152, 1155 (11th Cir. 1993). Likewise, the court should deny summary judgment if reasonable minds could differ on the inferences arising from undisputed facts. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992).

## DISCUSSION

Third-Party Defendant McCombs requests summary judgment against Third Party Plaintiff FS Investments' claims for common law indemnity and negligent misrepresentation. *See* Dkt. 71. McCombs point out that it had no dealings with FS Investments, but sold the Vehicle at auction with a third-party auctioneer. *Id.* at 4. FS Investments subsequently bought the Vehicle from the purchaser at the auction,

Auto Deal Corp. *Id.* at 5. McCombs argues there was no relationship between it and FS Investments at all; thus, nothing to create indemnity. *Id.* at 6. As to the negligent misrepresentation count, McCombs points out it made no representations whatsoever to FS Investments. *Id.* at 7. In response, FS Investments contends (*inter alia*) that it is the assignee of Auto Deal's rights. Dkt. 77 at 9.

McCombs's reply now argues that FS Investments lacks standing since the assignment agreement with Auto Deal occurred on September 26, 2024, eight months and seven days after filing the Third-Party Complaint. Dkt. 89 at 2. As such, McCombs asserts the Third-Party Complaint must be dismissed for lack of standing. *Id.* For the reasons discussed below, the Court agrees.

"Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003). Standing requires that a plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). Injury-in-fact is the only element in dispute. Though Defendant FS Investments itself did not suffer an injury-in-fact, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *MSPA Claims 1, LLC v. Tenet Florida, Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) (citation omitted). The normal remedy for a lack of subject matter

jurisdiction is dismissal without prejudice. *Wiand v. ATC Brokers Ltd.*, 22-13658, 2024 WL 1163902, at *6 (11th Cir. Mar. 19, 2024).

Under Florida law, "standing" in the assignment context refers to the person or entity who "owns" the cause of action against the defendant. *See Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005). Importantly, "the plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (citing *McGrath*, 913 So. 2d at 1285). "Thus, a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact." *Id.*; *IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC*, 49 Fla. L. Weekly D1975 (Fla. 3d DCA Sept. 30, 2024).

Here, FS Investments attached a copy of the assignment with Auto Deal in its response to McCombs's motion for summary judgment. *See* Dkt. 77-4. The document states the assignment of claims was "entered into as of the 26th day of September, 2024" between Auto Deal and FS Investments. Dkt. 77-4. FS Investments filed the Third-Party Complaint against McCombs on January 19, 2024. *See* Dkt. 35. As such, the assignment between Auto Deal and FS Investments occurred eight months and seven days *after* litigation began. FS Investments cannot establish its "right to maintain an action retroactively by acquiring standing to file a

7

lawsuit after the fact." *McLean*, 79 So. 3d at 173; *McGrath*, 913 So. 2d at 1283–85 (finding plaintiff had no standing since the assignment was executed six months after litigation began).

Indeed, the assignment here "is not merely a condition precedent to maintain an action on a claim held by the person or entity who filed the lawsuit. Rather, it is the basis of [FS Investments] standing to invoke the processes of the court in the first place." *McGrath*, 913 So. 2d at 1285; *see also Haratz v. Dental Team of Atlantis LLC*, 372 So. 3d 282, 286 (Fla. 4th DCA 2023) (distinguishing standing from failure to comply with a condition precedent to suit and noting that "a party's lack of standing to bring an action is a defect that cannot be cured mid-suit"). Thus, the Third-Party Complaint is dismissed without prejudice for lack of standing.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Court **DISMISSES without prejudice** Defendant FS Investment's Third-Party Complaint, Dkt. 35, for lack of standing.

2. The Court finds Third Party Defendant McCombs's Motion for Summary Judgment, Dkt. 71, is **MOOT**.

**DONE AND ORDERED** in Tampa, Florida, on December 11, 2024.

                                      */s/ William F. Jung*
                                      **WILLIAM F. JUNG**
                                      **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record