UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GABRIEL LUC HADDON, an individual,

        Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation,

        Defendants.
_____/

Case No. 8:23-cv-00709

**FS INVESTMENTS OF AMERICA, INC.**, a Florida corporation,

        Third-Party Plaintiff,

vs.

**MCCOMBS WEST FORD, LLC**, d/b/a MCCOMBS FORD WEST, a foreign corporation,

        Third-Party Defendant.
_____/

### THIRD-PARTY PLAINTIFF FS INVESTMENTS OF AMERICA, INC.'S AMENDED RESPONSE TO THIRD-PARTY DEFENDANT MCCOMBS WEST FORD, LLC'S MOTION FOR SANCTIONS

Third-party plaintiff, FS Investments of America, Inc. ("FS Investments"), by and through the undersigned counsel, and pursuant to Local Rule 3.01(c), and this Court's Endorsed Order (Dkt. 98), hereby files its Amended Response to the *Motion*

*for Sanctions* (Dkt. 68) field by third-party defendant, McCombs West Ford, LLC ("McCombs"), stating the following:

### A. INTRODUCTION

In order for McCombs to recover its attorney's fees as sanctions against FS Investments under Fla. Stat. § 57.105(1), this Court must first determine that FS Investments' claims of common law indemnity and negligent misrepresentation were entirely devoid of factual or legal support. However, the record clearly demonstrates otherwise. As detailed below, FS Investments not only relied on a material misrepresentation from McCombs, but it also has a connection with McCombs that is, at a minimum, arguably sufficient to support a claim of common law indemnity.

### B. LEGAL STANDARDS

#### I. Sanctions Under Fla. Stat. § 57.105(1)

Courts must apply Fla. Stat. § 57.105(1) "with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting a chilling effect on use of the courts." *Minto PBLH, LLC v. 1000 Friends of Florida, Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA 2017); *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 2021 WL 5627999, at *2 (Bankr. M.D. Fla. Nov. 18, 2021). Consistent with this purpose, an award of attorney's fees under section 57.105 is appropriate "only when the action is so clearly devoid of merit *both on the facts and the law* as to be *completely* untenable." *Dep't of Revenue ex rel. Marchines v. Marchines*, 974 So. 2d 1085, 1090 (Fla. 2d DCA 2007) (emphasis added); *In re Mills*, 829 Fed. Appx. 938, 941 (11th Cir. 2020); *Pitts v.*

*Geovera Specialty Ins. Co.*, 2023 WL 4669598, at *3 (M.D. Fla. July 5, 2023), *report and recommendation adopted*, 2023 WL 4661966 (M.D. Fla. July 20, 2023). In other words, "[s]ection 57.105 fees will not be awarded unless the court finds a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous…." *Muckenfuss v. Deltona Corp.*, 508 So. 2d 340, 341 (Fla. 1987); *see Montefu Acosta v. Miami Dade Cnty.*, 2021 WL 5474143, at *2 (S.D. Fla. Nov. 23, 2021) (Legal claims are frivolous when "no reasonably competent attorney could conclude that it has any reasonable chance of success."). The burden of demonstrating the foregoing rests on the party requesting the attorney's fees. *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007). Accordingly, "[w]here there is an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105." *Minto PBLH, LLC*, 228 So. 3d 149.[1]

## II. Common Law Indemnity

As a threshold matter, whether a "special relationship" exists for a claim of common law indemnity is a question of fact for the jury. *See, e.g., Tucker v. PACCAR, Inc.,* 2005 WL 8159641, at *2 (M.D. Fla. Sept. 1, 2005) ("Florida courts have also left to the province of juries the question whether a 'special relationship' exists between the parties"). Here, McCombs requested a jury trial in its Answer and Affirmative Defenses to FS Investments' Third-Party Complaint. Dkt. 48 at 5.

---

[1] As it is evident from the law noted herein, prevailing in an action without more is insufficient for recovering attorney's fees under Fla. Stat. § 57.105(1). *See, e.g., In re Mills*, 829 Fed. Appx. 938, 941 (11th Cir. 2020) ("That a party was successful in obtaining the dismissal of the action or summary judgment in an action is not enough by itself to warrant relief under section 57.105.").

