# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **GABRIEL LUC HADDON**, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>**FS INVESTMENTS OF AMERICA, INC.**, d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation,<br><br>    Defendants.<br>_____/<br><br>FS INVESTMENTS OF AMERICA, INC., a Florida corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>MCCOMBS WEST FORD, LLC, d/b/a MCCOMBS FORD WEST, a foreign corporation,<br><br>    Third-Party Defendant.<br>_____/ | Case No. 8:23-cv-00709 |

## DECLARATION OF MARTIN SANTESSI IN SUPPORT OF FS INVESTMENTS OF AMERICA, INC.'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED BY MCCOMBS WEST FORD, LLC

MARTIN SANTESSI, under penalty of perjury, hereby declares the following:

1. I am a director of Auto Deal Corp., who is a non-party in the above styled action ("Auto Deal"), and I am authorized to provide this declaration on behalf of Auto Deal.

2. I made this declaration based on my personal knowledge and review of Auto Deal's files and business records with regard to the 2012 Ford F-150 with VIN 1FTFW1ET2CFA12718 (the "Vehicle") that is the subject of this lawsuit.

3. The files and business records of Auto Deal are complete and correct, have been kept under my supervision and control, and were made at or near the time of the events recorded in the records by or from information transmitted by a person with knowledge. These records are kept in the ordinary course of a regularly conducted business activity, and it is Auto Deal's regular practice to keep such records.

4. On or about April 11, 2020, Auto Deal, through its then representative Franklyn Strusberg, purchased the Vehicle from third-party defendant McCombs West Ford, LLC ("McCombs"), with the intent that third-party plaintiff FS Investments of America, Inc. ("FS Investments") would offer the Vehicle for sale on its lot.

5. In purchasing the Vehicle, Mr. Strusberg also acted on behalf of and for the benefit of FS Investments.

6. After purchasing the Vehicle, Auto Deal's sole obligation was to transfer the certificate of title to the Vehicle to FS Investments after the Vehicle

was sold, eliminating any need by FS Investments to review the certificate of title beforehand.

7. Through Manheim's website, in connection with the sale of the Vehicle, McCombs represented that the mileage of the Vehicle was 131,628 miles.

8. Auto Deal relied on the mileage represented by McCombs when it purchased and assessed the Vehicle for resale.

9. Auto Deal would not have purchased the Vehicle had it known that the odometer reading of the Vehicle did not accurately represent the mileage of the Vehicle as it appeared on the certificate of title.

10. Auto Deal conveyed to FS Investments the mileage of the Vehicle that was disclosed by McCombs, and Auto Deal intended that FS Investments would rely on that information.

**UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AND THE SAME IS TRUE AND CORRECT.**

Date: 10/25/24                By: _____
                                    Martin Santessi