# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

GABRIEL LUC HADDON, an individual,

        Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation, and WESTLAKE SERVICES, LLC, d/b/a WESTLAKE FINANCIAL SERVICES, a foreign corporation,

        Defendants.
_____/

Case No. 8:23-cv-00709

**FS INVESTMENTS OF AMERICA, INC.**, a Florida corporation,

        Third-Party Plaintiff,

vs.

**MCCOMBS WEST FORD, LLC**, d/b/a MCCOMBS FORD WEST, a foreign corporation,

        Third-Party Defendant.
_____/

## THIRD-PARTY PLAINTIFF FS INVESTMENTS OF AMERICA, INC.'S RESPONSE TO THIRD-PARTY DEFENDANT MCCOMBS' WEST FORD, LLC'S MOTION FOR ATTORNEY'S FEES AND AMENDED MOTION FOR SANCTIONS

Third-party plaintiff, FS Investments of America, Inc. ("**FS Investments**"), by and through the undersigned counsel, and pursuant to Local Rule 3.01(c), hereby files

its Response to the *Amended Motion for Sanctions* (Dkt. 108) and *Motion for Attorney's Fees* (Dkt. 109) (collectively, the "**Motions for Fees**") filed by third-party defendant, McCombs West Ford, LLC ("**McCombs**"), stating the following:

### A. SUMMARY OF ARGUMENTS

In is Motions for Fees, McCombs relies exclusively on the lack of standing to FS Investments arising out of the assignment between FS Investments and non-party Auto Deal Corp. McCombs, and this Court in its Order dismissing without prejudice FS Investments' Third-Party Complaint (Dkt. 95), failed to address the "special relationship" between the parties under the facts of this case independent from the assignment. Whether there exists a special relationship between FS Investments and McCombs — based on FS Investments' director acting in the purchase of the Vehicle for FS Investments' benefit and using FS Investments' auction account — remains an undisputed and reasonable issue.[1] This issue, most often left to the jury, demonstrates the reasonable basis for the claim asserted against McCombs and alone precludes any sanctions against FS Investments and its counsel under Fla. Stat. § 57.105. For this and other reasons, as covered more fully below, the Court should deny the Motions for Fees.

---

[1] "Vehicle" refers to the 2012 Ford F-150 with VIN 1FTFW1ET2CFA12718 at issue in this case.

B. <u>LEGAL STANDARDS</u>

    I.    <u>Sanctions Under Fla. Stat. § 57.105(1)</u>

Courts must apply Fla. Stat. § 57.105(1) "with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting a chilling effect on use of the courts." *Minto PBLH, LLC v. 1000 Friends of Florida, Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA 2017); *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 2021 WL 5627999, at *2 (Bankr. M.D. Fla. Nov. 18, 2021). Consistent with this purpose, an award of attorney's fees under section 57.105 is appropriate "only when the action is so clearly devoid of merit ***both on the facts and the law*** as to be ***completely*** untenable." *Dep't of Revenue ex rel. Marchines v. Marchines*, 974 So. 2d 1085, 1090 (Fla. 2d DCA 2007) (emphasis added); *In re Mills*, 829 Fed. Appx. 938, 941 (11th Cir. 2020); *Pitts v. Geovera Specialty Ins. Co.*, 2023 WL 4669598, at *3 (M.D. Fla. July 5, 2023), *report and recommendation adopted*, 2023 WL 4661966 (M.D. Fla. July 20, 2023). In other words, "[s]ection 57.105 fees will not be awarded unless the court finds a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous…." *Muckenfuss v. Deltona Corp.*, 508 So. 2d 340, 341 (Fla. 1987); *see Montefu Acosta v. Miami Dade Cnty.*, 2021 WL 5474143, at *2 (S.D. Fla. Nov. 23, 2021) (Legal claims are frivolous when "no reasonably competent attorney could conclude that it has any reasonable chance of success."). The burden of demonstrating the foregoing rests on the party requesting the attorney's fees. *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007). Accordingly, "[w]here there is

an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105." *Minto PBLH, LLC*, 228 So. 3d 149.[2]

## II. Common Law Indemnity

As a threshold matter, whether a "special relationship" exists for a claim of common law indemnity is a question of fact for the jury. *See, e.g., Tucker v. PACCAR, Inc.*, 2005 WL 8159641, at *2 (M.D. Fla. Sept. 1, 2005) ("Florida courts have also left to the province of juries the question whether a 'special relationship' exists between the parties"). Here, McCombs requested a jury trial in its Answer and Affirmative Defenses to FS Investments' Third-Party Complaint. Dkt. 48 at 5.

