# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-00709-WFJ

GABRIEL LUC HADDON,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
Corporation, and WESTLAKE SERVICES, LLC.
d/b/a WESTLAKE FINANCIAL SERVICES,
a Foreign Corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,

    Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a
MCCOMBS FORD WEST, a Foreign
Corporation,

    Third-Party Defendant.
_____/

## AMENDED MOTION FOR SANCTIONS[1]

COMES NOW, Third-Party Defendant, MCCOMBS WEST FORD, LLC. and requests that the Court enter sanctions against Third-Party Plaintiff, FS

---

[1] Although the undersigned had conferred with opposing counsel in good faith prior to the service of the original motion [Dkt. 68] the Certificate to that requirement was mistakenly not included. The Certificate is hereby added.

INVESTMENTS OF AMERICA, INC. pursuant to Fla. Stat. §57.105(1)(a) and against its counsel pursuant to §57.105(1)(a) or §57.105(1)(b) and states the following.

Third-Party Plaintiff, FS Investments of America, Inc.'s Third-Party Complaint against Third-Party Defendant, McCombs West Ford, LLC is not supported by material facts necessary to support its claims in violation of Fla. Stat. §57.105(1)(a). Likewise, Third-Party Plaintiff, FS Investments of America, Inc.'s Third-Party Complaint against Third-Party Defendant, McCombs West Ford, LLC is not supported by the application of then-existing law to those material facts in violation of Fla. Stat. §57.105(1)(b).

In pertinent part, Fla. Stat. §57.105 provides:

> **Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation.**
>
> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Here, FS Investments brought claims for common law indemnity and negligent misrepresentation against McCombs in spite of the fact that there was never any

transactions or business dealings of any sort between FS Investments and McCombs. Without there having been any transactions or business dealings of any sort between FS Investments and McCombs there cannot have been any "special relationship" between them supporting a claim for common law indemnity and, likewise, there cannot have been any "representation" made by McCombs to FS Investments supporting a claim for negligent misrepresentation. Therefore, the Court should enter an order of sanctions for attorneys fees incurred by McCombs against FS Investments pursuant to §57.105(1)(a) and against counsel for FS Investments pursuant to §57.105(1)(a) or §57.105(1)(b).

**WHEREFORE**, Third-Party Defendant, McCombs West Ford, LLC requests that the Court enter an order of sanctions against FS Investments of America, Inc. pursuant to §57.105(1)(a) and against counsel for FS Investments of America, Inc. pursuant to §57.105(1)(a) or §57.105(1)(b).

Respectfully submitted,

**BRUCE B. BALDWIN, ESQ.**
Florida Bar No.: 493023
bruceb@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, FL 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
*Attorneys for Third-Party Defendant,*
*McCombs West Ford, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically to counsel for Third-Party Plaintiff, FS Investments of America, Inc. Jose A. Peralta, Esq. (JPeralta@Atllp.com) and Keith D. Silverstein, Esq. (KSilverstein@Atllp.com) this 7th day of January 2024.

BRUCE B. BALDWIN

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g) the undersigned conferred with opposing counsel, Jose Peralta in a good faith effort to resolve the issues raised in this Motion but were unable to reach an agreement.

BRUCE B. BALDWIN