# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-00709-WFJ

GABRIEL LUC HADDON,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA, INC., d/b/a
POWERHOUSE AUTOMOTIVE, a Florida
Corporation, and WESTLAKE SERVICES, LLC.
d/b/a WESTLAKE FINANCIAL SERVICES,
a Foreign Corporation,

    Defendants.
_____/

FS INVESTMENTS OF AMERICA, INC.,

    Third-Party Plaintiff,

vs.

MCCOMBS WEST FORD, LLC., d/b/a
MCCOMBS FORD WEST, a Foreign
Corporation,

    Third-Party Defendant.
_____/

## THIRD-PARTY DEFENDANT, MCCOMBS WEST FORD, LLC'S MOTION FOR ATTORNEYS FEES

COMES NOW, Third-Party Defendant, MCCOMBS WEST FORD, LLC., ("McCombs") pursuant to its Amended Motion for Sanctions under Fla. Stat. §57.105(1) [Dkt. 107], Local Rule 7.01(b), and the Court's *inherent authority* hereby requests that the Court enter an order against Third-Party Plaintiff, FS

*CASE NO.: 8:23-cv-00709-WFJ*

2

INVESTMENTS OF AMERICA, INC. ("FS Investments") *and its counsel* granting entitlement the payment of the costs and fees McCombs incurred in the above-styled action and states the following.

The Court should enter an order entitling McCombs to recover the costs and fees its has incurred defending itself against the Third-Party Complaint brought by FS Investments *and its counsel*. As of this writing, McCombs has incurred approximately **$62,000.00** in fees. As has been revealed, FS Investments lacked standing *ab initio* and its claims against McCombs have dismissed on that basis. FS Investments ultimately admitted to lacking standing by producing an "assignment" (of inchoate claims) it obtained *during the litigation* from Auto Deal, thereby admitting it lack standing *ab initio.* Throughout this litigation FS Investments has displayed *transparent* maneuvering to maintain its claims against McCombs and has therefore acted in bad faith. Therefore, pursuant to the §57.105(1) Motion and the Court's *inherent authority*, the Court should require FS Investments and its legal counsel to reimburse McCombs for all of its costs and fees, *none of which would have been incurred "but-for" FS Investmnents and its counsel's cavalier and baseless claims against McCombs.*[1]

---

[1] The rather obvious question is why FS Investments would not have sued Auto Deal based on the odometer discrepancy since FS Investments admits to have purchased the Ford from Auto Deal, rather than McCombs. During FS Investments corporate representative deposition given by Franklyn Strusberg, Strusberg made many references to his personal relation with the principal of Auto Deal which strongly suggests why FS Investments "leapfrogged" over Auto Deal and targeted McCombs with which there existed no personal or business relationship between them.

### I.  FS Investments' lack of standing render the merits, if any, of its claims moot, and thus irrelevant.

In its Amended Opposition to McCombs Motion for Sanctions [Dkt. 102], FS Investments ignores the Court's "invitation" to amend its Opposition to McCombs Motion for Sanctions seeking its costs and attorneys fees: [98] ENDORSED ORDER stating: "FS may wish to file a short amendment to its opposition, *given the Court's ruling on this third-party complaint.*" (emphasis added).[2] In other words, in its Amended Opposition, FS Investments *ignores* the Dismissal based on its lack of standing. [Dkt. 95]. Rather than amend its opposition to take into account that its claims for common law indemnity and negligent representation against McCombs *are moot* due to lack of standing, in its Amended Opposition FS Investments *merely attempts to prove to the Court that its claims against McCombs were valid requiring jury determination.* FS Investments, and its counsel's Amended Opposition clearly misses the mark in taking advantage of the Court's invitation to take into account the issue of standing in its Amended Opposition.

