UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA
INC., d/b/a POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

## JOINT MOTION TO STAY & NOTICE OF SETTLEMENT

Plaintiff, GABRIEL LUC HADDON, ("**Mr. Haddon**") an individual, and Defendant, FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida Corporation, and Westlake Services, LLC dba Westlake Financial Services, a California Limited Liability Company, by and through undersigned counsel hereby respectfully notify the Court of the settlement of this matter and jointly move this Court to stay this litigation, and state the following in support:

Defendants entered into Settlement Stipulation for, inter-alia, violations of the Motor Vehicle Information and Cost Savings Act, ("Odometer Act") 49 U.S.C. § 32701 *et seq.* A copy of the fully executed Settlement Stipulation is attached hereto as Exhibit "A."

The Settlement Stipulation provides that Plaintiff shall cause this action to be dismissed with prejudice within five business days of payment satisfaction, with the final payment date occurring on July 07, 2025.

Through this Motion, the Parties respectfully request a stay of this action through August 07, 2025 to enable performance of the Settlement Stipulation.

## MEMORANDUM OF LAW

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). A district court, therefore, has broad discretionary authority in determining whether a stay is appropriate. *CTI—Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). A stay may be granted to enable performance under a settlement agreement if there is no prejudice to a party and if the stay promotes judicial economy. *Glaze Supply Co. v. Canyon Power Sols., LLC*, No. 6:21-cv-1841-ACC-GJK, 2021 U.S. Dist. LEXIS 260779 (M.D. Fla. Nov. 29, 2021).

Here, the entry of stay in these proceedings will further judicial economy as the Settlement Stipulation dispenses with this matter. Likewise, this request is not made for purposes of delay, but so that the Parties may resolve their dispute without further litigation and to afford the Defendants an opportunity to perform under the Settlement Stipulation over a five-month period of time.

In the alternative, if the Court is not inclined to enter a stay in these proceedings, the Parties respectfully request that the Court retain jurisdiction over the Settlement Stipulation upon their express agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)

authorizes a court to retain jurisdiction over a settlement contract if the parties agree. This allows the court to "protect its proceedings and vindicate its authority" if necessary. Additionally, *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278, 1280 (11th Cir. 2012) confirms a district court may retain jurisdiction to enforce a settlement agreement if the parties consent and the court issues an order requiring compliance with the settlement agreement.

   WHEREFORE, the Parties pray for the hereinabove requested relief.

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

*/s/ James R. Liebler*
**James Randolph Liebler, Esq.**
FL Bar No.: 115348
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Counsel for Defendant, WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES*

*/s/ Ira Scot Silverstein*
**Ira Scot Silverstein, Esq.**
FL Bar No.: 9636
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Counsel for Defendant, WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES*

*/s/ Keith D. Silverstein*
**Keith D. Silverstein**
Florida Bar No. 086820
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134

Telephone: (305) 371-8809
E-mail: keith@atllp.com
*Counsel for Defendant, FS INVESTMENTS OF AMERICA, INC.*

*/s/ Jose Ariel Peralta*
**Jose Ariel Peralta**
Florida Bar No. 1028554
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 371-8809
E-mail: jperalta@atllp.com
*Counsel for Defendant, FS INVESTMENTS OF AMERICA, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 4, 2025, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

                                           */s/ Joshua E. Feygin*
                                           JOSHUA FEYGIN, ESQ.
                                           FL Bar No.: 124685