# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA
INC., d/b/a POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

## STIPULATION AND SETTLEMENT AGREEMENT

This agreement ("Settlement Agreement") made this ___ day of January, 2025, by and between Plaintiff GABRIEL LUC HADDON ("Plaintiff"), and Defendants FS INVESTMENTS OF AMERICA, INC., d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation ("Dealership"), and Westlake Services, LLC dba Westlake Financial Services ("Westlake"), a California Limited Liability Company, d/b/a Westlake Financial Services (collectively, "Defendants"; Plaintiff and Defendants shall be referred to as the "Parties").

## RECITALS

WHEREAS a dispute exists between the Parties as more particularly set forth in that certain case styled *GABRIEL LUC HADDON v. FS INVESTMENTS OF AMERICA, INC., D/B/A POWERHOUSE AUTOMOTIVE, et al.*, in the United States District Court, Middle District of Florida, Tampa Division; Case No. 8:23-cv-00709-WFJ-SPF ("Lawsuit");

Page **1** of **11**

WHEREAS the Lawsuit involves claims by Plaintiff against Defendants with respect to the purchase of a used 2012 Ford F-150 ("Vehicle") in May of 2020 from Dealership as further alleged in the Complaint ("Operative Complaint"); and

WHEREAS the Parties desire to resolve the Lawsuit under the terms and provisions more particularly set forth herein;

NOW, THEREFORE, in consideration of these premises, the promises herein contained, and other good and valuable consideration, the receipt and sufficiency of which each party hereby acknowledges, the parties hereby stipulate and agree as follows:

1. <u>Recitals.</u> The recitals above are adopted and incorporated herein by reference.

2. <u>Settlement Proceeds.</u> In consideration for the resolution of the claims of the Plaintiff against all Defendants, Dealership agrees to pay and Plaintiff accepts payment of SIXTY THOUSAND DOLLARS ($60,000.00) ("Settlement Proceeds"), consisting of $10,000 for Plaintiff's damages together with $50,000.00 for Plaintiff's reasonable attorney's fees and costs. Payment of the Settlement Proceeds shall be completed in FIVE (5) even monthly installment payments, with the first installment payment to be delivered on or before February 7, 2025, and each installment thereafter to be postmarked by the seventh (7th) day of each successive calendar month. The payment of each installment of Settlement Proceeds shall be in a form made payable to the "SUE YOUR DEALER – A LAW FIRM TRUST ACCOUNT," and sent by Certified Mail or other nationally recognized courier with tracking to SUE YOUR DEALER – A LAW FIRM, 1930 Harrison Street, Suite 208 F, Hollywood, FL 33020. Time is of the essence. Although the Settlement Proceeds are paid by Dealership on behalf of all Defendants, this is not a joint-and-several obligation except as expressly stated below.

3. <u>Court to Retain Jurisdiction.</u> The Parties agree that the Court will retain jurisdiction over the Parties and the Settlement Agreement following dismissal and shall have jurisdiction to enforce the Settlement Agreement.

4. <u>Joint Dismissal of Lawsuit.</u> Within FIVE (5) days of the satisfactory payment of all amounts due hereunder, Plaintiff shall prepare, and the Parties shall file or cause to be filed a Joint Notice of Voluntary Dismissal with Prejudice.

5. <u>Mutual Release.</u> Except for obligations hereunder, Plaintiff discharges and releases Dealership and Westlake of and from all further duties and responsibilities arising out of the transaction to purchase and/or sell the Vehicle and all claims or defenses asserted, or that could have been asserted, in the Litigation. Except for the obligations hereunder, Dealership and Westlake discharge and release Plaintiff from all further duties and responsibilities arising out of the transaction to purchase and/or sell the Vehicle and all claims or defenses asserted, or that could have been asserted against Plaintiff, in the Litigation. This Settlement Agreement is intended as a full and complete release of all claims Plaintiff and Defendants may have against each other, including claims raised by federal or state law or otherwise, arising out of or in connection with the Vehicle and the Lawsuit. This provision shall not operate as a release as to any claims Westlake may have against Dealership and any such claims are preserved. This Release is made without reliance upon any statement or representation. The Parties understand that the settlement is not an admission of liability but is in compromise of disputed claims.

6. <u>Tax Treatment of Settlement.</u> The Parties agree and acknowledge that the settlement of this matter is in the nature of an adjustment of the purchase price of the Vehicle, as defined under 28 U.S.C. § 108(e)(5). Accordingly, neither Dealership nor Westlake shall issue a Form 1099-C tax report to the Internal Revenue Service with respect to the settlement.

