**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FS INVESTMENTS OF AMERICA, INC.**, d/b/a POWERHOUSE AUTOMOTIVE, a Florida corporation,

Third-Party Plaintiff,

Case No. 8:23-cv-00709-WFJ-SPF

vs.

**MCCOMBS WEST FORD, LLC, d/b/a MCCOMBS FORD WEST**, a foreign corporation,

Third-Party Defendant.
_______________________________________/

**ORDER**

Before the Court is Third-Party Defendant McCombs West Ford LLC's ("McCombs") Amended Motion for Sanctions and Attorney Fees pursuant to Fla. Stat. § 57.105. Dkts. 107 & 109. Third-Party Plaintiff FS Investments of America, Inc., d/b/a Powerhouse Automotive ("FS Investments") has responded in opposition. Dkts. 102 & 112. The parties also provided supplemental briefing at the Court's request. Dkts. 132 & 138. Upon due consideration, the Court denies the motion for sanctions and attorney fees under Fla. Stat. § 57.105.

## BACKGROUND[1]

On January 19, 2024, Defendant FS Investments filed a Third-Party Complaint against Third-Party Defendant McCombs, asserting common law indemnity (Count One) and negligent misrepresentation (Count Two). Dkt. 35. As a third-party plaintiff, FS Investments argues that it purchased the Vehicle[2] from McCombs, who misrepresented the mileage. *Id.*

On October 4, 2024, McCombs moved for summary judgment on both counts, asserting it had sold the Vehicle to non-party Auto Deal Corp. ("Auto Deal"), not FS Investments. Dkt. 71. McCombs pointed out that it had no dealings with FS Investments; instead, it sold the Vehicle at auction with a third-party auctioneer. *Id.* at 4. FS Investments subsequently bought the Vehicle from the purchaser at the auction, Auto Deal. *Id.* at 5. McCombs argued that there was no relationship between it and FS Investments, and therefore, no basis for creating indemnity. *Id.* at 6. Regarding the negligent misrepresentation count, McCombs pointed out that it made no representations to FS Investments. *Id.* at 7.

In response, FS Investments contended (*inter alia*) that it is the assignee of Auto Deal's rights. Dkt. 77 at 9. One of the exhibits attached to FS Investments' response to the motion for summary judgment was a purported "assignment" of

---

[1] A detailed factual background can be found in this Court's summary judgment Order. Dkt. 95.
[2] The used 2012 Ford F-150 at issue in this case—VIN Number 1FTFW1ET2CFA12718.

claims between FS Investments and Auto Deal. Dkt. 77-4. The document states the assignment of claims was "entered into as of the 26th day of September, 2024" between Auto Deal and FS Investments. *Id.* However, FS Investments filed its Third-Party Complaint against McCombs on January 19, 2024. *See* Dkt. 35. This "assignment" between Auto Deal and FS Investments occurred eight months and seven days *after* litigation began. Dkt. 95 at 7.

This Court ultimately found that "FS Investments cannot establish its right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact." *Id.* at 7–8 (citations and quotations omitted). As such, McCombs' motion for summary judgment was moot since FS Investments lacked standing to bring its Florida law claims on behalf of Auto Deal. *Id.* at 8.

On September 11, 2024, McCombs filed its first motion for sanctions against FS Investments. Dkt. 68. In January 2024, McCombs amended the motion for sanctions to add the Local Rule 3.01(g) certification. Dkt. 107 at 1 n.1. McCombs also filed a memorandum of law supporting its motion for sanctions under Fla. Stat. § 57.105. Dkt. 109. At McCombs' request (Dkt. 113), the Court held an oral hearing on the motion for sanctions on March 4, 2024. Dkt. 124.

