**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No.: 8:23-cv-00709-WFJ-SPF

GABRIEL LUC HADDON,
an individual,

    Plaintiff,

vs.

FS INVESTMENTS OF AMERICA
INC., d/b/a POWERHOUSE
AUTOMOTIVE,
a Florida Corporation, and
WESTLAKE SERVICES, LLC,
d/b/a WESTLAKE FINANCIAL SERVICES,
A Foreign corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**
**AND FOR ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 7(b)(1) and Local Rule 1.08, Plaintiff, GABRIEL LUC HADDON, an individual, by and through undersigned counsel of record, hereby respectfully moves the Court to enforce the parties' Settlement Agreement and Release (the "Agreement") agreed to on February 12, 2025.

## BACKGROUND

Plaintiff and Defendant, FS Investments of America Inc., d/b/a Powerhouse Automotive ("Defendant") (collectively, the "Parties"), recently resolved this matter and advised the Court of the same by filing a Joint Notice of Settlement. [D.E. 111]. Following that notice, the Parties executed a binding written settlement agreement (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit "A."

Under the terms of the Agreement, the Parties agreed to resolve this action for a total sum of $60,000. See Exhibit A, ¶ 2. The amount was to be paid in five equal monthly installments, each due on the seventh day of the month. As a material provision of the Agreement, the Parties expressly agreed that time was of the essence. *Id*. Defendant's principal, Franklyn Strusberg, personally guaranteed the settlement and irrevocably submitted to the jurisdiction of this Court. *Id*., ¶ 7. The Agreement further provided that, in the event of breach, Plaintiff was required to provide notice and a three-day opportunity to cure. *Id*., ¶ 24. Upon failure to cure, Plaintiff would be entitled to the entry of a stipulated final judgment against both the Defendant and its guarantor, jointly and severally, with interest to accrue at the lawful rate. *Id*. The Agreement also entitles either party to recover attorney's fees and costs incurred in seeking enforcement of the Agreement. *Id*., ¶ 23.

Despite these clear and negotiated terms, Defendant failed to timely remit the installment

payment due in June.[1] In an attempt to avoid burdening the Court, Plaintiff issued a reminder email on June 2, 2025 to the Defendant, seeking prompt compliance with its payment obligations in advance of the deadline. *See* Exhibit "B." Having defaulted on the payment obligations, a follow-up email was sent to the Defendant on June 9, 2025. *Id*.  defendant agreed render payment probably. *Id*. A final attempt to confer was made on June 10, 2025, but the noncompliance continued. *Id.*

Left with no alternative, Plaintiff now seeks judicial intervention and respectfully submits the attached affidavit of indebtedness as Exhibit "C," which details the payments received to date and the balance currently due.

## LEGAL MEMORANDUM

A settlement agreement constitutes a binding contract, and disputes arising from such agreements are governed by traditional principles of contract law. *See, e.g.*, *Byrum v. Bear Inv. Co.*, 936 F.2d 173, 175 (4th Cir. 1991); *Armstrong v. Davis*, 275 F.3d 849, 876 (9th Cir. 2001); *Howard v. America Online, Inc.*, 208 F.3d 741, 747 (9th Cir. 2000); *Core-Vent Corp. v. Implant Innovations, Inc.*, 53 F.3d 1252, 1258 (Fed. Cir. 1995).

Here, the Parties unequivocally agreed to be bound by the terms set forth in the Agreement. That Agreement should now be enforced in full, according to its plain terms. Federal courts have consistently recognized their authority to enforce settlement agreements where one party refuses to comply prior to dismissal. *See Le Bon Pain, Inc. v. Guyon and Co., Inc.*, 720 F. Supp. 983, 984–85 (S.D. Fla. 1989) (*citing Kent v. Baker, III*, 815 F.2d 1365, 1398 (11th Cir. 1987)); *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). As Judge Moreno of the Southern District of Florida explained, "the power to implement a settlement agreement

---

[1] Notably, Defendant has failed to timely remit every installment payment to date. *See* Exhibit B.

between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." *South Beach Suncare, Inc. v. Sea & Ski Corp.*, Case No. 98–1114–CIV–MORENO, 1999 WL 350458, at *6 (S.D. Fla. May 17, 1999).

Florida courts apply an objective standard in determining whether a contract, including a settlement, is enforceable. Under this test, courts examine whether the parties manifested mutual assent through external expressions, rather than focusing on subjective intent. See *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) ("not on the parties having meant the same thing but on their having said the same"). Federal courts applying Florida law have similarly emphasized that the court's function is to interpret the parties' intent based on the agreement's language, its purpose, and the context in which it was executed. See *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Whether a contract exists turns on traditional concepts of offer, acceptance, and mutual assent. See *Robbie*, 469 So. 2d at 1385.

Here, there is no genuine dispute that the Parties reached a valid and enforceable agreement. The essential terms, including a $60,000 payment obligation divided into five monthly installments, are clearly stated and were memorialized in a duly executed Agreement. The Parties' mutual assent to the material terms is beyond reasonable question.

In light of the authorities cited above and the undisputed facts, this Court should exercise its broad authority to enforce the settlement agreement. Plaintiff respectfully requests that the Court enter judgment on the Agreement, jointly and severally, against Defendant FS Investments of America Inc., d/b/a Powerhouse Automotive, and its personal guarantor- Franklyn Strusberg, jointly and severally. Plaintiff further requests that this action be dismissed as to FS Investments of America Inc., d/b/a Powerhouse Automotive, with the express reservation of jurisdiction to enforce the judgment and award Plaintiff his reasonable attorney's fees and costs incurred in

bringing this Motion.

## CONCLUSION

For all of the foregoing reasons, the Parties' Agreement should be enforced against Defendant, FS INVESTMENTS OF AMERICA INC., d/b/a POWERHOUSE AUTOMOTIVE, and its personal guarantor, Franklyn Strusberg, with judgment in the amount of $24,000.00, with post-judgment interest accruing at the lawful rate.

## CERTIFICATION OF CONFERRAL

Pursuant to Local Rule 3.01(g), counsel for Plaintiff certifies that he has conferred with all parties or non-parties who may be affected by the relief sought herein in a good faith effort to resolve the issues raised in the motion on June 2, June 9, and June 10, and has been unable to do so.

Dated: June 11, 2025

Respectfully submitted,

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on June 11, 2025, via the Clerck of Court's CM/ECF system. I further certify that the foregoing has been sent via electronic transmission to all counsel on the service list below.

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685

## SERVICE LIST

All parties of record.