A claim for common law indemnity is one that "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." *Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.,* 171 So. 3d 194, 196 (Fla. 5th DCA 2015). To succeed in a claim for common law indemnity, the claimant must prove three elements: (1) that it is without fault; (2) that the party from whom it is seeking indemnity is at fault; and (3) that it is liable to the injured party only because it is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom it is seeking indemnity. *Florida Peninsula Ins. Co.,* 171 So. 3d 196. The term "special relationship" merely describes a relationship that gives rise to any of these kinds of liability. *Id.*

Of the terms "vicarious," "constructive," "derivative," and "technical" liability, "only 'vicarious liability' is a recognized term of art, and it is typically used to describe liability imposed by agency law." *Auto-Owners Ins. Co. v. Ace Elec. Serv.,* Inc., 648 F. Supp. 2d 1371, 1379 (M.D. Fla. 2009). The other three terms "are meant merely to capture the concept that the party seeking indemnity must be without fault." *Auto-Owners Ins. Co.,* 648 F. Supp. 2d 1379; *see also Florida Peninsula Ins. Co.,* 171 So. 3d 196–97; *Houdaille Indus., Inc. v. Edwards,* 374 So. 2d 490, 493 (Fla. 1979) ("Although courts of this state have consistently premised the allowance of indemnity upon a special relationship between the primary defendant and the third-party defendant, confusion seems to have arisen over the use of the labels employed to designate the conduct of

the parties which will permit the party seeking indemnity to recover. . . . Regardless of what specific terms are employed whether the courts say active-passive or primary-secondary what they are really speaking of is fault or no fault.").

C. **ARGUMENTS**

    I.  **Powerhouse's Third-Party Complaint Was Not Devoid of Factual or Legal Support**

McCombs' Motion for Sanctions rests on a single premise: "there was never any transaction or business dealings of any sort between FS Investments and McCombs." Dkt. 68. McCombs asserts that it sold the Vehicle to Auto Deal, who then sold it to FS Investments. *Id.*[2] From this, McCombs argues that no "special relationship" could have existed between McCombs and FS Investment, nor could there have been any misrepresentation from McCombs to FS Investment. *Id.*

However, McCombs failed to account for the undisputed fact that Frank Strusberg, FS Investments' director, purchased the Vehicle while acting on behalf of, and for the benefit of, both FS Investments and Auto Deal. (Strusberg Dep. 141:10–15; Santessi Decl. ¶ 5).[3] It is also undisputed that Mr. Strusberg completed the purchase using FS Investments' Manheim account, intending for FS Investments to place the Vehicle for sale on its lot, which is exactly what occurred. (Strusberg Dep. 104:25–105:13, 140:14–24, 141:1–5; *see also* Santessi Decl. ¶ 4).

---

[2] "Vehicle" refers to the used 2012 Ford F-150 with VIN 1FTFW1ET2CFA12718 that is at issue in this case.

[3] A copy of the deposition transcript of Mr. Strusberg is annexed hereto as **Exhibit 1**. A copy of the Declaration of Martin Santessi, director of Auto Deal, is annexed hereto as **Exhibit 2**.

Page 5 of 9

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1200, Coral Gables, FL 33134  T. 786.822.3700 F. 305.675.3605  ArmstrongTeasdale.com

McCombs similarly ignored the undisputed fact that, in selling the Vehicle to plaintiff Gabriel Haddon, FS Investments relied on the mileage disclosed by McCombs. (*See* Strusberg Dep. 36:11–16, 135:21–24; Finley Dep. 36:11–21).[4] Notably, this same mileage disclosure is the basis of Mr. Haddon's lawsuit against FS Investments. Dkt. 1. As reflected on the Bill of Sale, McCombs "is the transferor of the vehicle and is responsible for all disclosures, including odometer and mileage."[5] By simply passing along McCombs' mileage representation to Mr. Haddon, FS Investments denies any liability for Mr. Haddon's alleged damages. Dkt. 3 ¶ 11–13, 18–21. Importantly, FS Investments' liability has not been established in this case.