A claim for common law indemnity is one that "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." *Florida Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.*, 171 So. 3d 194, 196 (Fla. 5th DCA 2015). To succeed in a claim for common law indemnity, the claimant must prove three elements: (1) that it is without fault; (2) that the party from whom it is seeking indemnity is at fault; and (3) that it is liable to the injured party only because it is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom it is seeking indemnity. *Florida Peninsula Ins. Co.*, 171 So. 3d

---

[2] As it is evident from the law noted herein, prevailing in an action without more is insufficient for recovering attorney's fees under Fla. Stat. § 57.105(1). *See, e.g., In re Mills*, 829 Fed. Appx. 938, 941 (11th Cir. 2020) ("That a party was successful in obtaining the dismissal of the action or summary judgment in an action is not enough by itself to warrant relief under section 57.105.").

196. The term "special relationship" merely describes a relationship that gives rise to any of these kinds of liability. *Id.*

Of the terms "vicarious," "constructive," "derivative," and "technical" liability, "only 'vicarious liability' is a recognized term of art, and it is typically used to describe liability imposed by agency law." *Auto-Owners Ins. Co. v. Ace Elec. Serv.,* Inc., 648 F. Supp. 2d 1371, 1379 (M.D. Fla. 2009). The other three terms "are meant ***merely to capture the concept that the party seeking indemnity must be without fault***." *Auto-Owners Ins. Co.,* 648 F. Supp. 2d 1379 (emphasis added); *see also Florida Peninsula Ins. Co.,* 171 So. 3d 196–97; *Houdaille Indus., Inc. v. Edwards,* 374 So. 2d 490, 493 (Fla. 1979) ("Although courts of this state have consistently premised the allowance of indemnity upon a special relationship between the primary defendant and the third-party defendant, confusion seems to have arisen over the use of the labels employed to designate the conduct of the parties which will permit the party seeking indemnity to recover…. Regardless of what specific terms are employed whether the courts say active-passive or primary-secondary what they are really speaking of is fault or no fault.").

### III. <u>Standing</u>

A plaintiff must establish standing by demonstrating "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–40 (2016), as revised (May

24, 2016).  According to this Court, "[i]njury-in-fact is the only element in dispute." Dkt. 95.

For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc.*, 578 U.S. 339. For an injury to be "concrete," it must be a harm that actually exist rather than being abstract. *See id*. at 340. To determine whether a harm is real, courts "should assess whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC*, 594 U.S. 424. "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id*.  Traditional tangible harms readily qualify as concrete injuries in fact, such as physical and monetary harms. *TransUnion LLC*, 594 U.S. 424–25.

## C. ARGUMENTS

### I. FS Investments' Third-Party Complaint Was Not Devoid of Factual or Legal Support

McCombs' Motions for Fees now rest on two premises: (1) FS Investments' reliance on its Assignment of Claim Agreement with Auto Deal ("**Assignment**") constitutes bad faith "maneuvering" of the litigation process because the Assignment allegedly does not grant FS Investments standing; and (2) "[T]here was never any transaction or business dealings of any sort between FS Investments and McCombs." (Dkt. 108, 109).  However — for the third time — McCombs has failed to acknowledge

and address the factual basis that establish FS Investments' claims and standing to sue McCombs for common law indemnity and negligent misrepresentation.[3]

It is undisputed that Frank Strusberg, FS Investments' director, purchased the Vehicle acting on behalf of, and for the benefit of, both FS Investments and Auto Deal. (Strusberg Dep. 141:10–15; Santessi Decl. ¶ 5).[4] It is also undisputed that Mr. Strusberg completed the purchase using FS Investments' Manheim account and intending for FS Investments to place the Vehicle for sale on its lot, which is exactly what occurred. (Strusberg Dep. 104:25–105:13, 140:14–24, 141:1–5; *see also* Santessi Decl. ¶ 4). It is further undisputed that, in selling the Vehicle to plaintiff Gabriel Haddon, FS Investments relied on the mileage disclosed and advertised (in the auction) by McCombs. (*See* Strusberg Dep. 36:11–16, 135:21–24; Finley Dep. 36:11–21).[5] This same mileage disclosure is the basis of Mr. Haddon's lawsuit against FS Investments. Dkt. 1. By merely passing along to Mr. Haddon the mileage that McCombs' represented to FS Investments and Auto Deal, FS Investments denies any