Standing is a <u>threshold inquiry</u> that must be addressed *before considering the merits of a cause of action.* Bivens v. Douglas, 335 So. 3d 1214 (Fla. 3d DCA 2021). Stated

---

[2] [98] Endorsed Order stating: "taking under advisement [68] Motion for Sanctions against FS Investments. FS may wish to file a short amendment to its opposition, *given the Court's ruling on this third-party complaint.*" (emphasis added).

another way, "[r]equiring a named defendant to have standing to hold the plaintiff to its proof is quite out of line with the conventional understanding of standing that prevails in civil litigation. Standing is usually regarded as an attribute the claimant not the defendant—*must possess before it can open the courthouse doors and have its suit decided.*" *Green Emerald Home, LLC v. 21st Mortgage Corp.*, 300 So.3d 698 (Fla. 2d DCA 2019). In other words, without FS Investments having had standing, the Court is without jurisdiction to entertain the merits of FS Investments claims. See also *Stevens v. Walmart Stores, Inc.*, 2017 WL 7792569 (S.D. 2017)(Judge K. Michael Moore commenting in Footnote 1: "Defendant also moves, in the alternative, for summary judgment.   [...] In light of the Court's conclusion that Plaintiff lacks standing, Defendant's motion for summary judgment is moot *as the Court is without jurisdiction to reach the merits of Plaintiff's claim*). (Emphasis added). FS Investments seems to be *wishing away* the conclusion that the dismissal of its claims against McCombs for lack of standing render its claims against McCombs moot in this Court.

## II.   BACKGROUND

FS Investments was sued by Plaintiff, Gabriel Haddon ("Haddon"), *inter alia*, under the Federal Odometer Act based on his purchase of a used 2012 Ford F-150 ("the Ford") which he claims had (he later discovered) greater mileage on it than when he purchased it from FS Investments. During the litigation, FS Investments brought a third-party action against McCombs claiming that it had purchased the Ford from

McCombs who had misrepresented the mileage to FS Investments. However, as has been established, McCombs had actually sold the Ford to non-party, Auto Deal Corp. ("Auto Deal"), *from whom* FS Investments purchased the Ford. In other words, there was no transaction or representations made regarding the Ford between McCombs and FS Investments and therefore, due to lack of standing, FS Investments claims of common law indemnity and negligent misrepresentation against McCombs must fail.

On this basis, on September 11, 2024, McCombs filed is Motion for Sanctions [Dkt. 68] (recently amended [Dkt. 107]) pursuant to Fla. Stat. § 57.105(1) after 21 days had elapsed after service of the Motion on counsel for FS Investments on August 9, 2024. Also on this basis, on October 4, 2024, McCombs filed its Motion for Summary Judgment [Dkt. 71].

On October 25, 2024, FS Investments responded [Dkt. 77] to McCombs' Motion for Summary Judgment injecting into its theory of its case, *for the first time*, that it possessed an "assignment" of Auto Deal's claims against McCombs. Given that FS Investments' "assignment" was dated September 26, 2024, 8 months and 7 days *after* it had brought its Third-Party Complaint against McCombs, the Court dismissed FS Investments' Third-Party Complaint based on lack of standing [Dkt. 95].

### III. Federal Courts' Inherent Authority to Sanction Bad Faith Conduct

In *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103 (2017), the Supreme Court of the United States addressed federal courts' inherent authority, *not conferred by rule or statute*, to manage their own affairs including imposing sanctions in the form of

requiring a party to pay its opponents legal fees based on abuse of legal process. *Id.* at 103 – 107. In upholding that federal courts do possess such inherent authority, the Court held that a "but-for" standard must be applied limiting sanctions to the fees resulting from an adversary's bad faith conduct. *Id.* at 109. In other words, fee awards as a sanction must be compensatory, not punitive. As the Court observed:

> That means, pretty much by definition, that the court can shift only those attorney's fees incurred because of the misconduct at issue. Compensation for a wrong, after all, tracks the loss resulting from that wrong. So as we have previously noted, a sanction counts as compensatory only if it is "calibrate[d] to [the] damages caused by" the bad-faith acts on which it is based. *Id.*, at 834, 114 S.Ct. 2552. A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned.

*Id.* at 108.

The Court noted, however, that there are occasions where "but-for," the bad-faith conduct an innocent litigant would *not have incurred any costs or fees **at all***. *Id.* at 110. In such cases, therefore, a fee award for *all* of the innocent parties costs and fees is justified. *Id.*

### IV. Florida Statute § 57.105

In pertinent part, Fla. Stat. §57.105 provides:

**Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation.**

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in

> equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a)  Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b)  Would not be supported by the application of then-existing law to those material facts.