7. <u>Personal Guarantee.</u> The undersigned corporate officer for Dealership ("Personal Guarantor"), by affixing his/her signature below, does hereby agree to assume personal responsibility to Plaintiff and Plaintiff's counsel, Joshua Feygin, Esq., in the event of default, noncompliance, or bankruptcy by Dealership, including the obligation of payment. The Personal Guarantor's responsibility shall accrue for all obligations due to Plaintiff and Plaintiff's counsel Joshua Feygin, Esq., under this Settlement Agreement and all applicable laws. By affixing his/her signature hereto, Personal Guarantor expressly agrees to submit to the jurisdiction of this Court, agrees not to challenge the enforceability of this Settlement Agreement or any resulting order enforcing same, and agrees that he is contractually bound to the provisions of Settlement Agreement. This is a bargained for clause.

8. <u>Non-Dischargeability Under the Bankruptcy Code</u>. Notwithstanding anything to the contrary herein, Dealership and Personal Guarantor each expressly acknowledge and agree that the facts giving rise to this action are actionable under 49 U.S.C. § 32710(a), are based on fraud within the meaning of 11 U.S.C. § 523(a)(2)(A), and constitute willful and malicious injury to another entity or to the property of another within the meaning of 11 U.S.C. § 523(a)(6).

Dealership and Personal Guarantor expressly acknowledge and agree that the financial obligations resulting from this Settlement Agreement shall be exempted from discharge in any proceeding under the Bankruptcy Code initiated by either Dealership or Personal Guarantor. For the sake of avoidance of doubt, this clause should be interpreted and applied to provide as much protection as possible to Plaintiff and Plaintiff's counsel from any attempts by Dealership or Personal Guarantor to discharge this Settlement Agreement and any financial obligations resulting from this Settlement Agreement. This is a bargained-for clause.

9. <u>Advice of Counsel.</u> The Parties acknowledge that they have entered into this Settlement Agreement voluntarily and with full knowledge and understanding of its terms. All Parties further represent they have had a reasonable period to consider this Settlement Agreement. Further, the Parties acknowledge that they have had the opportunity to consult counsel of the Parties' own choice and hereby agree to the terms herein and agree to be bound thereby, of their own free will, voluntarily, knowingly and intelligently.

10. <u>Successors, Assigns, and Indemnification</u>. This Settlement Agreement shall be binding upon all Parties and shall inure to the benefit of, and be binding upon, their respective heirs, administrators, representatives, executors, successors, beneficiaries, assigns, agents, insurers, and any other persons acting by, through, under, or in concert with any of the Parties.

11. <u>Governing Law</u>. The Parties agree that this Settlement Agreement is being consummated in Florida and the performance of all obligations under this Settlement Agreement shall be deemed to take place in Florida, that this Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to Florida choice-of-law rules.

12. <u>Execution of Documents.</u> This Settlement Agreement may be executed in identical counterparts, which, when taken together, shall constitute the single and same agreement concerning this subject matter. This document may be executed by electronic or facsimile signatures, which shall be deemed original signatures for all purposes hereof. A copy of this Settlement Agreement shall be given the same weight and binding effect as an original.

13. <u>Negotiations</u>. All negotiations have been conducted in English. If necessary, any party to this Settlement Agreement has had this document translated by a translator of their choice

to their satisfaction. Each Party has had all terms explained to it, and by signing below, each Party fully understands and agrees to those terms.

14. <u>Severability</u>. If any provision of the Settlement Agreement or the application thereof is held invalid by a court, arbitrator, or government agency of competent jurisdiction, such a determination of invalidity shall not affect other provisions or applications of the Settlement Agreement that can be given effect without the invalid provision(s).

15. <u>Neutral Interpretation and Counterparts.</u> The Parties have cooperated in the drafting and preparation of this Settlement Agreement. Any construction of this Settlement Agreement shall not be construed against any Party.

16. <u>Warranty of Capacity to Execute.</u> The Parties represent and warrant that they have not sold or otherwise assigned such claims and further acknowledges that they have all requisite legal capacity, power, and authority to execute and perform their obligations under this Settlement Agreement.

17. <u>Further Assurances</u>. The Parties agree, without receipt of further consideration, to execute and deliver any documents and to take any action that may be reasonably required to give effect to the provisions of this Settlement Agreement.

18. <u>Waiver or Alteration.</u> Any waiver, alteration, or modification of any of the provisions of this Settlement Agreement shall not be valid or enforceable unless in writing and signed by the Party against whom such waiver, alteration, or modification is to be enforced. Moreover, any delay by any Party in enforcing their rights after a breach by any other Party shall not constitute a release or waiver of such breach and shall not be relied upon by the breaching party as a release or waiver of such breach.

19. <u>Gender.</u> Whenever used, the singular shall include the plural, the plural shall include the singular, and the use of any gender shall include the other.

20. <u>Captions and Headings.</u> Captions and headings of this Settlement Agreement, or any other Settlement Agreement to be entered into in connection herewith, are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of such agreement, or the intent of any provision herein.

21. <u>Survival of Representations.</u> All of the warranties and representations made herein shall survive the execution of this Agreement.

22. <u>Entire Agreement/Amendments.</u> This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes and cancels all prior and contemporaneous discussions, negotiations, arrangements, agreements, and understandings between the Parties with respect to the subject matter hereof.