## DISCUSSION

Third-party Defendant McCombs argues the Court should impose attorney's fees as a sanction pursuant to section 57.105(1), finding FS Investments' claims were devoid of any basis in fact and law. Section § 57.105(1) provides, in pertinent part:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1).[3]

The purpose of section 57.105(1) is "to deter meritless filings." *Cadavid v. Saporta*, 344 So. 3d 478, 482 (Fla. 4th DCA 2022) (quoting *Davis v. Bailynson*, 268 So. 3d 762, 769 (Fla. 4th DCA 2019)); *see Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1227 (11th Cir. 2003). "[T]he party prevailing on the significant issues in the

[3] Section 57.105 also contains a safe harbor provision requiring the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the court. Fla. Stat. § 57.105(4). The moving party cannot file the motion if, within those 21 days, the offending party withdraws or corrects the challenged conduct. *Id.* McCombs complied with the 21-day safe harbor provision by filing its original motion for sanctions 21 days after service of the motion on FS Investment's counsel on August 9, 2024. Dkt. 68 at 4 (showing a certificate of service on August 9, 2024).

litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992).

However, the fact that a party "was successful in obtaining the dismissal of the action or summary judgment in an action is not enough by itself to warrant relief under section 57.105." *In re Mills*, 829 F. App'x 938, 941 (11th Cir. 2020) (citation omitted). Instead, in determining whether to impose sanctions, the Court "determines if the party or its counsel knew or should have known that the claim . . . was not supported by the facts or an application of existing law." *Tr. Mortg., LLC v. Ferlanti*, 193 So. 3d 997, 1000 (Fla. 4th DCA 2016) (quoting *Wapnick v. Veteran's Council of Indian River Cnty.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013)). Put differently, "[a]ttorney's fees are awarded under section 57.105 . . . where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable." *Vasquez v. Provincial S., Inc.*, 795 So. 2d 216, 218 (Fla. 4th DCA 2001) (quoting *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1141 (Fla. 4th DCA 2001)). "An award of attorney's fees is not appropriate as long as the complaint alleges some justiciable issue." *Id.*

Here, McCombs argues FS Investments lacked standing "*ab initio,* and its claims against McCombs have been dismissed on that basis. FS Investments ultimately admitted to lacking standing by producing an 'assignment' (of inchoate

claims) it obtained *during the litigation* from Auto Deal, thereby admitting it lacked standing *ab initio*." Dkt. 109 at 2 (emphasis in original). Based on this "transparent maneuvering to maintain its claims" in bad faith, McCombs requests the Court require FS Investments to reimburse all attorney's fees and costs.[4] *Id.*

On the other hand, FS Investments contends that McCombs "failed to address the 'special relationship' between the parties under the facts of this case independent from the assignment. Whether there exists a special relationship between FS Investments and McCombs — based on FS Investments' director acting in the purchase of the Vehicle for FS Investments' benefit and using FS Investments' auction account — remains an undisputed and reasonable issue." Dkt. 112 at 2. Because this issue is a "reasonable basis for the claim asserted against McCombs," any sanctions against FS Investments and its counsel under section 57.105 should be denied. *Id.*

The question here is whether FS Investments "knew or should have known" that its Florida law claims were "not supported by the material facts." Fla. Stat. § 57.105(1)(a). The Court finds that there is an "arguable basis" in fact for FS Investment's state law claims, which preclude the imposition of sanctions. *See Minto*

[4] The Court denies McCombs' request for costs of litigation under Section 57.105(1). This statute does not allow costs to be recovered. *See Wellness Ctr. of London Square, Inc. v. DHL Express (USA), Inc.*, 393 So. 3d 752, 753 (Fla. 3d DCA 2024) ("Because 'nothing in the text of section 57.105(1) provides for the award of costs,' *Law Offices of Borell, P.A. v. Acevedo*, 322 So. 3d 1218, 1219 (Fla. 3d DCA 2021), we reverse that portion of the December 13, 2023 final judgment awarding costs to DHL.").

*PBLH, LLC v. 1000 Friends of Fla., Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA 2017) ("Where there is an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105.").