Therefore, from the outset, McCombs made a material misrepresentation to FS Investments, on which FS Investments relied to its detriment. Moreover, a connection exists between FS Investments and McCombs that may support a claim for common law indemnity, especially considering that the existence of a "special relationship" is a question for the jury. Here, the jury should be left to decide whether there exists a special relationship sufficient to sustain a claim for common law indemnity between McCombs and FS Investments, where the director of FS Investments acted on behalf of both FS Investments and the buyer, using the FS Investments' account for its benefit.[6]

---

[4] A copy of the deposition transcript of Mr. Henry Finley, McCombs' general manager and corporate representative, is annexed hereto as **Exhibit 3**.

[5] A copy of the Bill of Sale is annexed hereto as **Exhibit 4**.

[6] This question was foreclosed by this Court's Order dismissing FS Investments' Third-Party Complaint. Dkt. 95. In its response to McCombs' Motion for Sanctions and Motion for Summary Judgment, FS Investments presented its connection with McCombs, as detailed above. Dkt. 70, 77.

## II. McCombs' Motion Violated the Procedural Requirements of This Court and Fla. Stat. § 57.105(1)

Courts "must strictly construe Section 57.105." *Pitts*, 2023 WL 4669598, at *4 (M.D. Fla. July 5, 2023). Under Section 57.105, the party seeking fees must first establish that it is the prevailing party. *See* § 57.105(1), Fla. Stat.; *Gallaher v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1535501, at *2 (M.D. Fla. Mar. 29, 2018). Courts have recognized litigants as the "prevailing party" if they have received a judgment in their favor or "at least some relief on the merits of a claim." *See Harty v. Ross Dress for Less, Inc.*, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012).

Moreover, under Fed. R. Civ. P. 54(d)(2)), attorney's fees must be claimed by a motion filed no later than 14 days *after* the entry of the judgment, with the basis articulated and the amount sought provided. (Fed. R. Civ. P. 54(d)(2)). Similarly, a request for determination of entitlement to attorney's fees under Local Rule 7.1(b) must be made under these conditions. (See Local Rule 7.1(b)).

Although the Court dismissed FS Investments' Third-Party Complaint, McCombs' Motion for Sanctions remains procedurally defective as it was filed in violation of Fla. Stat. § 57.105, Rule 54(d), and Local Rule 7.1(b). McCombs' filed the Motion before there was any prevailing party or judgment, and the Motion fails to specify the amount sought.

---

McCombs did not dispute this connection; instead, it focused solely on the invalidity of the Assignment of Claim Agreement between Auto Deal and FS Investments. The Court's Order likewise addressed only this issue. Dkt. 95.

### III. <u>McCombs Failed to Comply with Local Rule 3.01(g)</u>

Local Rule 3.01(g) states that except for motions for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, all motions must include a certification providing (1) whether the movant conferred with the opposing party, (2) the result from the conferral, and (3) if the motion was opposed, the means by which the conference occurred. Local Rule 3.01(g)). McCombs' Motion for Sanctions does not include this certification. In fact, before filing, McCombs made no attempt to confer on its merit. As a result, Defendant's Motion is defective.[7] *See, e.g., Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.,* 2021 WL 1238405, at *1 (M.D. Fla. Apr. 3, 2021) ("The Court denies the Motion [to Dismiss] for failure to comply with Local Rule 3.01(g).").

### D. <u>CONCLUSION</u>

Wherefore, third-party plaintiff, FS Investments of America, Inc., respectfully requests that the Court deny with prejudice the Motion for Sanctions filed by third-party defendant, McCombs West Ford, LLC, in addition to any other relief as this Court deems just and proper.

Dated <u>January 2, 2025</u>.

---

[7] This is the second time that McCombs' files a motion in violation of Local Rule 3.01(g). *See* Dkt. 42 (Motion to Dismiss Third-Party Plaintiff's Third-Party Complaint and Alternatively Motion to Transfer Venue).

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 675-3605

By: /s/ *Jose A. Peralta*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, a true and correct copy of the foregoing was served to every counsel of record via transmission of notices of electronic filing generated by CM/ECF.

    /s/ *Jose A. Peralta*
    Jose A. Peralta, Esq.