---

[3] In its Response to McCombs' Motion for Sanctions and Motion for Summary Judgment, FS Investments described the basis of its special relationship with McCombs, as detailed herein. Dkt. 70, 77. McCombs did not dispute this connection in its Reply to FS Investments' Response to Its Motion for Summary Judgment (Dkt. 89), Amended Motion for Sanctions (Dkt. 108), and Motion for Attorney's Fees (Dkt. 109).

[4] A copy of the deposition transcript of Mr. Strusberg was filed with McCombs Motion for Summary Judgment (Dkt. 71) as Exhibit A. A copy of the Declaration of Martin Santessi, director of Auto Deal, was filed with FS Investments' Response to McCombs Motion for Summary Judgment (Dkt. 77) as Exhibit 1.

[5] A copy of the deposition transcript of Mr. Henry Finley, McCombs' general manager and corporate representative, was filed with FS Investments' Response to McCombs Motion for Summary Judgment (Dkt. 77) as Exhibit 2.

liability for Mr. Haddon's alleged damages. Dkt. 3 ¶¶ 11–13, 18–21. Importantly, FS Investments' liability has not been established in this case.

Therefore, from the outset, McCombs made a material misrepresentation to FS Investments, on which FS Investments relied to its detriment. Moreover, a connection exists between FS Investments and McCombs that would support a claim for common law indemnity, especially considering that the existence of a "special relationship" is a factual determination for the jury. Here, the jury should be left to decide whether there exists a special relationship sufficient to sustain a claim for common law indemnity between McCombs and FS Investments, where the director of FS Investments acted on behalf of both FS Investments and the buyer, using the FS Investments' account for its benefit.[6] The jury should also be left to decide whether McCombs is liable for its negligent misrepresentation of the Vehicle's mileage to FS Investments. *See* McComb's Bill of Sale (McCombs "is the transferor of the vehicle and is responsible for all disclosures, including odometer and mileage.").[7]

## II. FS Investments' Third-Party Complaint Was Not Devoid of Factual or Legal Support

The factual and legal basis supporting FS Investments' special relationship with McCombs, as well as McCombs' sole responsibility for Haddon's alleged damages due to its negligent misrepresentation, establishes the injury-in-fact element of FS

---

[6] This question was foreclosed by this Court's Order dismissing FS Investments' Third-Party Complaint. Dkt. 95.

[7] A copy of the Bill of Sale was filed with FS Investments' Response to McCombs Motion for Summary Judgment (Dkt. 77) as Exhibit 3.

Investments' Third-Party Complaint. Based on these grounds, FS Investments sought indemnification from McCombs for "any lability imposed by this Court [upon it] for Haddon's alleged damages related to the Vehicle." Dkt. 35 ¶ 22. Haddon's alleged damages include repair costs and diminution in the Vehicle's value, both of which constitute a tangible, monetary injury and therefore satisfy the injury-in-fact requirement.[8] *See* Dkt. 1, 106. Moreover, the Court has determined that Haddon's alleged statutory damages under 49 U.S.C. § 32710 satisfy the injury in fact element. *See* Dkt. 106.[9] Accordingly, injury-in-fact should never have been at issue in this case.

### III. McCombs Has Failed to Demonstrate Any Bad Faith or "Maneuvering" from FS Investments

Instead of responding directly to FS Investments' factual arguments, McCombs mischaracterizes FS Investments' Third-Party Complaint and responses to its First Requests for Admission to falsely portray FS Investments abusing the judicial process. Dkt. 109 at 8–11. However, these documents actually reinforce FS Investments' arguments as set forth herein. A review of the Third-Party Complaint and the responses demonstrates that, from the outset, FS Investments relied on facts that are not in dispute to determine the existence of a special relationship between the parties.