Here, FS Investments brought claims for common law indemnity and negligent misrepresentation against McCombs in spite of the fact that there was never any transactions or business dealings of any sort between FS Investments and McCombs. Moreover, as the Court has already rules, FS Investments lacked standing to bring any causes of action against McCombs. Without there having been any transactions or business dealings of any sort between FS Investments and McCombs there cannot have been any "special relationship" between them supporting a claim for common law indemnity and, likewise, there cannot have been any "representation" made by McCombs to FS Investments supporting a claim for negligent misrepresentation. Therefore, the Court should enter an order of sanctions for attorneys fees incurred by McCombs against FS Investments pursuant to §57.105(1)(a) and against counsel for FS Investments pursuant to §57.105(1)(a) or §57.105(1)(b) and the Court's inherent Authority.

Of course, in its Amended Opposition to McCombs' Motion for Sanctions, FS Investments appears to be arguing that it has not abused the court system because its claims are legally cognizable. This is a wrongheaded argument in that FS Investments was *never entitled* to bring the claims against McCombs in the first place: without standing FS Investments' claims were, in effect, stillborn.

## V. FS Investments' Bad-Faith Maneuverings Are Apparent.

From the outset, FS Investments' Third-Party Complaint against McCombs [Dkt. 35] was suspicious. For example, in paragraph 10, FS Investments alleges:

> 10. On or about April 11, 2020, FS Investments' director Frank Strusberg saw the Vehicle on Manheim's website and purchased the same through Auto Deal Corp as its representative. Due to McCombs' mileage representation, Strusberg believed that he was purchasing a vehicle with 131,628 miles.

In other words, in one part of its pleading, FS Investments includes – however tangentially – Auto Deal in the series of transactions. However, by paragraph 17 Auto Deal disappears from FS Investments pleading stating squarely McCombs sold the Ford to FS Investments:

> 17. FS Investments and McCombs had a special relationship as buyer and seller.

Yet, when faced with McCombs' Motion for Summary Judgment arguing that there was never any transaction between McCombs and FS Investments, FS Investments introduced yet another theory:

*CASE NO.: 8:23-cv-00709-WFJ*

9

> Here, pursuant to its Assignment of Claim Agreement (the "Assignment") with Auto Deal, FS Investments has standing to pursue its common law indemnity and negligent misrepresentation claims against McCombs.

*FS Investments' Response to McCombs' Motion for Summary Judgment*, page 9 [Dkt. 77].

To further underscore FS Investments and its counsel's bad-faith and *transparent* maneuvering Some of FS Investments Responses to McCombs discovery requests are confounding. For example, FS Investments Response to McCombs Request for Admissions on August 22, 2024 sets forth:

> 1. Admit that FS Investments of America, Inc. purchased the subject Ford F-150 from Auto Deal, Corp.
>
>    **RESPONSE: Admitted.**
>
> 2. Admit that FS Investments of America, Inc. did not purchase the subject Ford F-150 from McCombs West Ford, LLC.
>
>    **RESPONSE: Denied. See response to Interrogatory no. 1.**
>
> 3. Admit that FS Investments of America, Inc. has had no business dealings with McCombs West Ford, LLC.
>
>    **RESPONSE: Denied in so far as Defendant has a business relationship with McCombs.**
>
> 4. Admit that no written contract exists or existed between FS Investments of America, Inc. and McCombs West Ford, LLC regarding the subject Ford F-150.
>
>    **RESPONSE: Admitted in so far as Defendant and McCombs are not counter parties to the same "written contract."**
>
> 5. Admit that no oral contract exists or existed between FS Investments of America, Inc. and McCombs West Ford, LLC regarding the subject Ford F-150.
>
>    **RESPONSE: Admitted.**
>
> 6. Admit that no written contract exists or existed between FS Investments of America, Inc. and McCombs West Ford, LLC regarding any vehicle sales.
>
>    **RESPONSE: Admitted in so far as Defendant and McCombs are not counter parties to the same "written contract."**

*CASE NO.: 8:23-cv-00709-WFJ*

10

*See* **Exhibit A.**

Such evasive and incomprehensible Responses from FS Investments has not been uncommon. Worse, FS Investments Amended Response to McCombs' same Request for Admissions (even after communication between counsel) is stranger:

> 1. Admit that FS Investments of America, Inc. purchased the subject Ford F-150 from Auto Deal, Corp.
>
>    **RESPONSE: Admitted that Defendant is in contractual privity with Auto Deal.**
>
> 2. Admit that FS Investments of America, Inc. did not purchase the subject Ford F-150 from McCombs West Ford, LLC.
>
>    **RESPONSE: Admitted that Defendant is not in contractual privity with Auto Deal.**
>
> 3. Admit that FS Investments of America, Inc. has had no business dealings with McCombs West Ford, LLC.
>
>    **RESPONSE: Denied in so far as Defendant has a business relationship with McCombs. An agent of Defendant selected and bid on the subject vehicle at auction, which was marketed for sale by McCombs.**
>
> 4. Admit that no written contract exists or existed between FS Investments of America, Inc. and McCombs West Ford, LLC regarding the subject Ford F-150.
>
>    **RESPONSE: Admitted in so far as Defendant and McCombs are not counter parties to the same "written contract."**
>
> 5. Admit that no oral contract exists or existed between FS Investments of America, Inc. and McCombs West Ford, LLC regarding the subject Ford F-150.
>
>    **RESPONSE: Admitted.**
>
> 6. Admit that no written contract exists or existed between FS Investments of America, Inc. and McCombs West Ford, LLC regarding any vehicle sales.
>
>    **RESPONSE: Admitted in so far as Defendant and McCombs are not counter parties to the same "written contract."**

*See* **Exhibit B.**

As the Court is aware, this late-in-the-game maneuver had a fatal flaw: The date of the purported assignment was September 26, 2024 – more then 8 months *after* FS Investments had brought its Third-Party Complaint.[3] Therefore, FS Investments lacked standing when it brought its Third-Party Complaint and the merits of its claims cited in its Amended Opposition was simply beside the point, moot as it were

## VI.   Conclusion

Simply put, *from the outset*, FS Investments lacked standing to sue McCombs for common law indemnity and negligent misrepresentation, or any other claim. Rather than take heed of this fact and either not bring the Third -Party Complaint or voluntarily dismiss the action when it had the chance to, FS Investments and its counsel contrived to argue that FS Investments had obtained an "assignment" of Auto Deal's claims against McCombs. Moreover, by producing an "assignment" during the litigation FS Investments and its counsel, in effect, admit that FS Investments never even had the facts or law sufficient and any claim against McCombs. By signing the Third Party Complinat against McCombs, FS Investments' counsel certified, as a matter law law, that an adequate investigation was conducted to bring the action. Therefore, FS Investments and its counsel either filed its shotgun action against McCombs without regard to whether the facts and law supported from claim, or simply did not conduct an even *minimal* investigation. Therefore, FS Investments and

---

[3] As set forth in McCombs' Reply [Dkt. 89] to FS Investments' Response, McCombs' argues that even if the assignment *had* been dated prior to the filing of the Third-Party Complaint, it was fatally defective, only consisting of *inchoate* claims, if any

*CASE NO.: 8:23-cv-00709-WFJ*

12

its counsel's Third-Party Complaint was frivolous and unfounded as to facts and law from the outset and should be subject to the sanction of being required to pay all costs and fees incurred by McCombs

**WHEREFORE**, Third-Party Defendant, MCCOMBS WEST FORD, LLC. Respectfully request that the Court enter an order granting it an entitlement to costs and attorneys fees against both Third-Party Plaintiff, FS Investments of America, Inc. *and its counsel* for the fees it incurred based on Third-Party Plaintiff, FS Investments of America, Inc.'s and its counsel's unsupported claims, bad-faith maneuvering, and lack of standing.

Respectfully submitted,

**BRUCE B. BALDWIN, ESQ.**
Florida Bar No.: 493023
bruceb@nicklauslaw.com
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically by CM/ECF to counsel for Third-Party Plaintiff, FS Investments of America, Inc. Jose A. Peralta, Esq. (JPeralta@Atllp.com) and Keith D. Silverstein, Esq. (KSilverstein@Atllp.com) on January 10, 2025.

*CASE NO.: 8:23-cv-00709-WFJ*

13

_____
**BRUCE B. BALDWIN**

## LOCAL RULE 3.01(g) CERTIFICATION

**I HEREBY CERTIFY** that pursuant to Local Rule 3.01(g) the undersigned conferred with opposing counsel, Jose Peralta in a good faith effort to resolve the issues raised in this Motion but were able to reach an agreement.

_____
**BRUCE B. BALDWIN**