23. <u>Attorney Fees.</u> Except as set forth herein, each party agrees to bear its own attorneys' fees and costs incurred in connection with this matter. Notwithstanding anything to the contrary, in the event of any litigation between Plaintiff, Dealership and/or Personal Gurantor, including any appeals and bankruptcy filings, whether voluntary or involuntary, arising from or relating to the enforcement, scope, meaning, interpretation, performance, or non-performance of or under this Settlement Agreement, the prevailing party therein shall be entitled to recover from the non-prevailing party all reasonable attorneys' fees, paralegal fees, and costs incurred in connection therewith, at all levels.

24. <u>Stipulated Judgment.</u> In the event Plaintiff's Counsel Joshua Feygin, Esq., does not receive from Dealership or Personal Guarantor full payment of any amounts due under this Settlement Agreement, then Plaintiff's Counsel, Joshua Feygin, Esq., shall provide written notice

to Dealership and Personal Guarantor and an opportunity to cure the default within three (3) calendar days of their receipt of such notice, a copy of which must be delivered via email to counsel for the Dealership. Should Dealership and Personal Guarantor fail to cure the default within the timeframe set forth above, Plaintiff's Counsel, Joshua Feygin, Esq., may file an Affidavit of Nonpayment with the Court together with a copy of this Settlement Agreement and shall be entitled to the entry of a final judgment against Dealership and Personal Guarantor, jointly and severally, in the amount of the settlement proceeds, less any amounts received pursuant to the Settlement Agreement, with interest to accrue in accordance with the Judgment Interest Rate as set by Chief Financial Officer of the State of Florida. In such event, Dealership and Personal Guarantor waive all objections or defenses to the entry of a final judgment except the defense of payment/set-off which Dealership and Personal Guarantor shall have the burden of proof to establish.

**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the dates below.

**[REMAINDER OF PAGE BLANK]**

**GABRIEL LUC HADDON**

_/s/ Gal'YL_

Date: 2/2/25

STATE OF FLORIDA   )
                   ) SS:
COUNTY OF Sumter   )

The foregoing Agreement was acknowledged before me on this __2__ day of __FEB__ 2025, by GABRIEL LUC HADDON who is [X] personally known to me or [ ] has produced __DRIVERS LICENSE__ as identification and has appeared before me [X] in person or [ ] electronically/remotely.

VAL ELBERT HADDON, II
Notary Public-State of Florida
Commission # HH 493953
My Commission Expires
February 18, 2028

Notary Public, State of Florida
My Commission Expires:
FEB 18, 2028

**[REMAINDER OF PAGE BLANK]**

Page 9 of 11

FS INVESTMENTS OF AMERICA, INC., D/B/A POWERHOUSE AUTOMOTIVE

_____

By: FRANKLYN STRUSBERG

Title: Owner

Date: 2/12/25

PERSONAL GUARANTOR:

_____
FRANKLYN STRUSBERG

Date: 2/12/25

STATE OF FLORIDA         )
                         ) SS:
COUNTY OF Hillsborough  )

The foregoing Agreement was acknowledged before me on this 12 day of February 2025, by FRANKLYN STRUSBERG as GENERAL MANAGER of **FS INVESTMENTS OF AMERICA, INC., D/B/A POWERHOUSE AUTOMOTIVE**, and individually, who is [X] personally known to me or [ ] has produced Drivers license as identification and has appeared before me [X] in person or [ ] electronically/remotely.

_____
Notary Public, State of Florida
My Commission Expires: January 27, 2029

YARAMIS GENTILE
Notary Public - State of Florida
Commission # HH 631732
My Comm. Expires Jan 27, 2029
Bonded through National Notary Assn.

**[REMAINDER OF PAGE BLANK]**

Page **10** of **11**

**WESTLAKE SERVICES, LLC.**

_____

Date: 2/26/25

STATE OF CALIFORNIA    )
                                           ) SS:
COUNTY OF _____ )

    The foregoing Agreement was acknowledged before me on this _____ day of _____, 2024, by JOHN SCHWARTZ as SENIOR LEGAL ANALYST of **WESTLAKE SERVICES, LLC.**, and individually, who is [ ] personally known to me or [ ] has produced _____ as identification and has appeared before me [ ] in person or [ ] electronically/remotely.

_See attached CA Acknowledgment_

Notary Public, State of California
My Commission Expires:

**[REMAINDER OF PAGE BLANK – NO PAGES FOLLOW]**

**CALIFORNIA ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

On _2-26-2025_ before me, _Evangelina Calderon – Notary Public_,
  Date                                        Here Insert Name and Title of the Officer

personally appeared _John Schwartz_
                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

EVANGELINA CALDERON
Notary Public - California
Los Angeles County
Commission # 2381316
My Comm. Expires Nov 2, 2025

Signature _[signature]_
          Signature of Notary Public

Place Notary Seal and/or Stamp Above

—————— OPTIONAL ——————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____
Signer is Representing: _____

©2019 National Notary Association