While the undisputed facts following discovery demonstrate that McCombs and FS Investments had no buyer-seller relationship for the Vehicle, *see* Dkt. 35 at 9; Dkt. 109-2 ¶¶ 8–9, the record demonstrates that Auto Deal and FS Investments had a "close inter-relationship" based on the authority given to Frank Strusberg, who is an agent for both companies. Dkt. 132 at 3. Indeed, there is no dispute that Mr. Strusberg is the owner of FS Investments and that Mr. Strusberg bought the Vehicle at auction as Auto Deal's agent. Dkt. 83 ¶¶ 1–2; Dkt. 71-1 at 31:15-17; Dkt. 71-2 at 104:19-105:7, 108:18-109:11, 140:14-24.

The confusion, however, seems to arise from the fact that Mr. Strusberg believed he was acting as an agent for FS Investments and Auto Deal simultaneously when he bought the Vehicle. Dkt. 71-2 at 141:1-17. Mr. Strusberg testified that "[t]he owner of Auto Deal is my friend. When I first open[ed], he put m[y] cars on consignment. I buy cars with his – with his money pretty much. He support[s] me, so I buy cars with his license. And I bring it to my dealer, and pretty much he's wholesaling the car to me." Dkt. 71-1 at 31:5-11. This friendship led to an informal and oral agreement between Mr. Strusberg and his friend to purchase cars for Auto Deal (via the Manheim auction website, where Mr. Strusberg is registered as an Auto

Deal buyer), and then the cars (like the Vehicle at issue) are sold to FS Investments. Dkt. 71-2 at 108:18-109:11, 144:23-145:24.

As such, while this Court ultimately found that FS Investments lacked standing based on the absence of a buyer-seller relationship with McCombs, Dkt. 95 at 8, the Court cannot say that FS Investments and its counsel were acting in bad faith or that the claims were "so devoid of merit both on the facts and law as to be completely untenable" at the time of filing. *Wapnick*, 123 So. 3d at 624; *see also Ferlanti*, 193 So. 3d at 1001 ("[W]here the party reasonably believes the factual basis for its claim exists, it is entitled to proceed with its claims and seek to prove those facts. If attempts to prove those facts are fruitless, that is still not cause for sanctions where the party's initial belief was well-founded.").

Next, the record is unclear whether the "assignment" signed by Auto Deal and FS Investments was completely untenable or a frivolous attempt to avoid dismissal for lack of standing. After McCombs filed its motion for summary judgment (Dkt. 71), FS Investments attached an "assignment" between Auto Deal and FS Investments that would provide FS Investments with standing to bring its claims against McCombs. *See* Dkt. 77-4. This "assignment" was vital for FS Investments because while "Defendant FS Investments itself did not suffer an injury-in-fact, 'the assignee of a claim has standing to assert the injury in fact suffered by the assignor.'"

Dkt. 95 at 6 (quoting *MSPA Claims 1, LLC v. Tenet Florida, Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019)).

Although it is a close call, the Court declines to assess sanctions against FS Investments and its counsel for this "retroactive" assignment. Again, there is conflicting evidence in the record where Mr. Strusberg believed he was acting as an agent for Auto Deal while also buying the cars as a "representative" of FS Investments. *See* Dkt. 71-2 at 140:14-141:17. Based on the close relationship between Mr. Strusberg and Auto Deal, FS Investments and its counsel had an objectively reasonable belief that it likely had standing to bring third-party claims against McCombs. The subsequent assignment to bolster FS Investments' standing is suspect, but standing alone, it is insufficient to conclude that FS Investments and its counsel knew or should have known that the facts did not support the claims. *See Cadavid*, 344 So. 3d at 482 ("Courts must apply section 57.105 with restraint to ensure that it 'discourag[es] baseless claims without casting a chilling effect on use of the courts.'" (quoting *Minto PBLH*, 228 So. 3d at 149)). Nor is this a case where the proof of fabrication to create an assignment after litigation began is so "overwhelming" as to support an award of attorney's fees under section 57.105. *Id.* at 484 (citing *Snow v. Rosse*, 455 So. 2d 615, 617 (Fla. 4th DCA 1984)).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Third-Party Defendant McCombs' Motion for Sanctions and Attorney Fees is **DENIED.** Dkts. 107 & 109.

**DONE AND ORDERED** in Tampa, Florida, on June 3, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record