---

[8] In its Order dated January 6, 2025, entered *after* FS Investments' Third-Party Complaint, the Court granted FS Investments partial summary judgment on any diminution of value damages alleged by Haddon. Dkt. 106.

[9] That FS Investments' liability to Haddon had not been resolved at the filing of the Third-Party Complaint is immaterial. *See* Fed. Fed. R. Civ. P. 14 ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."); *Rea v. Barton Protective Services, Inc.*, 660 So. 2d 772, 773–74 (Fla. 4th DCA 1995) ("A defendant is permitted to file a cross-claim for indemnity prior to the resolution of the defendant's liability to the plaintiff."); *see also Tucker v. PACCAR, Inc.*, 2005 WL 8159641, at *2 (M.D. Fla. Sept. 1, 2005).

Dkt. 109 at 8–10 (e.g., The response to McCombs' Third Request for Admissions states "[a]n agent of [FS Investments] selected and bid on the subject vehicle at auction, which as marketed for sale by McCombs."). The fact that FS Investments unsuccessfully introduced an additional argument through the Assignment does not negate the validity of its original basis for standing.

### IV. McCombs' Motion for Sanctions Violated the Procedural Requirements of This Court and Fla. Stat. § 57.105(1)

Courts "must strictly construe Section 57.105." *Pitts*, 2023 WL 4669598, at *4 (M.D. Fla. July 5, 2023). Under Section 57.105, the party seeking fees must first establish that it is the prevailing party. *See* § 57.105(1), Fla. Stat.; *Gallaher v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1535501, at *2 (M.D. Fla. Mar. 29, 2018). Courts have recognized litigants as the "prevailing party" if they have received a judgment in their favor or "at least some relief on the merits of a claim." *See Harty v. Ross Dress for Less, Inc.*, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012).

Moreover, under Fed. R. Civ. P. 54(d)(2)), attorney's fees must be claimed by a motion filed no later than 14 days *after* the entry of the judgment, with the basis articulated and the amount sought provided. (Fed. R. Civ. P. 54(d)(2)). Similarly, a request for determination of entitlement to attorney's fees under Local Rule 7.1(b) must be made under these conditions. (See Local Rule 7.1(b)).

Although the Court dismissed FS Investments' Third-Party Complaint, McCombs' *Amended Motion for Sanctions* (Dkt. 108) remains procedurally defective as it was filed in violation of Fla. Stat. § 57.105, Rule 54(d), and Local Rule 7.1(b).

McCombs' originally filed the Motion before there was any prevailing party or judgment, and the Motion fails to specify the amount sought.

### D. CONCLUSION

McCombs focus on FS Investments unsuccessful reliance on the Assignment misses the bigger picture: whether, ***under the facts of this case***, a special relationship exists between McCombs and FS Investments — an issue that would be sufficient to support the claims asserted in the Third-Party Complaint. The existence of such a relationship is a factual question that should be left to the jury, and therefore, cannot serve as a basis for sanctions against FS Investments.

McCombs' continued pursuit of sanctions, while willfully ignoring FS Investments' well-founded factual and legal arguments in opposition, constitutes an improper use of judicial resources that this Court should not permit. Given McCombs' bad-faith litigation tactics, this Court should consider exercising its inherent sanctioning power against McCombs.

**WHEREFORE**, third-party plaintiff, FS Investments of America, Inc., respectfully requests that the Court deny with prejudice the *Amended Motion for Sanctions* (Dkt. 108) and *Motion for Attorney's Fees* (Dkt. 109) filed by third-party defendant, McCombs West Ford, LLC, in addition to any other relief as this Court deems just and proper.

Dated January 21, 2025.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**
*Counsel for FS Investments of America, Inc.*
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (786) 822-3700
Telecopier: (305) 675-3605

By: /s/ *Jose A. Peralta*
    Keith D. Silverstein, Esq.
    Fla. Bar No. 086820
    ksilverstein@atllp.com
    Jose A. Peralta, Esq.
    Fla. Bar No. 1028554
    jperalta@atllp.com
    **FOR SERVICE:**
    miamiefiling@atllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, a true and correct copy of the foregoing was served to every counsel of record via transmission of notices of electronic filing generated by CM/ECF.

    /s/ *Jose A. Peralta*
    Jose A. Peralta, Esq.